UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>v.<br>APPROXIMATELY 225,364,961 USDT,<br><br>        Defendant *in rem*, | Case No. 25-cv-1907<br><br>**MOTION TO SEAL AND PROCEED UNDER PSEUDONYMS** |

Pursuant to Local Civil Rules 5.1(c) and (h), Paragraph 5.D of this Court's Standing Order, and this Court's inherent powers, Claimants[1] respectfully move this court for an order permitting them to proceed under pseudonyms in this action, and to permit Claimants to file under seal their sworn claim verifications which disclose their full identities.

Claimants' counsel requested the position of Plaintiff United States of America on this motion by e-mail on September 12th and 17th. As of the time of this filing, the United States has not taken a position on the motion and the relief requested, but reserves the right to do so after reviewing this motion as filed.

**I.     Background**

On June 18, 2025, the United States filed a civil forfeiture complaint against more than $225 million in seized cryptocurrency alleged to be the proceeds of widespread cryptocurrency confidence scams. *See* Dkt. No. 1. This seizure froze the proceeds of an epidemic of fraud that is targeting American citizens from abroad, in order to reunite fraud victims with the funds stolen from them. As the United States Attorney for this District announced at the time this action was

---

[1] As used herein, "Claimants" refers to the Claimants identified pseudonymously in Schedule A to the concurrently-filed claims opposing forfeiture.

filed: "the U.S. Attorney's Office for the District of Columbia is taking a leading role in the fight against crypto-confidence scams, partnering with law enforcement throughout the country to seize and forfeit stolen funds and rip them from the hands of foreign criminals, *all with the eye toward making victims whole*." (emphasis added).[2]

As stated in their concurrently-filed claims, Claimants are more than 100 victims of the scams that form the basis for forfeiture in the Complaint, who had their wrongfully-taken funds seized and recovered by the government, and now seek leave of the court to proceed under pseudonyms to protect their identities as victims of crime as they seek the return of the funds stolen from them.

**II.      Legal Standard**

"[P]arties to a lawsuit must typically openly identify themselves in their pleadings to 'protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (*quoting Doe v. Frank*, 951 F.2d 320, 322 (11th Cir.1992)). Accordingly, a party moving to proceed pseudonymously "bears the weighty burden of both demonstrating a concrete need for such secrecy and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d 324, 326 (D.C. Cir. 2020).

In determining whether a party may proceed pseudonymously, this Circuit has directed trial courts to weigh five factors: (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk

---

[2] Press Release, "United States Files Civil Forfeiture Complaint Against $225M in Funds Involved in Cryptocurrency Investment Fraud Money Laundering," U.S. Dep't of Justice (June 18, 2025), *available at* https://www.justice.gov/opa/pr/united-states-files-civil-forfeiture-complaint-against-225m-funds-involved-cryptocurrency (last visited Sept. 17, 2025).

of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and, relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. *See In re Sealed Case*, 931 F.3d 92, 97 (D.C. Cir. 2019). A court should not "engage in a wooden exercise of ticking [these factors]," but instead "consider[] the factors relevant to the case before it." *Id*. In doing so, "the court must 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure' by applying a 'flexible and fact driven' balancing test." *Doe v. Burns*, No. 23-cv-2937 (JEB), 2023 BL 552724, at *2 (D.D.C. Oct. 5, 2023) (*quoting In re Sealed Case*, 931 F.3d at 96).[3]

### III.   Argument

Here, Claimants seek only two discrete limits on public disclosure: First, as victims of the underlying crimes, Claimants seek to proceed in the same anonymized manner as used in the Verified Complaint in this matter – *i.e.*, under their initials instead of their full names. Second, Claimants seek the Court's permission to file the required verifications for their claims under seal, as these verifications necessarily will reveal their full names.[4]

---

[3] In other instances courts have looked to the six factors set forth in *United States v. Hubbard*, specifically: (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the document prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purpose for which the documents were introduced. 650 F.2d 293, 317-21 (D.C. Cir. 1980). Under either the five or six factor tests, however, courts "weigh the same two general concerns… the strength of the generalized property and privacy interests involved and 'the possibility of prejudice' to those opposing disclosure, and (2) whether the justification for nondisclosure is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature." *A.B. v. DOJ*, No. 19-cv-598, 2019 BL 577493, at *2 (D.D.C. Mar. 7, 2019)(cleaned up).

