# UNITED STATES DISTRICT COURT

# DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>v.<br><br>APPROXIMATELY 225,364,961 USDT,<br><br>　　　　Defendant *in rem*, | Case No. 25-cv-1907-AHA<br><br>**SCHEDULE A CLAIMANTS' RESPONSE TO CLAIMANT INFINIWEB TECHNOLOGY INC'S MOTION TO DISMISS** |

　　Claimants identified in Schedule A (ECF No. 14) (the "Victim Claimants") hereby respond to the Motion to Dismiss the Verified Complaint in this action filed by Claimant Infiniweb Technology Inc. (ECF No. 28-1).

　　This Response is based on the accompanying Memorandum of Points and Authorities and the files and records in this case.

　　As stated in Claimant Infiniweb's Motion to Dismiss, Victim Claimants generally take no position on the motion, however upon careful review of the motion as filed, Victim Claimants join one argument and partially-oppose another, as detailed herein.

Dated: November 21, 2025　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By:　　*/s/* Dan G. Boyle　　　　

　　　　　　　　　　　　　　　　　　　　**THE CRYPTO LAWYERS PLLC**
　　　　　　　　　　　　　　　　　　　　Rafael Yakobi (CA Bar No. 312421)
　　　　　　　　　　　　　　　　　　　　(Admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　11035 Lavender Hill Dr, Ste. 160-220
　　　　　　　　　　　　　　　　　　　　Las Vegas, NV 89135
　　　　　　　　　　　　　　　　　　　　Telephone: 619.317.0722
　　　　　　　　　　　　　　　　　　　　rafael@thecryptolawyers.com

**THE CRYPTO LAWYERS PLLC**
Agustin M. Barbara (FL Bar No. 1002677)
(Admitted *pro hac vice*)
848 Brickell Avenue, Penthouse 5
Miami, Florida 33131
Telephone: 619.317.0722
agustin@thecryptolawyers.com

**GREENBERG TRAURIG, LLP**
Michael Burshteyn (CA Bar No. 295320)
(Admitted *pro hac vice*)
Marcelo Barros (CA Bar No. 339069)
(Admitted *pro hac vice*)
101 Second Street, Suite 2200
San Francisco, California 94105
Telephone: 415.655.1300
Facsimile: 415.707.2010
Michael.Burshteyn@gtlaw.com
Marcelo.Barros@gtlaw.com

**GREENBERG TRAURIG, LLP**
Nathan J. Muyskens (DC Bar No. 45821)
(Admitted *pro hac vice*)
Michael A. Pusateri (DC Bar No. 1005463)
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone: 202.533.2354
pusaterim@gtlaw.com
Nathan.Muyskens@gtlaw.com

**BOIES SCHILLER FLEXNER LLP**
Dan G. Boyle (CA Bar No. 332518)
(Admitted *pro hac vice*)
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: 213.629.9040
dboyle@bsfllp.com

*Attorneys for Claimants Identified in Schedule A*

## **MEMORANDUM OF POINTS AND AUTHORITIES**

*Procedural Background*

On June 18, 2025, the United States of America filed its Verified Complaint for Forfeiture of the Defendant Assets in this action. *See* ECF No. 1. On October 3, 2025, Victim Claimants filed their verified claims, and moved this court for leave to proceed in this action pseudonymously. *See* ECF Nos. 14, 15.[1] On October 17, 2025, Claimant Infiniweb Technology Inc. ("Infiniweb") filed a verified claim in this action. *See* ECF No. 23.

Following a series of meet-and-confer sessions, on November 7, 2025, Infiniweb moved this Court to dismiss the Verified Complaint in this action, as well as to suppress certain evidence and strike certain portions of the Verified Complaint. *See* ECF No. 28 (the "Motion to Dismiss"). On the same day, Victim Claimants moved this Court pursuant to 28 U.S.C. §§ 1404, 1406 to transfer this action to the United States District Court for the Northern District of California on the grounds that California is the locus of this case, based on the government's underlying investigation in California, critical witnesses and sources of proof there, and the location of a plurality of known victims, among other reasons, and that the United States had not adequately alleged facts supporting venue in this District. *See* ECF No. 29 (the "Motion to Transfer"). Infiniweb joined the Motion to Transfer, while counsel for the United States indicated they would likely oppose.

*Argument*

As stated in Infiniweb's Motion to Dismiss, Victim Claimants generally take no position on the motion, however, Victim Claimants file this Response to highlight two considerations for

---

[1] The Motion to Proceed under Pseudonym remains pending due to the recently-ended government shutdown.

3

the Court with respect to (1) the merits of prioritizing resolution of the transfer motion before other issues; and (2) the nature of *in rem* jurisdiction even if the property is not in this District but in another.

First, as detailed in the Motion to Transfer (*see* ECF No. 29-1, at 21-22), Victim Claimants respectfully submit that the pending Motion to Transfer and associated arguments regarding venue can and should be addressed separately and prior to any decision on the Motion to Dismiss, and join Infiniweb on this point. *See* ECF No. 28 at 1, n.1. Judicial efficiency would be best served by doing so: if this matter is transferred, there may be distinctions in applicable law that must be addressed by the parties, and transferring this case after ruling on the Motion to Dismiss might be grounds for reconsideration, which would unnecessarily expend judicial and party resources.[2] Further, as noted in both the Motion to Dismiss and the Motion to Transfer, there are serious questions about whether venue is proper in this District based on the supposed location of the Defendant Assets (*see e.g.* ECF Nos. 28-1, at 26-28; 29-1, at 17-21) – an issue which may be mooted by transfer. Accordingly, granting the Motion to Transfer while reserving decision on the Motion to Dismiss pending transfer of this case is the most efficient option if the Court finds that transfer is warranted.

