## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action No. 25-cv-01907-AHA |
| APPROXIMATELY 225,364,961 USDT, | |
| Defendant *in rem*. | |

## CLAIMANT INFINIWEB TECHNOLOGY, INC.'S
## MOTION FOR A PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Claimant Infiniweb Technology Inc. ("Infiniweb") hereby moves for a protective order limiting the disclosure of certain confidential information produced during discovery to use in this action. Pursuant to Local Rule 7, this Motion is accompanied by a memorandum of points and authorities and a proposed order. Infiniweb's counsel has conferred with the Government and counsel for Claimants 1–118 regarding stipulation to the entry of a protective order as many of Infiniweb's relevant documents in this matter contain, and much of the information sought by the Government's special interrogatories constitutes, confidential personal and/or commercial information, and Infiniweb and its board members, owners, directors, executive officers, employees, and associated third parties risk potential economic harm if a protective order is not in place. Counsel for Claimants 1–118 provided several suggested edits to Infiniweb's proposed protective order, each of which has been incorporated. The Government has declined to stipulate to the entry of Infiniweb's proposed protective order.

WHEREFORE, Infiniweb requests that this Court grant their Motion and enter the attached proposed Protective Order.

Date:  January 5, 2026

Respectfully submitted,

_Andrew C. Adams_

**STEPTOE LLP**
Andrew C. Adams (*pro hac vice*)
Drew C. Harris (*pro hac vice*)
1114 Avenue of the Americas
New York, NY 10036
(212) 957-3081
acadams@steptoe.com
dcharris@steptoe.com

**STEPTOE LLP**
Steven H. Levin (DC Bar No. 985290)
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8169
slevin@steptoe.com

*Attorneys for Claimant Infiniweb Technology Inc.*

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

                Plaintiff,

        v.                                Civil Action No. 25-cv-01907-AHA

APPROXIMATELY 225,364,961 USDT,

                Defendant *in rem*.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CLAIMANT INFINIWEB TECHNOLOGY, INC.'S MOTION FOR A PROTECTIVE ORDER</u>

The Government commenced this forfeiture action approximately two years ago with the warrantless, illegal seizure of cryptocurrency assets located outside of the United States. The Government now seeks broad discovery into confidential and sensitive information regarding property interests and commercial operations of Claimant Infiniweb Technology, Inc. ("Infiniweb"), as well as personal information regarding Infiniweb's board members, owners, directors, executive officers, employees, and associated third parties. To the extent the Government is entitled to discovery of such confidential and sensitive information, Infiniweb brings this Motion to ensure that such information is sufficiently protected under Rule 26 of the Federal Rules of Civil Procedure. Moreover, Infiniweb recognizes that the Government will be required to disclose confidential or sensitive information in the course of carrying its burden to demonstrate forfeitability of the seized funds, including personally identifiable information and financial data related to its underlying investigation. In order to provide protections for all parties, Infiniweb seeks an order which (1) permits the parties to designate sensitive information produced in discovery as "Confidential"; (2) restricts the use of "Confidential" material to this action; and (3) requires the parties to file "Confidential" information with this Court under seal.

There is good cause for a protective order in this matter, and such an order will not prejudice the parties. Accordingly, Infiniweb requests that the Court enter its proposed Protective Order.

## I.    FACTUAL BACKGROUND

On December 5, 2025, the Government propounded sixteen special interrogatories upon Infiniweb (the "Interrogatories"), which are attached as **Exhibit A**. The Interrogatories seek wide-ranging discovery into confidential and sensitive information regarding Infiniweb's property interests and commercial operations, including but not limited to, all ownership and transaction details in connection with the Defendant Property (225,364,961 USDT). The Interrogatories also seek personal information regarding Infiniweb's board members, owners, directors, executive officers, employees, and associated third parties, including but not limited to, names, addresses, telephone numbers, dates of birth, social security or foreign equivalent numbers, and visa or green card numbers. While the propriety of certain of these demands is suspect, there is no doubt that the Government has sought sensitive personal information.

