UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>Approximately $225,364,961 USDT.<br><br><br><br>        Defendant <u>In</u> <u>Rem</u>. | Civ. No. 25-1907 (AHA) |

---

**BRIEF IN SUPPORT OF THE PLAINTIFF'S CROSS-MOTION TO DISMISS POTENTIAL CLAIMANT INFINIWEB'S MOTION TO DISMISS**

---

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By: Jafer Aftab
N.J. Bar No. 050341997
Assistant United States Attorney
United States Attorney's Office
District of Columbia
601 D Street, NW
Washington, DC 20530
(202) 252-6714
Jafer.Aftab@usdoj.gov

**Table of Contents**

INTRODUCTION ............................................................................................................................. 1

PROCEDURAL HISTORY AND FACTS ...................................................................................... 1

    I. SUPPLEMENTAL RULE G CONTROLS AND DIRECTS THAT A POTENTIAL CLAIMANT'S MOTION TO DISMISS BE STRUCK OR DISMISSED WITHOUT PREJUDICE OR DEFERRED UNTIL STATUTORY STANDING DISCOVERY AND MOTION PRACTICE IS COMPLETE.................................................................................... 1

        A.   History of Asset Forfeiture Procedure ........................................................................ 2

        B.   Enacting Supplemental Rule G to Supersede the General Admiralty and Maritime Rules as to Civil Asset Forfeiture Actions ................................................................... 3

        C.   Civil Forfeiture Actions involving Crime are Categorically Unlike Ordinary Personal Civil Actions and Require Robust Standing Discovery ............................................... 5

        D.   Supplemental Rule G Protects the United States from Responding to a Potential Claimant's Motion to Dismiss Until Standing Discovery is Complete and Procedurally Bars the Court from Consideration Thereof Until Standing Discovery and Motion Practice is Complete ........................................................................................................................ 6

CONCLUSION.................................................................................................................................. 9

## Table of Authorities

**Cases**

Michigan v. Bennis, 516 U.S. 442, 116 S. Ct. 994, 134 L.Ed.2d 68 (1996) ................................... 4

Serrano v. Customs and Border Patrol, 975 F.3d 488 (5th Cir. 2020) ........................................... 3

Tourus Records v. Drug Enforcement Admin., 185 F.3d 183 (D.C. Cir. 2001) ............................. 4

United States v. $1,106,775.00, 131 F.3d 710 (9th Cir. 2025) ....................................................... 7

United States v. $154,853.00 in U.S. Currency, 744 F.3d 559 (8th Cir. 2014) .............................. 7

United States v. $39,000 in U.S. Currency, 951 F.3d 740 (6th Cir. 2020) ..................................... 7

United States v. $417,143.78, more or less, in U.S. Currency, 682 F. App'x 17 (2d Cir. 2017) .... 6

United States v. $487,825.00 in U.S. Currency, 484 F.3d 662 (3d Cir. 2007) ............................... 7

United States v. Approximately 127,271 bitcoin, 2025 WL 3652955 (E.D.N.Y. Dec. 11, 2025) ... 5

**Statutes**

18 U.S.C. § 983 ............................................................................................................................. 1

18 U.S.C. § 983(a)(2)(E) ............................................................................................................... 4

18 U.S.C. § 983(a)(3)(D) ............................................................................................................... 7

18 U.S.C. § 983(a)(4) .................................................................................................................... 6

18 U.S.C. § 983(d) ......................................................................................................................... 5

18 U.S.C. § 983(d)(1) .................................................................................................................... 5

28 U.S.C. § 1345 ............................................................................................................................ 8

28 U.S.C. § 1355(a) ....................................................................................................................... 8

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................................... 8

Fed. R. Civ. P. 26(a)(1)(B)(ii) ..................................................................................................... 5

Fed. R. Civ. P. 37 ........................................................................................................................ 4

Fed. R. Civ. P. Supp. R. A .......................................................................................................... 2

Fed. R. Civ. P. Supp. R. A(2) ..................................................................................................... 4

Fed. R. Civ. P. Supp. R. C .................................................................................................. 2, 3, 4

Fed. R. Civ. P. Supp. R. C(6) ..................................................................................................... 4

Fed. R. Civ. P. Supp. R. E ....................................................................................................... 2, 3

