**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>APPROXIMATELY 225,364,961 USDT,<br>Defendant *in rem*. | Civil Action No. 25-cv-01907-AHA |

**CLAIMANT INFINIWEB TECHNOLOGY INC.'S RESPONSE**
**TO MOVANT LISA KANG'S MOTION FOR**
**HEARING PURSUANT TO THE CRIME VICTIMS' RIGHTS ACT**

Almost a full year after the government filed its complaint in this civil asset forfeiture matter, and well after the expiration of statutory deadlines meant to provide certainty to timely claimants, Movant Lisa Kang has filed *no claim* asserting an interest in the defendant property. Instead of taking this fundamental and necessary step—without which she *per se* lacks standing—Kang filed a motion ("Mot.") ostensibly pursuant to the Crime Victims' Rights Act (the "CVRA"). The CVRA is a statute designed to ensure that victims obtain "*restitution* as provided in law," and yet Kang has deployed that statute not in an attempt to obtain restitution, but as a means of intervening without basis in a forfeiture proceeding that simply does not provide standing for those seeking restitution.

The CVRA provides Kang with no right to create a novel procedure for settling a civil asset forfeiture proceeding. If Kang wishes to participate in this matter, she must file a verified

claim establishing her standing as a claimant. Yet she has not done so. Accordingly, Claimant Infiniweb respectfully requests that the Court deny Kang's motion.[1]

## BACKGROUND

The government filed its civil asset forfeiture complaint on June 18, 2025, and published its final notice of publication on August 8, 2025. ECF No. 5. Over the next several months, various verified claims were filed: On October 3, 2025, Claimants 1-118 filed a verified claim in their capacity as purported victims. ECF No. 14. Upon agreement of the government, Infiniweb also filed a verified claim, claiming the Defendant Assets as "revenues belonging to Infiniweb, generated through the provision of Infiniweb's gaming and wagering services," on October 17, 2025. ECF No. 23. An additional group of claimants, Claimants 119-265, filed a verified claim on December 25, 2025. ECF No. 34. On March 17, 2026, Nivedita Kaul filed a verified claim. ECF No. 53.

Over the course of 2025 and 2026, a subset of the parties has engaged in discussions concerning a potential resolution of the matter. The parties have repeatedly, and successfully, sought orders staying case deadlines to facilitate these discussions. The parties' motions to adjourn and status updates, and the Court's orders, have all been filed on the public docket. *See* ECF Nos. 48, 51, 55, 57, 59. On May 18, 2026, as a result of her actual notice of this proceeding, Kang submitted a petition to the Department of Justice, purportedly substantiating her entitlement to a portion of the defendant property. *See* Mot. at 10.

On May 22, 2026—nearly a full year after the filing of the government's civil asset forfeiture complaint, and over three months after those parties engaged in good faith settlement

[1] Infiniweb notes that Kang also failed to file the requisite Local Civil Rule 7(m) statement indicating that she had attempted to resolve this matter through a good-faith discussion with opposing counsel. Infiniweb, at least, has received no outreach from Kang whatsoever.

negotiations filed their first consent motion for adjournment—counsel to Lisa Kang entered an appearance in this matter, to file what is styled as "Victim's Motion for Hearing Pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771." Kang did not confer with Infiniweb before filing this nondispositive motion. And while Kang's motion states that she "disagrees with the Government regarding victim standing" to assert a claim in a civil asset forfeiture action, Mot. at 4 n.4, Kang has not filed a claim in this matter.

**ARGUMENT**

Kang's motion centers on an argument that the CVRA grants the Court the authority to "'fashion a reasonable procedure' to oversee and facilitate the fair and orderly return of cryptocurrency and other assets to the victims in this matter." Mot. at 2 (quoting 18 U.S.C. § 3771). But that is not so. While Kang's motion uses broad, nonspecific terms to describe the relief she ultimately seeks, such as "fair and orderly return of cryptocurrency," "restitution and recovery," and "settlement and victim restitution," the CVRA grants crime victims only a specific "right to full and timely *restitution as provided in law*." 18 U.S.C. § 3771(a)(6) (emphasis added). This is a civil asset forfeiture matter; restitution is not a remedy provided by the law governing this proceeding, and Kang's invitation to the Court to invent a new restitution remedy is not provided for under the CVRA.

