**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>APPROXIMATELY 225,364,961 USDT,<br>Defendant *in rem*, | Case No. 1:25-cv-01907-AHA |
| CLAIMANTS 1-118,<br>Claimants. | **OPPOSITION TO MOTION FOR HEARING [ECF. No. 61]** |

## I. INTRODUCTION

The first question for the Court to resolve in this action is whether it should transfer to California. Ms. Kang's filing supports that transfer, given that she states she is "from" California. ECF No. 61 (the "Motion".) So far in this matter, Claimants 1-118 filed verified claims, answered the Complaint (ECF No. 1), and moved to transfer this civil forfeiture action to the Northern District of California before Ms. Kang filed her Motion for Hearing Pursuant to the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771. The transfer motion remains pending. So do Infiniweb's motion and the Government's motion to strike Claimants' claim and answer. By agreement, the Court stayed those deadlines while the parties pursued settlement discussions. The current stay covers all three motions through June 8, 2026. *See* Feb. 21, Mar. 16, Apr. 14, Apr. 30, and May 14, 2026 Minute Orders. The first and most important motion to address is transfer.

Ms. Kang asks the Court to change that sequence by convening a Crime Victims' Rights Act hearing before deciding where the case belongs. For purposes of this opposition, Claimants do not take a position on Ms. Kang's status as a victim. Claimants ask the Court to decide forum first, because a hearing now would pull the Court into victim status, tracing, remission, standing, allocation, and settlement process before the threshold forum motion is resolved.

That forum question is a critical pre-requisite to all others, given the circumstances of this case. This is a California-centered forfeiture case: the Government's own Complaint describes an investigation initiated by the Secret Service's San Francisco Field Office. The investigation was so complex that it necessitated at least a week-long tracing operation requiring investigators to fly to Northern California. Major exchange and custodian witnesses in the case—including those who may be required at the hearing Ms. Kang proposes—are connected to California. The population of claimants is concentrated in California and nearby states. Compl. ¶ 50, ECF No. 29-1 at 1-2, 7-

8. Those are the same victim- and witness-location issues Ms. Kang now asks this Court to address through a CVRA hearing before the Court decides where the case belongs.

Claimants respectfully request denial without prejudice or deferral until the transfer motion is resolved.

## II. BACKGROUND

The docket chronology matters because of the case's geography. The United States filed this civil forfeiture action on June 18, 2025, in this District, even though the Complaint and transfer papers place the investigation, tracing work, third-party exchange evidence, and key concentration of claimant victims in California and nearby states. ECF No. 1; ECF No. 29-1 at 1-2, 7-15. Claimants 1-118 filed verified claims and a motion to proceed under pseudonyms on October 3, 2025. ECF Nos. 14, 15.

On November 7, 2025, Infiniweb filed a motion to dismiss, strike, and suppress. ECF No. 28. That same day, Claimants 1-118 moved to transfer this case to the Northern District of California and answered the Complaint. ECF Nos. 29, 30. On February 20, 2026, the Government moved to strike Claimants' claim and made a late filing opposing the transfer. ECF Nos. 44, 45 (it was due December 8). Claimants noticed Government's failure to timely oppose transfer not once, but twice—ECF No. 40 (Jan. 22; then 45 days overdue), and ECF No. 42 (Feb. 5; then 59 days overdue)—before the Government finally opposed on February 20, 2026, 74 days after its December 8, 2025 deadline. ECF No. 45.

The case has since been stayed while the parties pursue settlement discussions. The Government filed the initial agreed motion to adjourn response deadlines after the parties reported active settlement negotiations. ECF No. 48; Feb. 21, 2026 (Minute Order Granting motion to adjourn response deadlines). The Court later extended the stay through April 13, April 24, May

8, and June 8. The latest stay covers Infiniweb's motion, Claimants' transfer motion, and the Government's motion to strike. *See* ECF No. 59; May 14, 2026 Minute Order.

As a result of that stay, briefing on the transfer motion is not complete. Claimants' deadline to file a reply in support of transfer has been suspended by the stay. ECF No. 48; Feb. 21, 2026 Minute Order. Claimants have not yet had an opportunity to file their transfer reply and have it heard by this Court.

