UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

APPROXIMATELY 225,364,961 USDT

Defendant *In Rem*.

Civ. No. 25-CV-1907

RESPONSE TO CLAIMANT LISA KANG'S MOTION TO COMPELL RESTITUTION HEARING PURSUANT TO THE CRIME VICTIMS' RIGHTS ACT
AND
MOTION TO STRIKE

## INTRODUCTION

1) The United States has been clear since the filing of the civil complaint that it intends to lawfully forfeit Defendant Property to recover assets that may be used to compensate victims,[1] which is consistent with the Department of Justice Asset Forfeiture mission.[2] Nothing in this motion should be construed that purported victims should not be compensated.

2) Claimant Lisa King filed a petition for remission with the Department of Justice and requested a hearing pursuant to the Crime Victims' Rights Act. While the United States understands Claimant Lisa King's desire to expedite the pace of recovery here, the Government

[1] *See* Complaint at 1-2, ¶ 2.
[2] U.S. Department of Justice, *Asset Forfeiture Program*, https://www.justice.gov/afp. (Last accessed Jun.1, 2026).

respectfully opposes their motion. The proper avenue for a purported victim to do so is through a petition for remission with the Attorney General. The remedy lodged by Claimant Lisa Kang is untimely, inapplicable in this case, and infringes on the authority of the Attorney General. And because Claimant Lisa Kang did not file a claim or answer, her motion should be stricken from the record.

## LEGAL ARGUMENT

### I. ONLY THE ATTORNEY GENERAL, OR THEIR DESIGNEE, HOLDS AUTHORITY TO GRANT FORFEITED PROPERTY TO VICTIMS.

3) A primary goal of the Department's Asset Forfeiture Program is to return forfeited funds to victims of crime.[3] The asset forfeiture statutes authorize victim compensation but do not mandate it as a matter of right. However, existing Attorney General guidance directs prosecutors to use asset forfeiture for the recovery of assets to compensate victims of crime, as permitted by law, whenever possible.[4]

4) Authority to distribute forfeited property to owners, lienholders, or victims rests solely with the Attorney General through processes of remission and mitigation.[5] Pursuant to 18 U.S.C. § 981(d), the Attorney General has "**sole responsibility**" for disposing of petitions for remission or mitigation with respect to property involved in a judicial forfeiture proceeding." (Emphasis added). "Although the Court may not order restitution to be paid out of forfeited assets, victims may petition the Department of Justice for remission of forfeited assets, and the Attorney

---

[3] U.S. Department of Justice, *Asset Forfeiture Program*, https://www.justice.gov/afp. (Last Accessed June 1, 2026).

[4] *See* Dep't of Justice, The Attorney General's Guidelines on Seized and Forfeited Property (2018), available at https://www.justice.gov/criminal-mlars/file/1123146/download (last accessed June 1, 2026).

[5] *See* 28 U.S.C. § 524(c)(1)(E)(i); 18 U.S.C. § 981(d) (civil forfeitures); 21 U.S.C. § 853(i)(1) (pertaining to controlled substances violations; applicable to other criminal forfeiture statutes by, *e.g.*, 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b)(1)); 18 U.S.C. § 1963(h)(2) (RICO); *see also* 28 C.F.R. Part 9.

General's designee can transfer forfeited assets to victims to satisfy or partially satisfy a restitution order."[6] Such petitions for remission or mitigation in judicial forfeiture proceedings are governed by the remission regulations found at 28 C.F.R. Part 9.

