UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br>v.<br><br>APPROXIMATELY 225,364,961 USDT,<br><br>       Defendant *in rem*, | Case No. 25-cv-1907-AHA<br><br>**MOTION FOR CONTINUANCE OF HEARING DATE AND SCHEDULING OF STATUS CONFERENCE** |

Claimants 1-118, by and through their undersigned counsel, respectfully request that the Court continue the present July 23, 2026 hearing on (1) Claimant Infiniweb Technology Inc.'s Motion to Dismiss Complaint for Forfeiture in rem, Motion to Suppress, and Motion to Strike (ECF No. 28); (2) Claimants 1-118's Motion to Transfer Venue (ECF No. 29); (3) the government's Motion to Strike Verified Claims of Claimants 1-118 (ECF No. 44); and (4) the government's Cross-Motion to Dismiss Potential Claimant Infiniweb's Motion to Dismiss (ECF No. 50) (collectively "the Motions") to be reschedule as in person hearing to be held on August 19 or August 20, or a later date the Court is available.

Further, Claimants 1-118 respectfully request that the presently-scheduled July 23, 2026 hearing be converted to a status conference in this matter, to be conducted remotely.

The grounds for this motion are as follows:

1.      On July 6, 2026, the Court requested that the parties confer via email on acceptable dates for a status conference in this matter to be held remotely. The parties conferred as directed and expressed their availability for July 23, 2026.

2.      On July 7, 2026, the Court issued a minute order setting a July 23, 2026, 3:00pm remote hearing on the Motions.

3.      Good cause exists to continue hearing on the Motions and holding argument on the Motions at an in-person conference, while converting the present motion hearing date into a Status Conference.

4.      The Motions are complex and critical, and thus merit the focus and certainty of in-person argument without the technological disruptions that may disrupt and delay remote proceedings.[1] To use just one example, Claimants 1-118's Motion to Transfer Venue raises numerous issues about proper venue (including the location of the Defendant Cryptocurrency during this action) and the application of multiple alleged venue provisions, as well as fact-intensive questions about the locus of the investigation preceding this action and the relative weight of the parties' respective interests here.

5.      At the same time, holding a status conference on the present hearing date is highly likely to streamline argument on the Motions and clarify the disputes between the parties in order to ensure all parties are fully prepared for argument on the motions. For example, while two of the Motions – Claimants 1-118s' Motion to Transfer Venue, and the government's Motion to Strike Claimants 1-118 – are fully briefed and ready for argument, the other two Motions remain in

---

[1] To be clear, Claimants 1-118 have no objection if any individual counsel wish to appear remotely. For example, Claimants 119-147 and Claimant Kaul do not have any Motions pending, but may wish to attend argument remotely without incurring the costs of travel to an in-person hearing. That is perfectly reasonable.

procedural limbo. The government has not substantively opposed Infiniweb's Motion to Dismiss, and Infiniweb has not responded to the government's related cross-motion. Holding a status Conference would allow the Court and parties to clarify what Motions and issues are to be argued, and if needed, time to complete briefing on those Motions that remain open if requested.

6.      While Claimants 1-118 had expressed their availability for a status conference on the presently-scheduled date, they did not realize that the Court also intended to hear the Motions on the same date – and counsel apologizes for this confusion. Had counsel realized the Court also intended to hear argument on the Motions, counsel would have raised this request at that time.

7.      No previous continuances of this hearing date have been requested, and continuing the hearing will not affect any other deadlines in this case, and as detailed above, holding a status conference on July 23rd would serve the interest of judicial efficiency by clarifying which of the Motions are likely to be argued.

8.      As to the date of an in person hearing on the Motions, counsel for Claimants 1-118 are available on August 19, August 20, or a later date the Court is available.

9.      Claimants 1-118 have conferred with all other counsel, and understand they will provide their positions on this issue after additional conferral this week.

WHEREFORE, Claimants 1-118 respectfully request that the hearing on the Motions be continued to August 19 or August 20, and the currently scheduled July 23, 2026 hearing date be converted to a remote status conference.

//

//

3

Dated: July 13, 2026

Respectfully submitted,

By:      /s/ Dan G. Boyle

THE CRYPTO LAWYERS PLLC
Rafael Yakobi (CA Bar No. 312421)
*(Admitted pro hac vice)*
11035 Lavender Hill Dr, Ste. 160-220
Las Vegas, NV 89135
Telephone: 619.317.0722
rafael@thecryptolawyers.com

THE CRYPTO LAWYERS PLLC
Agustin M. Barbara (FL Bar No. 1002677)
*(Admitted pro hac vice)*
848 Brickell Avenue, Penthouse 5
Miami, Florida 33131
Telephone: 619.317.0722
agustin@thecryptolawyers.com

GREENBERG TRAURIG, LLP
Michael Burshteyn (CA Bar No. 295320)
*(Admitted pro hac vice)*
Marcelo Barros (CA Bar No. 339069)
*(Admitted pro hac vice)*
101 Second Street, Suite 2200
San Francisco, California 94105
Telephone: 415.655.1300
Facsimile: 415.707.2010
Michael.Burshteyn@gtlaw.com
Marcelo.Barros@gtlaw.com

GREENBERG TRAURIG, LLP
Nathan J. Muyskens (DC Bar No. 45821)
*(Admitted pro hac vice)*
Michael A. Pusateri (DC Bar No. 1005463)
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone: 202.533.2354
pusaterim@gtlaw.com

4

Nathan.Muyskens@gtlaw.com


BOIES SCHILLER FLEXNER LLP
Dan G. Boyle (CA Bar No. 332518)
*(Admitted pro hac vice)*
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: 213.629.9040
dboyle@bsfllp.com

Attorneys for Claimants 1-118

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 13, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Dan G. Boyle

1