[4] Pursuant to Paragraph 5.D of the Court's standing order (Dkt. No. 4), Claimants believe that these verifications should be sealed in their entirety and not filed in redacted form, as the only material information in these verifications will be Claimants' identities, which would be

For the following reasons, each of the *Sealed Case* factors supports Claimants' motion.

## A. Claimants Are Victims of Crime Seeking Anonymity to Protect Sensitive and Highly Personal Matters, Not to Avoid Annoyance or Criticism

As stated in their claims, each of Claimants is a victim of the scam operations which provide the basis for the seizure and potential forfeiture of the Defendant assets here. Congress and the courts have routinely recognized that protecting the identities of victims of crime serves the powerful public interest of encouraging victims to report crimes so that criminals can be punished. For example, the Crime Victim Rights Act, 18 U.S.C. § 3771(a)(8), recognizes victims' right to "be treated with fairness and with respect for the victim's dignity and privacy." And courts in this district have recognized that one aspect of the CVRA includes protecting the identities of victims unless and until disclosure becomes necessary – such as at trial or in the context of a criminal defendant's constitutional protections. For example, in *Varco v. Newsham*, Case No. 1:19-mc-00004, 2019 BL 592952, at *2 (D.D.C. Jan. 11, 2019), this court permitted the plaintiff to proceed pseudonymously in an action alleging that the government (specifically, the Metropolitan Police Department) was not adequately protecting crime victims' personal information under the CVRA, holding that "[a]t this early stage of the litigation, the Court is persuaded that the plaintiff has met his burden of showing that his privacy interests and the privacy interests of other victims outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation."

This protection for the victims of crime has been extended by this court to victims that are affirmatively seeking recovery of assets stolen from them. For example, in a recent decision in *United States v. Lichtenstein*, Case No. 23-cr-239 (CKK), the defendant pled guilty to the theft

---

redacted. However, Claimants would be able file to a redacted version of these verifications if so directed by the court.

of a large amount of cryptocurrency from a digital exchange and agreed to forfeit the seized cryptocurrency as part of his sentence. When numerous victims of the theft filed petitions for the return of their stolen funds in the subsequent ancillary proceeding, the court permitted victims to file under pseudonyms, recognizing that their identities and personal identifiers "involve particularly sensitive or confidential information that outweigh the presumption of public interest in that information." *United States v. Lichtenstein*, Case No. 23-cr-239 (CKK), Dkt. No. 278, at 6 (March 10, 2025) (internal citation omitted).

Finally, the government itself recognized this principle when it identified the victims in the Verified Complaint by pseudonyms rather than their full names. *See, e.g.,* Dkt. No. 1, Verified Complaint, at ¶¶ 85,88, 90-95 (identifying numerous exemplar victims by initials only).[5] Claimants are simply seeking the same treatment here as they attempt to recover their stolen funds.

### B. Identification of Claimants Poses a Risk of Retaliatory Physical or Mental Harm to Claimants and their Families

The second *Sealed Case* factor also supports granting the motion. This matter has received substantial media attention,[6] including highly-publicized announcements by the United

---

[5] Indeed, the Verified Complaint even anonymized the identities of victims who were themselves criminals. *See, e.g.,* Dkt. No. 1, ¶ 85 ("Among the list of victims … was S.H., formerly the CEO of Heartland Tri-State Bank in Elkhart, Kansas who embezzled bank funds to invest on a virtual currency platform that turned out to be part of a cryptocurrency confidence scam"). S.H. is not one of the Claimants here.

[6] *See, e.g.,* TRM Labs, "US DOJ Announces Largest Ever Seizure of Funds Related to Crypto Scams," (June 18, 2025), *available at* https://www.trmlabs.com/resources/blog/us-doj-announces-largest-ever-seizure-of-funds-related-to-crypto-scams (last visited Sept. 17, 2025); RT Watson, "Feds File to Seize $225 Million Worth of Crypto in Historic US Secret Service Bust," The Block (June 18, 2025), *available at* https://www.theblock.co/post/358774/feds-file-to-seize-225-million-worth-of-crypto-in-historic-us-secret-service-bust (last visited Sept. 17, 2025); Sean Lyngaas, "US Seizes Record $225 Million from Crypto Investment Scammers," CNN (June 18, 2025), *available at* https://www.cnn.com/2025/06/18/politics/us-seizes-record-225-million-from-crypto-investment-scammers (last visited Sept. 17, 2025); MacKenzie Sigalos, "DOJ Seizes Record $225 Million in Crypto Tied to Global 'Pig Butchering' Scams," CNBC