Second, should the Court otherwise grant the Motion to Dismiss, Victim Claimants submit that dismissal of the Verified Complaint would not deprive this Court of *in rem* jurisdiction allowing the Court to resolve the competing claims to the Defendant Assets. *See generally United States v. All Funds in Acct. Nos. 747.034/278, 747.009/278, & 747.714/278 in Banco Espanol de Credito, Spain*, 295 F.3d 23, 25 (D.C. Cir. 2002) ("In exercising *in rem*

---

[2] *See, e.g.*, *In re Apple Inc.*, 52 F.4th 1360, 1361 (Fed. Cir. 2022) ("decision of a transfer motion must proceed expeditiously as the first order of business").

jurisdiction, the court has authority over the property (the *res*) and may adjudicate claims of ownership."). While the D.C. Circuit does not appear to have squarely addressed this, in *United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA,* the Ninth Circuit addressed a highly similar fact pattern – whether *in rem* jurisdiction allows a court to adjudicate competing claims after dismissal of a civil forfeiture complaint – and held that it does. 545 F.3d 1134, 1144 (9th Cir. 2008) ("Even assuming the district court properly dismissed the government's complaint as to the May 2004 properties, we conclude that it nonetheless retained jurisdiction to adjudicate the competing claims to the property."). The Ninth Circuit's decision in *475 Martin Lane* has been cited with approval by this Court on other grounds, *see, e.g, United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, No. CV 04-0798 (PLF), 2023 WL 5000213, at *13 (D.D.C. Aug. 4, 2023), and Victim Claimants have found no binding precedent to the contrary, which conforms with courts' general guidance regarding *in rem* jurisdiction. *See generally Republic Nat'l Bank of Miami v. United States*, 506 U.S. 80, 87, 113 S. Ct. 554, 559, 121 L. Ed. 2d 474 (1992) ("The fictions of *in rem* forfeiture were developed primarily to expand the reach of the courts and to furnish remedies for aggrieved parties.").

To the extent that Infiniweb has challenged whether *in rem* jurisdiction was properly perfected here, any challenge is based on the lack of clarity as to whether the Defendant Assets are actually located in this District – or are actually held in the Northern District of California and merely under the control of the Unites States Marshals Service in this District. *See* ECF No. 28-1, at 26-28.  No party, however, appears to question that the Defendant Assets are in the custody of the United States <u>somewhere</u>, rather, the issue is whether this Court was the appropriate one to issue the arrest warrant. And pursuant to Supplemental Rule G(3), the question relevant to whether there is *in rem* jurisdiction is whether the government had possession of the Defendant Assets

5

generally. *See* Supp. Rule G(3)(b)(1)(clerk of court may issue arrest warrant where property is in "the government's possession, custody, or control."); *see also Cap. Yacht Club v. VESSEL AVIVA*, 409 F. Supp. 2d 1, 5 (D.D.C. 2006), *amended*, No. CIV.A. 04-0357 RMU, 2006 WL 2792679 (D.D.C. Sept. 27, 2006) ("*In rem* jurisdiction requires that <u>either the plaintiff or the court</u> have actual or constructive control over the physical object at issue" (citing *The Brig Ann, 13 U.S.* (9 Cranch) 289, 291, 3 L.Ed. 734 (1815)))(emphasis added). Victim Claimants submit that any infirmity in the issuance of the arrest warrant here can be cured by transfer to the appropriate court, as the appropriate remedy for defects in an arrest warrant *in rem* is dismissal without prejudice, *see United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004), and as argued in the Motion to Transfer, 28 U.S.C. § 1406 specifically empowers this court to transfer an action in lieu of dismissal on venue grounds. *See* ECF No. 29, at 17-21.

Dated: November 21, 2025                    Respectfully submitted,

                                            By:   */s/* Dan G. Boyle

                                            **THE CRYPTO LAWYERS PLLC**
                                            Rafael Yakobi (CA Bar No. 312421)
                                            (Admitted *pro hac vice*)
                                            11035 Lavender Hill Dr, Ste. 160-220
                                            Las Vegas, NV 89135
                                            Telephone: 619.317.0722
                                            rafael@thecryptolawyers.com

                                            **THE CRYPTO LAWYERS PLLC**
                                            Agustin M. Barbara (FL Bar No. 1002677)
                                            (Admitted *pro hac vice*)
                                            848 Brickell Avenue, Penthouse 5
                                            Miami, Florida 33131
                                            Telephone: 619.317.0722
                                            agustin@thecryptolawyers.com

**GREENBERG TRAURIG, LLP**
Michael Burshteyn (CA Bar No. 295320)
(Admitted *pro hac vice*)
Marcelo Barros (CA Bar No. 339069)
(Admitted *pro hac vice*)
101 Second Street, Suite 2200
San Francisco, California 94105
Telephone: 415.655.1300
Facsimile: 415.707.2010
Michael.Burshteyn@gtlaw.com
Marcelo.Barros@gtlaw.com

**GREENBERG TRAURIG, LLP**
Nathan J. Muyskens (DC Bar No. 45821)
(Admitted *pro hac vice*)
Michael A. Pusateri (DC Bar No. 1005463)
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone: 202.533.2354
pusaterim@gtlaw.com
Nathan.Muyskens@gtlaw.com

**BOIES SCHILLER FLEXNER LLP**
Dan G. Boyle (CA Bar No. 332518)
(Admitted *pro hac vice*)
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: 213.629.9040
dboyle@bsfllp.com

*Attorneys for Claimants Identified in Schedule A*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 21, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF No. system, which will send notification of such filing to all counsel of record.

*/s/ Dan G. Boyle*