On December 17, 2025, Infiniweb's counsel contacted all other parties then in this action that had previously appeared and proposed a draft confidentiality agreement and proposed order that would preserve all parties' interests in protecting any confidential and/or sensitive information that may be disclosed in connection with this matter. Counsel for Claimants 1–118 thereafter provided several suggested edits, each of which has been incorporated in the proposed order. On December 19, 2025, the Government rejected Infiniweb's proposal but provided no specific objection to any provision or to the concept of a protective order, in general.[1]

---

[1] On December 19, additional claimants ("Claimants 1–147") filed a claim.  *See* ECF No. 34. Infiniweb reserves the right to move for dismissal of Claimants 1–147's claim, which was filed only after the prior deadline for initial motions.

On December 22, 2025, Infiniweb again contacted the Government regarding its proposed protective order. That same day, Infiniweb filed a motion for an extension of time for the parties to agree to a protective order before Infiniweb responds to the Interrogatories, which this Court granted on December 23, 2025. On December 30, 2025 and January 5, 2026, Infiniweb again contacted the Government regarding the proposed protective order. On January 5, 2026, the Government affirmed that it would oppose the proposed protective order; as previously, it offered no substantive objections.

## II.    ARGUMENT

### A.    This Court Has Broad Discretion under Rule 26 to Enter an Appropriate Protective Order

Rule 26(c) of the Federal Rules of Civil Procedure provides that, upon motion by a party from whom discovery is sought, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *Seattle Times Co. v. Rinehart*, 467 U.S. 20 (1984) (affirming entry of protective order). More specifically, courts may "requir[e] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way," *see* Fed. R. Civ. P. 26(c)(G), and/or require that certain information be sealed. *See e.g.*, Fed. R. Civ. P. 26(c)(F), (H). If a threshold showing of good cause is made, the Court has broad discretion to fashion an appropriate order. *U.S. ex rel. Purcell v. MWI Corp.*, 209 F.R.D. 21, 28 (D.D.C. 2002) (granting motion for protective order prohibiting disclosure of confidential financial information and trade secrets).

By this Motion, Infiniweb seeks the entry of the accompanying proposed Protective Order which (1) permits all parties to designate sensitive information produced in discovery as

"Confidential"; (2) restricts the use of "Confidential" material to this action; and (3) requires the parties to file "Confidential" information with this Court under seal.

**B.    "Good Cause" Exists for This Court to Enter the Attached Protective Order**

Infiniweb can clearly demonstrate good cause as required by Rule 26. A protective order is appropriate for three reasons: (1) to protect highly sensitive personal information, such as addresses, dates of birth, and social security numbers; (2) to protect individuals and non-parties from annoyance and harassment; and (3) to protect sensitive and confidential commercial information regarding Infiniweb's property interests and commercial operations. First, the unnecessary disclosure of individuals' sensitive personal information, such as addresses, social security numbers, and telephone numbers, in the public record would make these individuals vulnerable to significant data privacy risks, including but not limited to, identify theft. Second, individuals and non-parties to this action are particularly vulnerable to annoyance and harassment stemming from the disclosure of sensitive and confidential information in this action, in addition to the privacy risks discussed above. And third, Infiniweb is likely to suffer competitive harm if sensitive and confidential information regarding its commercial operations, ownership interests, and transaction details in connection with 225,364,961 USDT are disclosed in the public record.

**D.    The Parties Will Not Be Prejudiced by the Protective Order**

The proposed Protective Order will not prejudice the Government or any other parties in this action. All the materials Infiniweb has discussed in this Motion and Memorandum that may be produced may be used in this case. *U.S. ex rel. Purcell*, 209 F.R.D. at 28 (granting motion for protective order where protective order did not hinder ability of relator and government, which had intervened under False Claims Act, to pursue case, since government, its attorney, and

relator's attorney all had access to information). Further, any party may file materials subject to the proposed Protective Order or bring a motion to modify the Order, to the extent it needs to ultimately use Confidential materials in this action.

**E.    The Parties Should Be Required to File Confidential Information under Seal**

The proposed Protective Order provides that any "Confidential" information that is ultimately submitted to the Court must be filed under seal. Sealing is appropriate in this case to maintain the confidentiality of information subject to the Order. For example, in the event Infiniweb needs to file financial or operational information or the names, social security numbers, addresses, or other personal information of Infiniweb's employees with the Court, sealing will be necessary to prevent that personal and confidential commercial information from being disclosed in the public record. The same principle applies to any confidential or sensitive information any other party may need to disclose in this action. Accordingly, the Court should permit the filing of Confidential materials under seal.