Fed. R. Civ. P. Supp. R. G ............................................................................................... 1, 2, 4, 8

Fed. R. Civ. P. Supp. R. G(5) .................................................................................................. 5, 7

Fed. R. Civ. P. Supp. R. G(6) ............................................................................................... 5, 6, 7

Fed. R. Civ. P. Supp. R. G(6)(c) .............................................................................................. 2, 6

Fed. R. Civ. P. Supp. R. G(8) ................................................................................................ 1, 5, 7

Fed. R. Civ. P. Supp. R. G(8)(a) ............................................................................................. 6, 7

Fed. R. Civ. P. Supp. R. G(8)(b) ................................................................................................ 2

Fed. R. Civ. P. Supp. R. G(8)(b)(ii) ............................................................................................ 7

Fed. R. Civ. P. Supp. R. G(8)(c) ................................................................................................. 2

Fed. R. Civ. P. Supp. R. G(8)(c)(i) ............................................................................................. 7

Fed. R. Civ. P. Supp. R. G(8)(c)(i)(A) ....................................................................................... 7

Fed. R. Civ. P. Supp. R. G(8)(c)(i)(B) ....................................................................................... 7

Fed. R. Civ. P. Supp. R. G(8)(c)(ii)(A) ...................................................................................... 7

Fed. R. Civ. P. Supp. R. G(8)(c)(ii)(B) ...................................................................................... 5

L. Civ. R. 16.3(b)(2) .................................................................................................................. 5

L. Civ. R. 16.5(c)(11) ................................................................................................................ 5

**Other Authorities**

Fed. R. Civ. P. Supp. R. G, 2006 Committee Note to Supp. R. G(6) & G(8) ................................. 8

Fed. R. Civ. P. Supp. R. G, 2006 Committee Note to Supp. R. G(8)(c)(i) ..................................... 4

INTRODUCTION

The United States of America, by and through Judge Jeanine Ferris Pirro, United States Attorney for the District of Columbia, and Jafer Aftab, Assistant United States Attorney, files this opposition and cross-motion to dismiss without prejudice potential claimant Infiniweb's motion to dismiss, pursuant to Rule G(8) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, because potential claimant has not yet established statutory standing, pursuant to 18 U.S.C. § 983 and Supplemental Rule G.

PROCEDURAL HISTORY AND FACTS

On June 18, 2026, the United States filed a Verified Complaint. See Verif. Compl., ECF No. 1. On October 17, 2026, potential claimant Infiniweb filed a Verified Claim. Verif. Claim of Infiniweb Tech. Inc., ECF No. 23. On November 7, 2025, potential claimant Infiniweb moved to dismiss the Verified Complaint. See ECF No. 28.

The United States served special interrogatories on potential claimant Infiniweb. See Decl. of Rick Blaylock, ¶ 1. On or about January 16, 2026, the United States received potential claimant Infiniweb's substantive response to the special interrogatories. Id.

I.  SUPPLEMENTAL RULE G CONTROLS AND DIRECTS THAT A POTENTIAL CLAIMANT'S MOTION TO DISMISS BE STRUCK OR DISMISSED WITHOUT PREJUDICE OR DEFERRED UNTIL STATUTORY STANDING DISCOVERY AND MOTION PRACTICE IS COMPLETE

The issue for the Court is how to determine the appropriate procedure as it relates to potential claimant Infiniweb's motion to dismiss, who recognizes it is properly the subject of standing discovery. Potential claimant Infiniweb has substantively responded to the United States's standing discovery. There is a controlling procedural rule for civil forfeiture actions,

Federal Rule of Civil Procedure, Supplemental Rule G for Forfeiture Actions <u>In</u> <u>Rem</u> that provides the proper procedural direction for the instant situation.

In pertinent part, the Rules Committee that created Supplemental Rule G provided specific guidance that a potential claimant's motion to dismiss plays a procedural role to accelerate standing discovery; once accelerated, the potential claimant must completely satisfy standing discovery and standing motion practice before any further scheduling regarding a motion to dismiss. This guidance was incorporated into the Rule itself: the United States need not respond to a potential claimant's motion to dismiss the action under Rule G(8)(b) until standing discovery is complete. <u>See</u> Supp. R. G(6)(c); <u>and see</u> Supp. R. G(8)(b)-(c). The Potential claimant Infiniweb has partially answered some of the 18 special interrogatories. Accordingly, the United States cross-moves to dismiss the potential claimant's motion to dismiss without prejudice, because the motion fulfilled its procedural purpose of opening standing discovery; as such, the motion is procedurally now unripe for determination. Alternatively, the United States cross-moves to stay potential claimant's motion until further Order of this Court. Pursuant to the plain controlling, explicit procedural rule, this Court should strike, dismiss, or defer consideration of the motion. It is respectfully submitted that dismissing without prejudice is appropriate, because the proper pursuit of the standing discovery is expected to alter the factual and legal situation.