The CVRA does not create a new substantive right to restitution; rather, "the CVRA's right to restitution is purely procedural." *United States v. Sullivan*, 118 F.4th 170, 230 n.38 (2d Cir. 2024). By its express terms, the CVRA's grant of the "right to full and timely restitution as provided in law" is contingent on the existence of a separate provision "in law" of the right to restitution. *See In re W.R. Huff Asset Mgmt. Co.*, 409 F.3d 555, 563 (2d Cir. 2005); *Sullivan*, 118 F.4th at 230 n.38 ("The CVRA merely provides the 'procedural mechanism' to vindicate the MVRA's substantive rights." (citation omitted)); *In re Wellcare Health Plans, Inc.*, 754 F.3d

1234, 1236 (11th Cir. 2014) ("The CVRA does not provide an independent, substantive basis for restitution."). Absent such an independent statutory basis, federal courts lack inherent authority to order restitution. *United States v. Fair*, 699 F.3d 508, 512 (D.C. Cir. 2012). Forfeiture proceedings—entirely distinct from a convicted criminal defendant's restitution obligations under 18 U.S.C. §3663 or § 3663A, for example—provide no legal mechanism for imposing or distributing restitution. In short, "forfeiture is not . . . a type of restitution." *In re Stake Center Locating, Inc.*, 731 F.3d 949 (9th Cir. 2013) (victim has no right under the CVRA to compel the government to commence criminal forfeiture proceedings). Thus, there is no possibility that the CVRA right to restitution could attach in this civil forfeiture action, and no basis for holding a hearing in this matter to assist Kang in obtaining restitution. With respect to non-restitution forms of recompense, such as the administrative *post*-forfeiture remission process, the CVRA is wholly inapplicable.

Instead, Kang may participate in this proceeding only by filing a verified claim, in compliance with the governing rules and statutes. Because she has not filed a verified claim, she lacks standing as a matter of law.[2] The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), which govern "forfeiture actions in rem arising from a federal statute," Supp. R. A(1)(B), establish prerequisites to challenging a civil forfeiture action. First among these is the filing of a verified claim: as Supplemental Rule G(5)(a)(i) explains, "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." Consistent with this rule, courts in this District have repeatedly held that "a claimant who fails to file a verified

[2] Although Kang states that she "did not file a claim in this Court on reliance of the Government's published instructions contained in this manual," Mot. at 6 n.6, she elsewhere states that she "disagrees with the Government regarding victim standing." *Id.* at 4 n.4. Regardless of her position on whether a victim may file claim, she concedes that she did not do so here.

claim of interest in the property has no standing to contest a civil forfeiture." *United States v. All Assets Held at Bank Julius*, 480 F. Supp. 3d 1 (D.D.C. 2020); *see also United States v. Property Identified as $88,260.00 in U.S. Currency*, 925 F. Supp. 838, 841 & n.9 (D.D.C. 1996) (holding that "in order to have standing to challenge a forfeiture, a claimant must strictly comply with the pleading requirements" of the Supplemental Rules, which require "filing a verified claim . . . [to] demonstrate . . . sufficient interest in the seized item to satisfy [the] standing requirement" (citations omitted)). Beyond the filing of a verified claim, the Supplemental Rules provide no further mechanism for contesting a civil asset forfeiture.

As of the date of this filing, nearly a year after the government first filed its asset forfeiture complaint, Kang has filed no verified claim. Thus, as a matter of law, she lacks standing, and her motion should be denied.[3]

[3] In light of Kang's failure to file a claim, Infiniweb reserves the right to challenge the validity of any claim she may file in the future on any basis, including for lack of Article III and statutory standing.

## CONCLUSION

For the foregoing reasons, Claimant Infiniweb respectfully requests that the Court deny Movant Kang's Motion for Hearing Pursuant to the Crime Victims' Rights Act (ECF No. 61).

Respectfully submitted,

/s/ Andrew C. Adams
Andrew C. Adams (*pro hac vice*)
Drew C. Harris (*pro hac vice*)
Steptoe LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 957-3081
acadams@steptoe.com
dcharris@steptoe.com

Steven H. Levin (DC Bar No. 985290)
Steptoe LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8169
slevin@steptoe.com

*Attorneys for Claimant Infiniweb Technology Inc.*

Dated: June 1, 2026