On May 22, 2026, Ms. Kang filed the present Motion invoking the CVRA. Ms. Kang seeks a hearing, states that she submitted a remission petition, Mot. at 5-6, and opposes transfer by adopting the Government's position. Mot. at 4 n.4. She also states that she did not file a claim in this Court "on reliance of the Government's published" U.S. Department of Justice Asset Forfeiture Policy Manual 2025. Mot. at 6 n.6.

## III. ARGUMENT

### A. Transfer Should be Decided First

The Court's ruling on the transfer motion will determine which court supervises the next phase of this forfeiture proceeding. A CVRA hearing now would draw the Court into the merits questions—standing, tracing, remission, and the competing claims to the res.

The location of the action is critical to inform the merits, victim-process questions, tracing disputes, and allocation topics at issue in the case. Courts routinely decide venue before merits or jurisdictional issues when venue is the threshold, non-merits question, applying the principles laid out in the Supreme Court decision of *Sinochem*. *See*, *e.g., Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 79 (D.D.C. 2009) (citing to *Sinochem* and addressing venue transfer under § 1404(a) before subject-matter jurisdiction); *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431-32 (2007) ("a district court has discretion to respond at once to a defendant's *forum non*

*conveniens* plea, and need not take up first any other threshold objection"). Moreover, merits issues should not be resolved through threshold sequencing. *See Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 513-15 (D.C. Cir. 2018).

*Sinochem*'s "rationale has been extended to cases involving transfer of venue under § 1404(a)," *Aftab*, 597 F. Supp. 2d at 79, at least in part because the "doctrine of *forum non conveniens* has been codified at 28 U.S.C. § 1404(a)." *Kazenercom Too v. Turan Petroleum, Inc.*, 590 F. Supp. 2d 153, 156 n.5 (D.D.C. 2008). Here too the non-merits transfer motion should precede jurisdictional, standing, or CVRA issues. *Focus Enters. v. Zassi Med. Evolutions, Inc.*, Civil Action No. 06-2068 (GK), 2007 U.S. Dist. LEXIS 39167 (D.D.C. May 31, 2007) (transfer took precedence over personal jurisdictional issues); *Pub. Serv. Elec. & Gas Co. v. FERC*, 376 U.S. App. D.C. 134, 141 (2007) (transferring under § 1404(a) and explaining that the court "need not reach the question of standing because our decision rests on a different threshold, non-merits ground") (internal quotation marks omitted); *Cheney v. IPD Analytics, LLC*, 583 F. Supp. 2d 108, 117 (D.D.C. 2008) (transfer inquiry took precedence before the "many and complex personal jurisdiction issues raised by defendants").

The Supreme Court recognized that, in the federal system, *forum non conveniens* is implemented through transfer when another federal court is the more convenient forum, and courts in this District have applied *Sinochem*'s rationale to Section 1404(a) venue-transfer. *See, e.g.*, *Pac. Mar. Ass'n v. NLRB*, 905 F. Supp. 2d 55, 58-59 (D.D.C. 2012) (venue may be addressed before subject-matter jurisdiction); *Lab'y Corp. of Am. Holdings v. NLRB*, 942 F. Supp. 2d 1, 3 (D.D.C. 2013) ("other members of this Court often address whether a plaintiff's chosen venue is appropriate prior to reaching the merits of the underlying cause of action"); *Kazenercom Too v.*

*Turan Petroleum, Inc.*, 590 F. Supp. 2d at 159-64 (addressing venue under Sections 1406(a) and 1404(a) before reaching personal jurisdiction).

That sequencing is critical here, not merely discretionary in the abstract. Ms. Kang asks for a victim-process hearing in a case where the pending transfer motion turns on where the victims, witnesses, investigators, exchanges, records, and operative facts are centered. Deciding forum first prevents a merits-adjacent hearing in a court that may not supervise the next phase at all. The transferee court can decide what victim process, if any, remains appropriate.