5) Since 2000, the victim compensation program has returned more than $12 billion in forfeited assets to victims, through the granting of petitions for remission, or by transferring forfeited funds to courts for payment of restitution through restoration.[7]

6) The ultimate determination of whether to grant any petition for remission or mitigation of forfeiture lies with the Chief of the Money Laundering, Narcotic, and Forfeiture ("MNF") Section at the Department of Justice. *See* 28 C.F.R. § 9.4(f). "A petition for remission or mitigation of forfeiture is a petition for administrative relief, not judicial relief. [Citation.] It gives the Attorney General virtually unreviewable discretion to ameliorate the harshness of forfeiture statutes in appropriate cases." *United States v. U.S. Currency in the Amount of $2,857.00*, 754 F.2d 208, 214 (7th Cir. 1985) (emphasis added); see also *Marshall Leasing, Inc. v. United States*, 893 F.2d 1096, 1102 n.4 (9th Cir. 1990) (noting that subject to limited exceptions, "the Attorney General's denial of a request for remission generally is not reviewable") and 18 U.S.C. § 981(e) ("Notwithstanding any other provision of the law, . . . the Attorney General . . . is authorized to retain property forfeited pursuant to this section, or transfer such property on such terms and conditions as he may determine . . . .").

7) In addition to the exclusive discretion granted to the Attorney General (or the Attorney General's designee) in determining whether or not to grant a petition for remission, 28 C.F.R. § 9.8(a)(2) states that the "deciding official or his designee may consider petitions filed by

---

[6] *United States v. Emor*, 850 F. Supp. 2d 176, 216 (D.D.C. 2012) (Friedman, J.).
[7] *See*, Victims Programs, https://www.justice.gov/criminal/criminal-mnf/victims (last visited June 1, 2026).

persons claiming eligibility for remission as victims at any time prior to the disposal of the forfeited property in accordance with law."

8) No statute, rule, or regulation mandates when or how MNF can set or enforce filing deadlines. Taken together, the relevant statutes and regulations invest solely in the Attorney General (or the Attorney General's designee) jurisdiction to review petitions for remission in judicial forfeiture cases as well as the deadlines and timing of the investigation and determination thereof. Claimant Lisa King's proposed remedy is exclusively with the Attorney General or their designee—ordering otherwise would infringe on the authority of the Attorney General.

## II. CLAIMANT LISA KING IS NOT ENTITLED TO A HEARING PURSUANT TO THE CVRA.

9) Restoration and remission processes are administrative and not subject to judicial review or oversight. Even if that weren't the case, the CVRA does not authorize a hearing for property subject to forfeiture.

10) The CVRA gives victims a right to restitution and the right to be heard at public hearings, not the right to forfeiture.[8] The two are separate, although the Attorney General may transfer forfeited property to compensate victims and offset restitution.[9]

---

[8] *See In re Stake Ctr. Locating, Inc.*, 731 F.3d 949, 951 (9th Cir. 2013) (CVRA and MVRA give victims a right to restitution, not a right to criminal forfeiture; criminal forfeiture is not a type of restitution); *In re W.R. Huff Asset Mgmt. Co., LLC,* 409 F.3d 555, 564 (2d Cir. 2005) (section 853(i)(2) gives government the authority to compromise a criminal forfeiture with defendant and third parties; victims have no right under the CVRA to object to forfeiture agreement on the ground that it leaves defendant with no funds to pay restitution); *United States v. Rubin*, 558 F. Supp. 2d 411, 420–21 (E.D.N.Y. 2008) (forfeiture and restitution are separate matters, and no law obligates government to use forfeited funds as a pool for restitution; therefore, victims have no right under the Crime Victims' Rights Act to object to a plea agreement on the ground that government sought too little in forfeiture from defendant, as a greater forfeiture would not necessarily have led to a greater amount available for restitution).

[9] *United States v. Holmes*, No. 4:02CR43, 2006 WL 2709699, *1 (E.D. Va. Sept. 21, 2006) ("While the Government may allow a Defendant to apply forfeited property to offset his restitution amount, the MVRA precludes the Court from ordering the Government to do so"; noting § 981(e)(6)

11) While Claimant Lisa King would like to get the Court involved in this process, there is simply no legal authority to support their position that the Court may do so. "A petition for remission or mitigation of forfeiture is a petition for administrative relief, not judicial relief." *United States v. U.S. Currency in the Amount of $2,857.00*, 754 F.2d 208, 214 (7th Cir. 1985) (citation omitted). "It gives the Attorney General *virtually unreviewable* discretion to ameliorate the harshness of forfeiture statutes in appropriate cases." *Id.* (emphasis added); *see also Marshall Leasing, Inc. v. United States*, 893 F.2d 1096, 1102 n.4 (9th Cir. 1990) (noting that subject to limited exceptions, "the Attorney General's denial of a request for remission generally is not reviewable") and 18 U.S.C. § 981(e) ("Notwithstanding any other provision of the law, . . . the Attorney General . . . is authorized to retain property forfeited pursuant to this section, or transfer such property on such terms and conditions as he may determine . . . .").