States.[7] At the same time, claimants in civil forfeiture proceedings are generally required to disclose their identities and the amount of property claimed pursuant to Fed.R.Civ.P. G(5)(a)(i). As such, it is virtually inevitable that – if Claimants are required to proceed openly under their own identities – they will be subjected to intense media scrutiny of their victimization and their losses. As such, exposing Claimants' identities is likely to expose them to elevated risk of identity theft or fraud, particularly if Claimants are successful in recovering some or all of their stolen funds. *See United States v. Lichtenstein*, Case No. 23-cr-239 (CKK), Dkt. No. 278, at 8-9 (March 10, 2025) (recognizing that pseudonymous filing would help resolve victim's potential theft and violence concerns); *In re Genesis Global Holdco, LLC*, 652 B.R. 618, 621-625 (Bankr. S.D.N.Y. 2023) (noting that "publication of names alone has been found to heighten the risk of identity theft and other harm"). Indeed, the government recognized the risk of re-victimization that these victims face in its Verified Complaint, stating that "[v]ictims of cryptocurrency confidence scams are often reluctant to respond to outreach for fear that they are being victimized once again. Indeed, in some scams, the perpetrators attempt to re-victimize existing victims by posing as government authorities and then seeking financial payments/fees purportedly (but fraudulently) represented as needed to secure the return of previously stolen funds." Dkt. No. 1, Verified Complaint, ¶ 71, n. 22. Claimants submit that the Court should take the government's concerns seriously by protecting these victims' identities in order to ensure

---

(June 18, 2025), *available at* https://www.cnbc.com/2025/06/18/doj-crypto-scams.html (last visited Sept. 17, 2025).

[7] Press Release, "Largest Ever Seizure of Funds Related to Crypto Confidence Scams," U.S. Atty's Office for District of Columbia (June 18, 2025), *available at* https://www.justice.gov/usao-dc/pr/largest-ever-seizure-funds-related-crypto-confidence-scams (last visited Sept. 17, 2025); *see also* Press Release, "United States Files Civil Forfeiture Complaint Against $225M in Funds Involved in Cryptocurrency Investment Fraud Money Laundering," U.S. Dep't of Justice (June 18, 2025), *available at* https://www.justice.gov/opa/pr/united-states-files-civil-forfeiture-complaint-against-225m-funds-involved-cryptocurrency (last visited Sept. 17, 2025).

they are not re-victimized by scammers posing as law enforcement during this process. Considering the substantial media attention to this case, there are substantial risks for these victims of the underlying offenses in proceeding under their own names, and thus, this factor supports granting the motion.

### C.  The Ages of Certain Claimants Supports the Motion

The third *Sealed Case* factor is neutral or favors granting the motion; while this factor generally considers whether the parties are minors, numerous of the Claimants are seniors, and this is a demographic regularly targeted and victimized by scammers. As the government has recognized in public guidance, senior Americans are often targeted by criminal networks because this demographic is less likely to report being scammed based on fears of losing control over their financial affairs, fearing that revealing they were victimized will lead family members or others to take control over their finances. *See* FBI.gov, "Elder Fraud," *available at* https://www.fbi.gov/how-we-can-help-you/scams-and-safety/common-frauds-and-scams/elder-fraud (last visited Sept. 17, 2025) ("Seniors are often targeted because they tend to be trusting and polite. They also usually have financial savings, own a home, and have good credit—all of which make them attractive to scammers. Additionally, seniors may be less inclined to report fraud because they don't know how, or they may be too ashamed at having been scammed. They might also be concerned that their relatives will lose confidence in their abilities to manage their own financial affairs."). Permitting Claimants to proceed under pseudonyms protects this particularly-vulnerable age group and serves the interests of justice by encouraging reporting by this group of victims.

### D.  The Claims Here Are Effectively Against the Government, Not A Private Party

The plaintiff in this case is the United States, and thus the fourth *Sealed Case* factor supports granting the motion. *See A.B. v. DOJ*, No. 19-cv-598, 2019 BL 577493, at *3 (D.D.C.