## III.    CONCLUSION

Infiniweb has demonstrated "good cause" under Rule 26(c) for the entry of the proposed Protective Order, and the Order will not prejudice the parties. For these reasons, Infiniweb respectfully requests that the Court grant the instant Motion and enter the proposed Protective Order.

Date:  January 5, 2026

Respectfully submitted,

*Andrew C. Adams*
_____

**STEPTOE LLP**
Andrew C. Adams (*pro hac vice*)
Drew C. Harris (*pro hac vice*)
1114 Avenue of the Americas
New York, NY 10036
(212) 957-3081
acadams@steptoe.com
dcharris@steptoe.com

**STEPTOE LLP**
Steven H. Levin (DC Bar No. 985290)
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8169
slevin@steptoe.com

*Attorneys for Claimant Infiniweb Technology Inc.*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action No. 25-cv-01907-AHA |
| APPROXIMATELY 225,364,961 USDT, | |
| Defendant *in rem*. | |

## [PROPOSED] PROTECTIVE ORDER

The following provisions of this Confidentiality Order (the "**Order**") shall govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit and any other materials and information disclosed or provided in the above-referenced action (the "**Action**").

1.      All Information produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action, and shall not be used for any other purpose.

2.      When used in this Order, the term:

(a)      "**Confidential Information**" shall mean all documents and testimony, and all information contained therein, containing:

(i)      trade secrets or other confidential research, development, financial, proprietary, or commercial information that may be subject to a protective order under FRCP 26(c)(1)(G); or

(ii)      confidential, non-public personal information.

(b)    "**Disclosing Party**" shall refer to any party to this Action and any non-party disclosing or producing Confidential Information in connection with this Action.

(c)    "**Discovery Material**" shall refer to all items or information produced or generated in disclosures or responses to discovery in this Action, regardless of the medium or manner in which it was stored, generated, or maintained.

(d)    "**Document**" shall have the same meaning as provided in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, all original, written, recorded, electronic, or graphic materials, and all copies, duplicates or abstracts thereof including, but not limited to, notes on documents including information contained therein or derived therefrom.

(e)    "**Information**" shall include individual documents and records (including associated metadata) whether on paper, film, or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed documents, digital presentations, spreadsheets, and database content.

(f)    "**Receiving Party**" shall refer to any party to this Action and any non-party that receives Confidential Information.

3.    A Disclosing Party's designation of Discovery Material as Confidential Information constitutes a representation that such Discovery Material has been reviewed by counsel and that there is a good faith basis for such designation.

4.    Unless otherwise ordered by the court or permitted in writing by the Disclosing Party, a Receiving Party may disclose Confidential Information only to:

(a)    counsel of record in this Action, as well as counsel's employees to whom it is reasonably necessary to disclose the information in connection with this Action;

(b)    the named parties, including in-house counsel, officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    experts, consultants, or investigators including their staff who have signed the Acknowledgment attached hereto as Exhibit A;

(d)    outside photocopying, microfilming, or database service providers, trial support firms, graphic production services, litigation support services, translators, and any other service providers engaged by the parties during this Action to whom disclosure is reasonably necessary for this Action;

(e)    the court, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel (including, but not limited to, special masters), and jurors;

(f)    court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action;

(g)    during their depositions and deposition preparation, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the Acknowledgment attached hereto as Exhibit A (although such individuals shall not be permitted to retain any copies);

(h)    any mediator or arbitrator engaged by the named parties in connection with this Action;

(i)    the author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the information; and

(j)    other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party.

5.    Designation of documents or other material as containing Confidential Information as set forth in Paragraph 4 of this Order may be made at or prior to the time of production of documents by stamping or otherwise affixing the legend "CONFIDENTIAL"/"CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on each page deemed Confidential in a manner that does not interfere with the legibility of the document. The Disclosing Party must limit designations of Confidential Information to only those parts of documents, testimony, or material that are clearly identified as containing Confidential Information. When Confidential Information is disclosed in a form not appropriate for such placing or affixing, such Confidential Information shall be designated as Confidential in writing at the time it is delivered to the Receiving Party.