    A. History of Asset Forfeiture Procedure

Under prior law, civil forfeiture actions were governed by the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty and Maritime Claims, particularly Supplemental Rules A, C, and E. This was a natural development from the origins in the eighteenth and nineteenth centuries, because the first civil forfeiture actions were brought against maritime vessels usually in the context of customs violations. Statutory enactments in the latter part of the

twentieth century, significantly expanded criminal laws and asset forfeiture actions in response to the national security threats posed by transnational organized crime that threatened the United States's fundamental ability to govern.

Given the sophistication involved in transnational organized crime then and now, the criminal element naturally endeavors to make it as difficult as possible to detect, investigate, as well as frustrate legal process by making their enterprises as shadowy as possible. For example, transnational criminal organizations utilize: 1) persons with minimal knowledge, such as nominees, mules, dupes; 2) sham legal relationships that abuse the forms of corporations, trusts, or even marriages; and 3) unnecessarily complicated financial transactions with methodologies that include, but are not limited to, pass-throughs or funnels, exhibiting domestic or international money laundering conducted by persons with or without computer programs that challenge the integrity of the international financial system to maximum criminal effect by shielding the identities of all participants as well as distancing the proceeds or instrumentalities of crime from the site of the crime to frustrate legal process. In this milieu, and in the context of a civil forfeiture action, the contest for information and, concomitantly, standing is often central and of paramount importance.  After decades of practice under the Supplemental Rules for Admiralty or Maritime Claims, it became apparent to all branches of the United States government, that the then existing Supplemental Rules were inadequate to the task and that a specific civil forfeiture procedural rule was required.[1]

      B.  Enacting Supplemental Rule G to Supersede the General Admiralty and Maritime Rules as to Civil Asset Forfeiture Actions

Under the prior procedural rule, to establish standing in a civil forfeiture action under Admiralty or Maritime Supplemental Rules C and E, only a Verified Statement of Interest and

---

[1] Criminal forfeiture procedural rules also developed in parallel.

cost bond was required. See Serrano v. Customs and Border Patrol, 975 F.3d 488 (5th Cir. 2020) (reaffirming pre-Civil Asset Forfeiture Reform Act law upholding the constitutionality of the cost bond as a means of deterring frivolous claims in cases where it is still required). See Supp. R. C(6). In 2000, the Civil Asset Forfeiture Reform Act (CAFRA) eliminated the cost bond. See 18 U.S.C. § 983(a)(2)(E); Tourus Records v. Drug Enforcement Admin., 185 F.3d 183, 187-88 (D.C. Cir. 2001) (noting the statutory abolition of the cost bond for cases commenced on or after August 23, 2000).  Of course, the danger of untimely, unclear, and false claims remained.  In 2006, the enactment of a new, dedicated asset forfeiture procedural rule, Supplemental Rule G, noting the elimination of the cost bond, filled the void from the removal of the cost bond and replaced it with a multi-prong Verified Claim,  Answer with Affirmative Defenses, and standing discovery. Compare Fed. R. Civ. P., Supp. R. C, E with Supp. R. G; see also Supp. R. A(2)(establishing that Supplemental Rule G for civil forfeiture actions trumps the Federal Rules of Civil Procedure). The immediate financial barrier to entry and standing, akin to financial skin in the game, was replaced with an immediate barrier of verifiable truth and transparency. The rule commentary supplied by Congress explicitly warned that failure to comply with the immediate truth and transparency requirements warrant heightened sanctions enforcement, pursuant to Federal Rule of Civil Procedure 37. See Fed. R. Civ. P. Supp. R. G, 2006 Committee Note to Supp. R. G(8)(c)(i).  The ensuing twenty years of practice in this area continue to exhibit potential claimants' efforts to frustrate the inquiry into truth and transparency and ample caselaw followed.