**B. The CVRA's Venue Provision Is Not Satisfied in This District**

Independently, the CVRA provides limits on where Ms. Kang's motion may be heard, and those limits are not met here. The CVRA supplies its own venue provision which displaces the general venue statutes, permitting a § 3771 motion only in the district where a defendant is being prosecuted or, if no prosecution is underway, where the crime occurred. 18 U.S.C. § 3771(d)(3); *see Al-Sammarraie v. FBI*, No. 25-cv-3099 (DLF), 2026 U.S. Dist. LEXIS 92215, at *3–4 (D.D.C. Apr. 27, 2026) (dismissing under Rule 12(b)(3) because § 3771(d)(3) threshold venue requirements were not met, and leaving the merits question of victim status to an appropriate court); *see also In re Burgess*, 739 F. App'x 169, 172 (3d Cir. 2018) ("rights under the CVRA may only be asserted in district court hosting relevant criminal prosecution or, 'if no prosecution is underway, in the district court in the district in which the crime occurred'" (quoting § 3771 (d)(3))).

Neither prong points to this District. No criminal prosecution is pending. And the Government's own Complaint locates the operative conduct in California—the investigation initiated by the Secret Service's San Francisco Field Office, the week-long tracing operation in Northern California, and the Bay-Area exchanges and witnesses. Compl. ¶ 50; ECF No. 29-1 at

1–2, 7–15. Even Ms. Kang's own Motion points to California, the place she is "from[.]" Mot. at 1.

### C. The CVRA At Most Requires Reasonable Procedure, Not a Merits Hearing Before Venue Is Resolved

The CVRA supports, at most, reasonable procedures for victims of federal crimes. It protects victims' rights to fairness, dignity, participation, and proceedings free from unreasonable delay. But Congress also addressed cases with "[m]ultiple crime victims": where the number of victims makes individualized procedures impracticable. 18 U.S.C. § 3771 (d)(2). There, the court must fashion a "reasonable procedure" that gives effect to the statute without unduly complicating or prolonging the proceedings. *Id*. That language supports a procedure keyed to posture, not a merits-laden hearing before the forum is decided.

Reasonable procedure should start with the forum question here. The Motion seeks a hearing in a case where the transfer motion, the stayed dispositive motions, and any later victim process all turn on overlapping questions about where the victims, witnesses, records, exchanges, and operative events are centered. The CVRA does not require this Court to decide those forum-adjacent issues before deciding whether this is the proper forum.

The CVRA creates procedural rights; it does not expand substantive entitlement to restitution. *Fed. Ins. Co. v. United States*, 882 F.3d 348, 358-59, 363 (2d Cir. 2018) (characterizing the CVRA as a "largely procedural statute," and that "the CVRA's reference to restitution is a purely procedural one, intended to facilitate a victim's ability to participate directly in the criminal process; it does not expand any substantive rights to restitution provided by the [Mandatory Victims Restitution Act] or other statutes"). Ms. Kang's requested process would pull the Court into substantive disputes before forum is resolved.

The same procedural frame governs settlement process. *In re W.R. Huff Asset Mgmt. Co.*, 409 F.3d 555, 562-63 (2d Cir. 2005) ("Most of the rights provided to crime victims under the CVRA require an assessment of reasonableness" and the district court is "far better positioned" to decide what constitutes a "reasonable procedure") (abrogated on other grounds by Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22 which replaced the deferential mandamus standard; the amendment altered the standard of review on appeal but did not alter the institutional vantage point of the district court). *W.R. Huff* also held that "[n]othing in the CVRA requires the Government to seek approval from crime victims before negotiating or entering into a settlement agreement," but that victims must have "an opportunity to be heard concerning a proposed settlement agreement." *Id*. at 564. Those principles do not support bypassing the pending transfer motion.

The D.C. Circuit, echoing the First Circuit, cautioned that in forfeiture matters, "courts should not . . . conflate the constitutional standing inquiry with the merits determination that comes later." *United States v. Seventeen Thousand Nine Hundred Dollars ($17,900.00) in United States Currency*, 429 U.S. App. D.C. 333, 339 (2017) That is, standing is distinct from forfeitability, a merits question. *Id.* at 338 (standing "must be supported . . . with the manner and degree of evidence required at [each] successive stage[] of the litigation" and, at the pleading stage, a claimant need only allege a colorable interest) (brackets in original).[1] The D.C. Circuit applies the same principle for restitution. *United States v. Monzel*, 641 F.3d 528, 535-40 (D.C. Cir. 2011) (requiring restitution to be tied to losses proximately caused by the offense).