III. NOTWITHSTANDING II AND III, THE DEFENDANT PROPERTY IS ONLY SUBJECT TO FORFEITURE, SO A MOTION FOR HEARING IS UNRIPE.

12) Remission concerns property forfeited to the government. Here, there remains active litigation among parties, and there is no forfeiture order on the docket. As such, the relief requested is unripe.

IV. CLAIMANT LISA KANG'S MOTION SHOULD BE STRICKEN FROM THE RECORD

13) To contest a civil forfeiture, a person with an interest in property must file a claim and an answer pursuant to Supplemental Rule G(5)(A), (B). A claim must be filed within 60 days after the first date of publication on forfeiture.gov unless the court for good cause sets a different time.[10] The claim must identify claimants and specify property claimed, state the extent of interest

---

authorizes Attorney General to transfer forfeited property on such terms and conditions as he may determine).

[10] Sup. R. G(5)(a)(ii).

claimed, be signed under penalty of perjury, and be served on the designated government attorney.[11] An answer must be filed within 21 days of filing the claim.[12] Third parties must comply with Rule G(5)'s pleading requirements.[13] Where a claimant fails to comply with Rule G(5), a court may strike for failure to comply.[14]

14) The government filed a notice of publication on August 8, 2025.[15] The first date of publication was June 23, 2025. Claimant Lisa King filed the motion for a hearing on May 22, 2026—significantly outside the 60-day window. Claimant Lisa King did not file a claim or answer on the docket. As such, motion for a hearing under the CVRA should be stricken from the record.

CONCLUSION

The United States respectfully requests that the Court deny the relief sought by Claimant Lisa King and strike their motion from the record.

---

[11] Sup. R. G(5)(a)(i).
[12] Sup. R. G(5)(b).
[13] *United States v. 8 Gilcrease Lane*, 641 F. Supp. 2d 1, 4–6 (D.D.C. 2009) (third parties must comply with Rule G(5)'s pleading requirements; there is no separate right to intervene under Rule 24).
[14] *United States v. Inv. Portfolio of Blue Holding (1) PTE, Ltd.*, 712 F. App'x. 13, 14 (D.C. Cir. 2018) (court struck multiple claims filed by putative claimant for failure to file a verified claim, failure to file claim within 60 days, and failure to file answer within period that Supplemental Rule G(5) specifies); *United States v. $612,168.23*, No. 1:19-cv-00130-RBW, 2021 WL 2255310 (D.D.C. June 3, 2021) (court struck claimants' motion to dismiss civil forfeiture complaint and claim for failure to file claim because claim was only filed after government moved for entry of a default judgment, more than a year after service of notice of complaint on claimants); *United States v. $113,550.58*, No. 3:16cv341, 2016 WL 6134536 (E.D. Va. Oct. 20, 2016) (where claimant fails to file claim as required by Rule G(5), court may strike answer for failure to comply with the rule); *United States v. Real Props. (Jones)*, No. 1:13-CV-03780, 2015 WL 3465831, *2 (D. Md. May 27, 2015) (court granted government's motion to strike claimant's motion to stay forfeiture proceedings because claimant failed to file a valid claim or request additional time to file and thus lacked standing to participate in action).
[15] Doc. No. 5.

Respectfully Submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Rick Blaylock, Jr.*
Rick Blaylock, Jr.
Assistant United States Attorney
Asset Forfeiture Coordinator
Texas Bar Number 24103294
United States Attorney's Office
601 D Street NW
Washington, D.C. 20530
Telephone: 202-252-6765
Email: rick.blaylock.jr@usdoj.gov