Mar. 7, 2019) ("[T]he sole defendant is the Department of Justice. Allowing the plaintiff to proceed under a pseudonym will have no impact on any private rights, as the only defendant is a government agency. The plaintiff's identity, moreover, is already known to the government.").

### E. There Is No Risk of Unfairness to the Government Here

The final *Sealed Case* factor supports granting the motion, as there is no prejudice to the United States here: the government will know the full identities of each Claimant based on the verifications filed under seal, which include each Claimant's full name. In addition, many of the victim Claimants filed reports with the Federal Bureau of Investigation's Internet Crime Complaints Center, and these reports are accordingly available to the government here. Where sealed or otherwise limited information is nonetheless freely available to the opposing party, this factor supports limiting disclosure. *See Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Noem*, No. 25-306 (RDM), 2025 BL 59395, at *4 (D.D.C. Feb. 20, 2025) (where government was already aware of litigants' identities, then "[a]llowing [plaintiffs] to proceed under pseudonym will not compromise Defendants' ability to defend this action and, therefore, poses no risk of unfairness to the opposing party."); *see also Al Otro Lado, Inc. v. Nielsen*, 2017 WL 6541446, at *6 (S.D. Cal. Dec. 20, 2017) ("Because the Defendants know the Individual Plaintiffs' names, they have the information they need to defend against their claims").

//

//

**IV.    Conclusion**

    For the above reasons, Claimants respectfully request that the Court permit Claimants to proceed pseudonymously in this action, and permit Claimants to file the verifications of their Claims under seal within seven days of any order by this Court authorizing such sealed filing.

Dated: October 3, 2025                        Respectfully submitted,

                                        By:   */s/ Michael Burshteyn*

**THE CRYPTO LAWYERS PLLC**
Rafael Yakobi (CA Bar No. 312421)
(Admitted *pro hac vice*)
11035 Lavender Hill Dr, Ste. 160-220
Las Vegas, NV 89135
Telephone: 619.317.0722
rafael@thecryptolawyers.com

**THE CRYPTO LAWYERS PLLC**
Agustin M. Barbara (FL Bar No. 1002677)
(Admitted *pro hac vice*)
848 Brickell Avenue, Penthouse 5
Miami, Florida 33131
Telephone: 619.317.0722
agustin@thecryptolawyers.com

**GREENBERG TRAURIG, LLP**
Michael Burshteyn (CA Bar No. 295320)
(Admitted *pro hac vice*)
Marcelo Barros (CA Bar No. 339069)
(Admitted *pro hac vice*)
101 Second Street, Suite 2200
San Francisco, California 94105
Telephone: 415.655.1300
Facsimile: 415.707.2010
Michael.Burshteyn@gtlaw.com
Marcelo.Barros@gtlaw.com

**GREENBERG TRAURIG, LLP**
Nathan J. Muyskens (DC Bar No. 45821)
(Admitted *pro hac vice*)
Michael A. Pusateri (DC Bar No. 1005463)
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone: 202.533.2354
pusaterim@gtlaw.com
Nathan.Muyskens@gtlaw.com

**BOIES SCHILLER FLEXNER LLP**
Dan G. Boyle (CA Bar No. 332518)
(Admitted *pro hac vice*)
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: 213.629.9040
dboyle@bsfllp.com

*Attorneys for Claimants Identified in Schedule A*

# UNITED STATES DISTRICT COURT

# DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>　v.<br><br>APPROXIMATELY 225,364,961 USDT,<br><br>　　　　Defendant *in rem*, | Case No. 25-cv-1907<br><br>**[PROPOSED] ORDER ON MOTION TO SEAL AND PROCEED UNDER PSEUDONYMS** |

Upon consideration of Claimants' motion for an order permitting them to proceed under pseudonyms in this action and seal their sworn claim verifications, filed in this action on September 18, 2025, the Courts find good cause and grants Claimants' motion pursuant to Local Civil Rules 5.1(c) and (h), as well as this Court's inherent powers, and orders as follows:

1. Claimants may proceed in this action under their initials instead of full names until further order of this Court; and

2. Claimants shall lodge their verifications for their claims under seal within seven days of the date of this Order, which shall remain under seal until further order of this court.

IT IS SO ORDERED.

Dated: _____

　　　　　　　　　　　　　　　　　　　　　THE HONORABLE AMIR H. ALI
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

//
//
//
//
//
//
//
//
//
//
//
//