A party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party that conducted the inspection has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL"/"CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." After the Receiving Party has identified the documents it wants copied and produced, the Disclosing Party must determine which documents, or portions thereof, qualify for protection under this Order and affix the appropriate legend before producing the documents.

- 4 -

6.      A Disclosing Party may designate as Confidential any portion of a transcript and/or recording from a deposition or a transcript and/or recording from other pretrial or trial proceedings deemed to contain such material. The Disclosing Party shall advise the court reporter and counsel of record at the beginning and end of the testimony containing Confidential Information ("**Confidential Testimony**") either orally at the deposition or in writing no later than 30 calendar days after receipt from the court reporter of the final deposition transcript and/or recording. During such thirty-day period, the parties shall treat the entire transcript and/or recording as Confidential. The reporter shall mark "CONFIDENTIAL"/"CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on the face of the transcript at the beginning and end of any portions of Confidential Testimony. Transcripts containing Confidential Testimony shall have an obvious legend on the title page that the transcript contains Confidential Information, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential. At the request of any party, the court reporter shall prepare a separate, original transcript that does not contain the Confidential Testimony. Copies of the transcript for counsel's use may contain both the Confidential Testimony and other testimony in a single volume. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

The failure to timely designate deposition testimony as Confidential Testimony waives any such designation unless otherwise ordered by the Court or agreed in writing by all parties.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL"/"CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."

7. Each expert, advisor, consultant, fact witness, or potential fact witness who receives Confidential Information shall be shown a copy of this Order and be advised of its contents. Each such individual shall execute the written acknowledgement attached hereto as Exhibit A.

8. Any person or entity in possession of Confidential Information shall maintain those materials in a reasonably secure manner, and shall not reveal or discuss such information to or with any person not entitled to receive it, so that the Confidential Information is not further disclosed or used in any manner inconsistent with this Order. The protections conferred by this Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might disclose protected material to persons not authorized to receive such material.

9. Nothing in this Order shall be construed as limiting a Disclosing Party's use of its own Confidential Information. If the Disclosing Party disseminates its own Confidential Information outside of the confines of this Order, such information shall no longer be subject to this Order. In addition, nothing in this Order shall prevent or in any way limit disclosure, use or dissemination of any Confidential Information that:

(a) is or became public knowledge, not in breach of this Order;

(b) was acquired by a party from a non-party having the right to disclose such information; or

(c)     was learned by a party as a result of that party's independent efforts, investigation, or inquiry.

If a dispute arises as to disclosure limitations for any specific Confidential Information, the burden shall be on the party seeking unlimited disclosure to prove that such Confidential Information was lawfully obtained through the above means or sources.

10.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must, within 10 days, (a) notify in writing the Disclosing Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the Acknowledgment that is attached hereto as Exhibit A.

11.    If a Receiving Party is served with a subpoena or a court order issued in another litigation or an investigation that compels disclosure of any Confidential Information, that Receiving Party must: (a) promptly notify in writing the Disclosing Party and provide it with a copy of the subpoena or court order; (b) promptly notify in writing the individual or entity who caused the subpoena or order to issue in the other litigation or investigation and provide it with a copy of this Order; and (c) cooperate with respect to all reasonable procedures pursued by the Disclosing Party whose Confidential Information may be affected.

The Disclosing Party must notify the Receiving Party within 30 calendar days of receiving the notice and accompanying information if it intends to seek a protective order from the court to avoid disclosure of the Confidential Information.

(a)    If the Disclosing Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any Confidential Information before a determination by the court from which the subpoena or order issued, unless the Disclosing Party consents to such production in writing. The Disclosing Party shall bear the burden and expense of seeking protection of its Confidential Information in the court that issued the subpoena or court order.

(b)    If the Disclosing Party fails to object or seek a protective order from the court within 15 calendar days of receiving the notice and accompanying information, the Receiving Party may produce the Confidential Information responsive to the subpoena or court order.

(c)    Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

12.    Inadvertent failure to designate materials as Confidential at the time of production may be remedied by supplemental written notice by the Disclosing Party. The Disclosing Party must notify the Receiving Party within seven calendar days after discovering that it inadvertently failed to designate the information as confidential. If such notice is given, all documents, materials, or testimony so designated shall be subject to this Order as if they had been initially designated as Confidential to the extent that such documents, materials, or testimony fall within the definition of Confidential Information. Therefore, the Receiving Party should notify any non-party to whom disclosure was made about the confidentiality designation.