      The United States Supreme Court held that there is no constitutional right to an innocent owner defense, because of "a long and unbroken line of cases" that firmly establish the longstanding common law position that people must look after their property, prevent criminal

use, and were subject to stricter liability. See Michigan v. Bennis, 516 U.S. 442, 446-50,116 S. Ct. 994, 134 L.Ed.2d 68 (1996).  Congress, in enacting CAFRA, statutorily created a narrow innocent owner defense. See 18 U.S.C. § 983(d). Thus, as a matter of prudential standing, the statutory zone of interests to be protected is for innocent owners, who have a manifest interest in promptly coming forward and being truthful and transparent and who bear the burden to immediately establish statutory standing. See 18 U.S.C. § 983(d)(1); Supp. R. G(8)(c)(ii)(B)(placing the burden to establish standing on the potential claimant in an evidentiary hearing).

      C.  Civil Forfeiture Actions involving Crime are Categorically Unlike Ordinary Personal Civil Actions and Require Robust Standing Discovery

Congress and the Judiciary made plain that a civil forfeiture action involving criminal allegations is categorically unlike an ordinary in personam civil action, where the standing of two parties is nearly automatic and the discovery process is more relaxed. A civil forfeiture action involving crime is an in rem intervener-type action to quiet title regarding allegations of crime-related property where the risk of false claims and shadowy identities and relationships to the property are manifest. The federal rule of civil procedure, thus, exempt civil forfeiture from ordinary civil practice and discovery procedures. See Fed. R. Civ. P. 26(a)(1)(B)(ii); L. Civ. R. 16.3(b)(2), 16.5(c)(11). Thus, Supplemental Rule G(5), G(6), and G(8) together were designed to avoid general, unclear claims and standing discovery responses and instead required fulsome revelations of the identity of the potential claimant and the potential claimant's meaningful, relevant relationship to the property that is highly dependent on the context of the situation. This is particularly acute in a matter involving allegations of a massive international fraud and money laundering scheme involving the use of complicated, high-volume, pseudononymous cryptocurrency financial transactions. See e.g., United States v. Approximately 127,271 bitcoin,

5

2025 WL 3652955 (E.D.N.Y. Dec. 11, 2025) (finding that the identity, specifying property, and identifying interests in property to be not just the concern of the United States and the potential claimant, but a concern for the Court).

> D. Supplemental Rule G Protects the United States from Responding to a Potential Claimant's Motion to Dismiss Until Standing Discovery is Complete and Procedurally Bars the Court from Consideration Thereof Until Standing Discovery and Motion Practice is Complete

At the initial stage of a civil forfeiture action that involves criminal allegations, the standing inquiry is substantial both in terms of procedure and substance. Accordingly, Supplemental Rule G, the civil forfeiture rule that principally governs civil forfeiture procedure, explicitly protects the United States in this instance from responding to a potential claimant's motion to dismiss until there is complete compliance with standing discovery. See Fed. R. Civ. P., Supp. R. G(6)(c). Here, potential claimant Infiniweb has not challenged subject matter jurisdiction, nor could it, and recognized that the United States has complied with the standing procedures of Rule G insofar as it has rightfully propounded standing discovery upon potential claimant Infiniweb, pursuant to Rule G(6). While potential claimant Infiniweb substantively challenges the scope of some of the United States's standing discovery, it recognizes procedural appropriateness. See Decl. of Rick Blaylock ¶ 1. Accordingly, the dictates of Rule G(6)(c) plainly provide that the United States need not respond to a motion to dismiss until standing discovery and related motion practice is completed. Id. Should that come to pass, the United States will be ready to respond to a motion to dismiss at that future time.

Furthermore, Rule G(8)(a) provides that the potential claimant must establish standing to move to dismiss. See Supp. R. G(8)(a); accord United States v. $417,143.78, more or less, in U.S. Currency, 682 F. App'x 17 (2d Cir. 2017) (affirming District Court's strict enforcement of the statutory standing provisions provided in 18 U.S.C. § 983(a)(4) and Supplemental Rule

G(5)). "Indeed, a critical purpose of Rule G is that 'it forces claimants to come forward as quickly as possible after the initiation of forfeiture proceedings, so that the court may hear all interested parties and resolve the dispute without delay.'" Id. (quoting United States v. $487,825.00 in U.S. Currency, 484 F.3d 662, 664 (3d Cir. 2007)). "That purpose would be thwarted if claimants came to view the strictures of Rule G as mere suggestions rather than as rules that will presumptively be enforced." Id. (cite omitted). A potential claimant, who lacks standing, may not challenge the sufficiency of the complaint. Id. at 17 n. 2.