[1] Claimants have not yet had an opportunity to respond to the Government's standing motion against them and reserve all rights to do so in the appropriate forum.

### D. Any Future Settlement Must Account for Claimants' Filed Claims

As of yet, no settlement is before the Court for approval. The recent stays reflect that the parties have been pursuing settlement discussions. Claimants' position is that any settlement must not exclude or impair Claimants' filed victim claims. Claimants also believe a settlement should account for victims who have not filed claims but may have traceable losses, such as those who file petitions for remission like Ms. Kang (if their losses are traceable, a post-transfer question for another day). Indeed, Claimants have advocated for short stays due to their focus on either (a) promptly resolving the action with a path to recovery for all proper victims; or (b) moving the case forward in the appropriate forum.

Claimants do agree that a court-approved settlement cannot dispose of Claimants' filed claims without their consent. *Cf. Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 529 (1986) ("parties who choose to resolve litigation through settlement may not dispose of the claims of a third party . . . without that party's agreement."); *Texas v. New Mexico*, 602 U.S. 943, 954 (2024) (same principle; denying entry of a consent decree that would dispose of claims without consent).

By sequencing transfer first, the Court would protect the orderly adjudication of the res and by consequence Claimants' rights. *See United States v. Real Property Located at 475 Martin Lane*, 545 F.3d 1134, 1145-146 (9th Cir. 2008) (the court had "not only the jurisdiction but the duty to resolve the parties' competing claims to the res" and thus "district courts retain jurisdiction to adjudicate competing claims to seized property even after the underlying civil forfeiture action has been dismissed"). The same principle preserves Ms. Kang's ability to seek the proper process at a later stage in the proper forum.

### E. Remission, Tracing, and the Motion's Remaining Arguments Do Not Bear on the Order of Decision

Ms. Kang's remission petition does not change the procedural sequence before this Court. A Rule G claim and a remission petition are two different procedural tracks, with remission coming afterwards. *See also United States v. Approximately $ 133,803.53 in United States Currency Seized from Wash. Mut. Bank, N.A.*, 683 F. Supp. 2d 1090, 1094-95 (E.D. Cal. 2010) ("Congress granted the Attorney General sole discretion to address claims by victims through a remissions process that occurs *after the successful prosecution of the forfeiture* case" (citing 18 U.S.C. § 981(d)) (emphasis added). Ms. Kang states that she has pursued remission, however, she has not filed a Rule G claim in this action.

The Motion's remaining issues do not need to be resolved now. The Court need not adjudicate Ms. Kang's tracing contentions, arguments about other victims, or merits-side forfeiture and due-process authorities before deciding forum. Claimants reserve the right to dispute those issues where necessary, but the Motion does not warrant forcing merits-adjacent issues before forum.

## IV. CONCLUSION

Claimants do not seek delay. If a global resolution is imminent, Claimants do not oppose a further stay for that purpose. If the Court is inclined to take up victim-process issues now, then Claimants respectfully request that the Court lift the stay as to the transfer motion, allowing Claimants to file their reply in support of transfer so a hearing can be held and the proper forum decided before any CVRA or merits-laden questions are raised.

For these reasons, Claimants respectfully request that the Court deny the Motion without prejudice, or defer it until after the pending motion to transfer is resolved so that Ms. Kang can be heard in the proper jurisdiction.

Dated: June 1, 2026

Respectfully submitted,

By: */s/ Michael Burshteyn*

Michael Burshteyn *(pro hac vice)*
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, CA 94105
Phone: (415) 655-1300
Email: Michael.Burshteyn@gtlaw.com

Dan G. Boyle *(pro hac vice)*
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Phone: (213) 629-9040
Email: dboyle@bsfllp.com

Rafael Yakobi *(pro hac vice)*
THE CRYPTO LAWYERS PLLC
11035 Lavender Hill Drive, Suite 160-220
Las Vegas, NV 89135
Phone: (619) 317-0722
Email: rafael@thecryptolawyers.com

Agustin M. Barbara *(pro hac vice)*
THE CRYPTO LAWYERS PLLC
848 Brickell Avenue, Penthouse 5
Miami, FL 33131
Phone: (619) 317-0722
Email: agustin@thecryptolawyers.com

*Counsel for Claimants 1-118*