The foregoing provision shall not apply to any documents that have already otherwise become publicly available.

13.    When a Disclosing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Fed. R. Civ. P. 26(b)(5)(B).

14.    No party shall be obligated to challenge the propriety of a designation of Confidential Information when initially received, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, a party objects to a designation of Confidential Information under this Order, the objecting party shall notify the Disclosing Party in writing. Within 30 calendar days of receipt of such notification, counsel for the disclosing party and the objecting party shall meet and confer in a good faith effort to resolve any disagreement regarding the Disclosing Party's designation of the Confidential Information. If, for whatever reason, the parties do not resolve their disagreement within that time period, the parties shall submit their dispute to the Court for resolution in accordance with the procedures set forth below. The documents subject to that application will be treated as Confidential until the Court rules. Nothing in this Order shall be construed as preventing any party from objecting to the designation of any documents as Confidential or preventing any party from seeking further protection for any material it produces in discovery.

Disputes regarding the propriety of a designation of particular Confidential Information shall be submitted to the Court for resolution as follows:

(a)    Within seven calendar days after the meet and confer, or by such other deadline as may be agreed in writing by the Disclosing Party, the party objecting to the claim of confidentiality shall provide counsel for the Disclosing Party with a draft of a joint letter to the Court which sets forth the objecting party's position regarding the dispute.

(b)    Within seven calendar days after receipt of that draft letter, or by such other deadlines as may be agreed to in writing by the objecting party, the Disclosing Party shall provide counsel for the objecting party with an insert for that letter in electronic format which sets forth the Disclosing Party's position.

(c)    If the Disclosing Party fails to provide the insert within the time period prescribed in this paragraph, the designation of Confidential Information shall be deemed lifted.

(d)    The letter will then be provided to the Court so that it may rule on the challenge to the confidentiality designation.

Nothing herein shall be deemed to change the burdens of proof established by applicable law.

15.    Without written permission from the Disclosing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this Action any Confidential Information. However, this Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file Confidential Information in connection with a motion, brief, or other submission to the court must comply with the sealing requirements in the Local Rules of the U.S. District Court for the District of Columbia, as appropriate.

If only portions of a document contain confidential information, the party filing the document shall submit to the court a redacted copy of the same, in accordance with the Court's rules.

16.    Within 60 calendar days after the final disposition of this Action, including any appeals, each Receiving Party must either return all Confidential Information to the Disclosing

Party or destroy such material, including all copies, abstracts, compilations, summaries, and any other form in which the Confidential Information may have been reproduced or captured.

Whether the Confidential Information is returned or destroyed, the Receiving Party must submit a written certification to the Disclosing Party by the 60-day deadline that (a) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential Information.

Notwithstanding this provision, counsel for the Receiving Party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order.

17.    Any non-party producing Confidential Information in this Action may be included in this Order by endorsing a copy of it and delivering the endorsed copy to the party that made the request for information. The Requesting Party, in turn, shall file the endorsed copy with the Court and serve it on counsel for the other parties. The parties to this Action may designate information produced by other parties or non-parties as Confidential as consistent with the terms and provisions of this Order.

In the event that additional persons or entities become parties to this Action, such parties shall not have access to Confidential Information produced by or obtained from any

Disclosing Party until the newly joined parties or their counsel confirm in writing to all other parties that they have read this Order and agree to be bound by its terms.

18.     In the event that a Disclosing Party produces two or more identical copies of a document of which at least one copy is designated as Confidential and at least one copy is not so designated, once such a discrepancy is discovered, all copies of the document shall be treated with the greatest amount of protection so designated. If a Receiving Party identifies such a discrepancy, it shall promptly notify the Disclosing Party. Once the Disclosing Party identifies or becomes aware of the discrepancy, it shall promptly notify all other parties to the Action.

19.     This Order shall not prejudice in any way the rights of any party to introduce as evidence at trial any document, testimony, or other evidence subject to this Order that is otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. In the event that Confidential Information is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Disclosing Party applies for and obtains an order from the court specifically maintaining the confidential status of particular material. Before any court proceeding in which Confidential Information is to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Confidential Information.