Additionally, Rule G(8)(c)(i) provides that the United States may move to strike a claim for lack of standing, pursuant to Rule G(5), Rule G(6), or because the potential claimant otherwise lacks standing. See Supp. R. G(8)(c)(i)(A), G(8)(c)(i)(B). Rule G(8)(c)(ii)(A) also explicitly prohibits the Court from considering a potential claimant's motion to dismiss before consideration of the United States's motion to strike/dismiss for lack of standing. The United States reserves its rights.

Rule G(8)(a) similarly requires that the United States's motion to strike a claim be considered prior to a potential claimant's motion to suppress that involves a separate set of Fourth Amendment standing considerations. See Supp. R. G(8)(a); accord United States v. $1,106,775.00, 131 F.3d 710 (9th Cir. 2025); United States v. $39,000 in U.S. Currency, 951 F.3d 740 (6th Cir. 2020); United States v. $154,853.00 in U.S. Currency, 744 F.3d 559, 562-63 (8th Cir. 2014). Accordingly, insofar as potential claimant Infiniweb's motion to dismiss includes a motion to suppress, it is also unripe.[2]

---

[2] The motion to dismiss is premised on the sufficiency of the complaint and the motion to suppress and the motion to strike are attacks upon the substance of portions of the complaint. Accordingly, both the motion to suppress and the motion to strike are subsidiary to the motion to dismiss. Given that the motion to dismiss is unripe, so too are the subsidiary motions attacking portions of the complaint.

7

Finally, 18 U.S.C. § 983(a)(3)(D) bars dismissal of a complaint on the basis that the United States does not have adequate evidence at the time of the filing of the complaint, and, correspondingly, Rule G(8)(b)(ii) provides that the United States may gather evidence after the filing of the Complaint to establish its burden of proof. See Supp. R. G(8)(b)(ii). Rule G(6) and G(8) are clearly "integrated" and the Rules Committee clarified that a purpose of providing a potential claimant with a motion to dismiss is procedural to "accelerate" the time for standing discovery; once the United States commences standing discovery, the motion to dismiss must not be responded to or considered until standing discovery is complete, including a determination on a potential motion to strike for lack of standing. See Fed. R. Civ. P., Supp. R. G, 2006 Committee Note to Supp. R. G(6) & G(8). A comprehensive review of the design of Rule G evinces a clear procedural bar to consideration of a motion to dismiss as well as motion to suppress while the United States pursues standing discovery. Moreover, the United States believes the Rule G(6) standing discovery will alter the factual and legal situation.

Given the distinct procedural mechanisms created by Supplemental Rule G, it is rather clear that a motion to dismiss on the basis of in rem jurisdiction, sufficiency of the complaint, and subsidiary motion suppress and motion to strike are unripe for determination.[3] A motion to dismiss for lack of subject matter jurisdiction presents a different question, see Fed. R. Civ. P. 12(b)(1), but that is not present here. The United States is the plaintiff to a forfeiture action. See 28 U.S.C. § 1345; 28 U.S.C. § 1355(a). Irrefutably, there is subject matter jurisdiction in the United States District Court.

---

[3] Potential claimant's motion to dismiss also includes an attack on in rem jurisdiction. In rem jurisdiction and venue are two sides of the same coin for all intents and purposes here and the remedy is a transfer. Another potential claimant has also moved to transfer. For the sake of economy, the United States's response to the attacks on in rem jurisdiction and venue are included there. See Opp. to Mot. to Transfer, ECF No. 45.

CONCLUSION

At this time, given the United States's pursuit of standing discovery, consideration of potential claimant Infiniweb's instant motion to dismiss/suppress is procedurally barred as nonjusticiably unripe. Moreover, proper pursuit of standing discovery is likely to alter the factual and legal situation. Accordingly, it is respectfully submitted that the proper course for the Court is to dismiss potential claimant Infiniweb's motion to dismiss without prejudice.