20.     Nothing in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent.

21.     The parties agree that a designation of information as Confidential is not intended to be and shall not be construed as an admission that the Confidential Information is relevant to a party's claims or defenses, nor subject to an applicable privilege or protection.

22.     Nothing in this Order shall be deemed an admission that any particular Confidential  Information is entitled to protection under this Order, Fed. R. Civ. P. 26(c), or any other law.

23.     The treatment accorded under this Order shall survive the termination of this Action.

24.     This Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other parties to modify this Order, subject to the Court's approval.

**IT IS SO ORDERED.**

Date:

_____
Amir H. Ali
United States District Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action No. 25-cv-01907-AHA |
| APPROXIMATELY 225,364,961 USDT, | |
| Defendant *in rem*. | |

**ACKNOWLEDGEMENT**

I, _____, declare that:

1.  I have received a copy of the Stipulation, Confidentiality Agreement and Order ("**Confidentiality Agreement**") in this Action.

2.  I have carefully read and understand the provisions of this Confidentiality Agreement and I agree to abide by its terms.

3.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Confidentiality Agreement, and will not copy or use for purposes other than for this Action any information designated "Confidential" that I receive in this Action, except to the extent that such information designated "Confidential" is or becomes public domain information or otherwise is not deemed "Confidential" in accordance with the Confidentiality Agreement.

4.  I agree that at the conclusion of the litigation, I will return all confidential information to the party or attorney from whom I received it.

5.  I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with, or violation of the Confidentiality Agreement.

6.  I understand that disclosure of information designated "Confidential" in violation of the Confidentiality Agreement may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.


_____                _____
              Date                                                           Signature

- 14 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of January 2026, true and correct copies of Claimant's Motion for a Protective Order, Memorandum of Points and Authorities in Support of Claimant's Motion for a Protective Order, and Proposed Order were served by electronic or standard mail, upon the following:

**U.S. DEPARTMENT OF JUSTICE**
Rick E. Blaylock, Jr.
United States Attorney's Office for the District of Columbia
601 D Street, NW
Washington, DC 20004
Phone: 202-252-6765
Email: rick.blaylock.jr@usdoj.gov

*Attorney for the United States of America*

**THE CRYPTO LAWYERS PLLC**
Rafael Yakobi (CA Bar No. 312421)
(Admitted *pro hac vice*)
11035 Lavender Hill Dr, Ste. 160-220
Las Vegas, NV 89135
Telephone: 619.317.0722
rafael@thecryptolawyers.com

**THE CRYPTO LAWYERS PLLC**
Agustin M. Barbara (FL Bar No. 1002677)
(Admitted *pro hac vice*)
848 Brickell Avenue, Penthouse 5
Miami, Florida 33131
Telephone: 619.317.0722
agustin@thecryptolawyers.com

**GREENBERG TRAURIG, LLP**
Michael Burshteyn (CA Bar No. 295320)
(Admitted *pro hac vice*)
Marcelo Barros (CA Bar No. 339069)
(Admitted *pro hac vice*)
101 Second Street, Suite 2200
San Francisco, California 94105
Telephone: 415.655.1300
Facsimile: 415.707.2010
Michael.Burshteyn@gtlaw.com
Marcelo.Barros@gtlaw.com

**GREENBERG TRAURIG, LLP**
Nathan J. Muyskens (DC Bar No. 45821)
(Admitted *pro hac vice*)
Michael A. Pusateri (DC Bar No. 1005463)
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone: 202.533.2354
pusaterim@gtlaw.com
Nathan.Muyskens@gtlaw.com

**BOIES SCHILLER FLEXNER LLP**
Dan G. Boyle (CA Bar No. 332518)
(Admitted *pro hac vice*)
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: 213.629.9040
dboyle@bsfllp.com

*Attorneys for Claimants 1–118*

**NIGH GOLDENBERG RASO & VAUGHN, PLLC**
Marlene Jaye Goldenberg
14 Ridge Square NW
Third Floor
Washington, DC 20016
612-424-9900
Fax: 202-792-7927
mgoldenberg@nighgoldenberg.com

*Attorney for Claimants 1–147*

*Andrew C. Adams*
Andrew C. Adams