**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 225,364,961 USDT,<br><br>Defendant *in rem*. | Civil Action No. 25-cv-01907-AHA |

**CLAIMANT INFINIWEB TECHNOLOGY INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, MOTION TO SUPPRESS, AND MOTION TO STRIKE, AND OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO DISMISS**

**TABLE OF CONTENTS**

BACKGROUND ........................................................................................................................ 2

ARGUMENT ........................................................................................................................... 4

I.    The Government Failed to Meet the Supplemental Rules' Explicit Deadline for Timely
Responding to Infiniweb's Motion to Dismiss ...................................................................... 4

II.    Infiniweb's Motion to Dismiss Is Ripe Because Infiniweb Has Established Statutory
Standing ................................................................................................................................. 7

CONCLUSION ......................................................................................................................... 8

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)........................................................................................................7

*United States v. $133,420.00 in U.S. Currency*,
   672 F.3d 629 (9th Cir. 2012) ..........................................................................................8

*United States v. $417,143.78, more or less, in U.S. Currency*,
   682 F. App'x 17 (2d Cir. 2017) .......................................................................................8

*United States v. Certain Real Prop. in Waterboro*,
   812 F. Supp. 259 (D. Me. 1991) ......................................................................................9

*United States v. Seventeen Thousand Nine Hundred Dollars ($17,900.00) in
   United States Currency*,
   859 F.3d 1085 (D.C. Cir. 2017) ......................................................................................7

**Other Authorities**

Local Rule 7(b) ..........................................................................................................4, 7, 9

Supp. R. G(6) ........................................................................................................4, 5, 6, 7

Supp. R. G(8)(c)............................................................................................................5, 6

On November 7, 2025, claimant Infiniweb Technology Inc. moved to dismiss the government's asset forfeiture complaint, both for failure to state a claim and for lack of *in rem* jurisdiction. The government subsequently served Infiniweb with special interrogatories relating to standing, and Infiniweb timely responded on January 16, 2026. Rather than responding to Infiniweb's motion to dismiss as required by the governing Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), the government takes the position that its deadline for doing so was stayed indefinitely when it served the special interrogatories, and further argues that Infiniweb's motion to dismiss should itself be "dismissed" without prejudice merely because the government has served special interrogatories. The government's position is without basis, and in fact runs counter to the plain text of Supplemental Rules, which specifically provide that the government must respond to a claimant's motion to dismiss within 21 days of receipt of the claimant's special interrogatory responses.

The government has not complied with that requirement: Despite the passage of over 21 days[1] since Infiniweb served its responses to the government's special interrogatories, it has filed no substantive response to Infiniweb's motion to dismiss, instead filing a "Brief in Support of the Plaintiff's Cross-Motion to Dismiss Claimant Infiniweb's Motion to Dismiss."[2] The government's failure to oppose Infiniweb's motion to dismiss on substantive grounds should be viewed as a concession of Infiniweb's arguments for dismissal.

---

[1] Excluding days exempted by the Court-ordered stay or the parties' agreed-upon extension of the government's opposition deadline, as described below.

[2] *See* ECF No. 47 at 1. Although the brief also refers to itself as an "opposition and cross-motion to dismiss without prejudice potential claimant Infiniweb's motion to dismiss," *id.* at 6, the motion contains no substantive response to any of the arguments propounded in Infiniweb's motion to dismiss.

As stated in the parties' June 12, 2026 Joint Status Report, both Infiniweb and the government "believe[] that the parties have made substantial progress toward a resolution of this matter and, indeed, that the parties are nearing an agreement in principle," and to that end, they (along with Claimants 119-266) requested that the Court continue to hold all pending motion and briefing deadlines in abeyance.  ECF No. 70 at 4-5.  Notwithstanding the deficiencies in the Complaint, Infiniweb remains willing to discuss a resolution.  Accordingly, Infiniweb respectfully submits that the Court need not yet consider or rule on either Infiniweb's motion to dismiss or the government's cross motion.  However, if the Court disagrees and instead determines to rule on those motions, it should (1) deny the government's cross-motion to dismiss Infiniweb's motion to dismiss and (2) grant Infiniweb's motion to dismiss.

## BACKGROUND

On October 17, 2025, Infiniweb Technology Inc. filed a verified claim in this action, claiming the Defendant Assets as "revenues belonging to Infiniweb, generated through the provision of Infiniweb's gaming and wagering services." ECF No. 23.

On November 7, 2025, Infiniweb filed a Motion to Dismiss Complaint for Forfeiture *In Rem*, Motion to Suppress, and Motion to Strike.  ECF No. 28  That motion sought dismissal of the complaint on the ground that it fails to state a claim upon which relief can be granted and for lack of *in rem* jurisdiction or, in the alternative, (1) suppression of evidence obtained by the Government through, or derived from, an illegal, warrantless seizure and (2) an order striking from the Complaint information derived from confidential settlement communications between the Infiniweb's counsel and the Government, included in the Complaint in piecemeal form and in violation of Federal Rule of Evidence 408.  *Id.* at 1.

The government served special interrogatories on Infiniweb on December 5, 2025.  *See* Ex. A (Declaration of Andrew Adams) (the "Adams Dec.") at ¶ 1.  On December 22, 2025,

Infiniweb moved for an extension of time to respond to the government's special interrogatories, ECF No. 36, which the Court granted via minute order, extending Infiniweb's response deadline from December 26, 2025 to January 16, 2026.  Infiniweb timely served its responses to the special interrogatories on January 16, 2026.  Declaration of Rick Blaylock, Jr., ECF No. 47-1 at ¶ 1.

On February 5, 2026, Infiniweb agreed via email to a three-week extension of the government's February 6, 2026 deadline to oppose Infiniweb's motion to dismiss.  Adams Dec. at ¶ 4.  On February 20, 2026, the government filed Plaintiff's Cross-Motion to Dismiss Potential Claimant Infiniweb's Motion to Dismiss, which is elsewhere styled as an "opposition and cross-motion to dismiss without prejudice potential claimant Infiniweb's motion to dismiss."  ECF Nos. 47, 50 (hereinafter, "Gov't Mot.") at 1, 6.

That same day, the government filed an Agreed Motion to Adjo[u]rn Response Deadlines for a period of three weeks, in light of active settlement negotiations among the parties.  ECF No. 48.  The Court granted the motion via minute order the following day, staying all deadlines in the case until March 13, 2026.  On March 13, 2026, the parties filed a Joint Status Report and Agreed Motion to Adjourn, requesting that the Court adjourn all case deadlines through April 13, 2026.  ECF No. 51.  On March 16, 2026, the Court granted the motion via minute order.  The parties moved to adjourn the deadlines in the case three more times, on April 14, 2026 (ECF No. 55) and April 25, 2026 (ECF No. 57), and May 14, 2026 (ECF No. 59).  The Court granted each of these motions via minute order, with the final stay ending on June 8, 2026.  On June 12, 2026, the parties filed a Fifth Joint Status Report, which explained that while the parties had made progress in settlement discussions, Claimants 1-118 did not wish to maintain the stay.  ECF No. 70.  As the filing noted, most other parties—the government, Infiniweb, and Claimants 119-266— wished to maintain a stay.  (The other party, claimant Nivedita Kaul, did not timely provide a

position.  Lisa Kang, who filed a Motion for Extension of Time to File Verified Claim on July 17, 2026, ECF No. 74, has not filed a claim.)  In response, the Court set a motion hearing for July 23, 2026.

## ARGUMENT

The thrust of the government's cross-motion is that "the United States need not respond to a motion to dismiss until standing discovery and related motion practice is completed."  ECF No. 47 at 11.  This is simply incorrect:  The Supplemental Rules definitively establish the order of operations that applies when the government serves special interrogatories after a claimant moves to dismiss, and they provide for no indefinite stay of the government's deadline to respond to a motion to dismiss.  And in any event, there is no ongoing standing discovery or related motion practice.  The Court should reject the government's baseless positions that it had no obligation to respond to Infiniweb's motion to dismiss and that Infiniweb's motion to dismiss is "unripe."

**I.      The Government Failed to Meet the Supplemental Rules' Explicit Deadline for Timely Responding to Infiniweb's Motion to Dismiss**

The government's attempt to set aside Infiniweb's motion to dismiss runs afoul of the clear language of the Supplemental Rules, which nowhere provide for dismissal or an indefinite stay of a claimant's motion to dismiss once special interrogatories have been served and, to the contrary, explicitly require the government to respond to the motion to dismiss within 21 days of receipt of claimant's special interrogatory responses.

Ordinarily, in a civil forfeiture action, the government must respond to a claimant's motion to dismiss within 14 days.  LCvR 7(b).  But at its election, rather than responding to the motion to dismiss immediately, the government may serve special interrogatories within 21 days of the filing of a motion to dismiss.  Supp. R. G(6)(a).  Once the government serves special interrogatories, "answers or objections to these interrogatories must be served within 21 days."  Supp. R. G(6)(b).

And "[t]he government need not respond to a claimant's motion to dismiss the action . . . until 21 days after the claimant has answered these [special] interrogatories." Supp. R. G(6)(c). The Supplemental Rules are thus explicit that the government's deadline for responding to a claimant's motion to dismiss is 21 days after the claimant responds to the government's special interrogatories. As the government concedes, Infiniweb "substantively responded" to the government's special interrogatories on January 16, 2026, Gov't Mot. at 6,[3] so the government was required to respond to Infiniweb's motion to dismiss 21 days later, on February 6. While Infiniweb agreed to an extension of that deadline, and the Court subsequently ordered several further stays of the government's deadline, even taking those measures into account, the government has now missed the deadline for substantively opposing Infiniweb's motion to dismiss.[4]

To prevent this straightforward application of the plain text of Supplemental Rule G(6), the government cites Supplemental Rule G(8)(c), which addresses motions to strike. *See* Supp. R. G(8)(c) (entitled "Motion to Strike a Claim or Answer"). But the government has filed no motion to strike Infiniweb's claim, rendering Supplemental Rule G(8)(c) irrelevant. And even if the

---

[3] Although the government elsewhere states that "Infiniweb has partially answered some of the 18 special interrogatories," Gov't Mot. at 7, it not unusual for interrogatory responses to incorporate objections in lieu of factual responses, and indeed the government has taken no position on the adequacy of Infiniweb's responses to the special interrogatories, has not advised as to whether it plans to challenge any of Infiniweb's objections, and has not moved to compel Infiniweb to further respond to the special interrogatories.

[4] Under the Supplemental Rules, the government's opposition to Infiniweb's motion to dismiss was due on February 6, 2025. On February 5, 2026, Infiniweb consented via email to a three-week extension of the government's deadline to oppose Infiniweb's motion to dismiss. *See* Ex. A (Adams Dec). Sixteen days later, on February 21, 2026, the Court granted the parties' first agreed motion to adjourn, which ultimately was extended through June 8, 2026. *See* ECF Nos. 48, 51, 55, 57, 59. However, even now, over a month after the termination of the Court-ordered stay, the government has not filed a brief opposing Infiniweb's motion to dismiss on its merits.

government had moved to strike Infiniweb's claim, nowhere does Supplemental Rule G(8)(c) grant the government additional time to respond to the claimant's motion to dismiss the complaint, or in any other way modify the deadlines explicitly set forth in Supplemental Rule G(6).  Instead, Supplemental Rule G(8)(c) provides that the Court must decide a motion to strike "before [deciding] any motion by the claimant to dismiss the action." Supp. R. G(8)(c).  Thus, Rule G(8)(c) instructs courts to rule on a government motion to strike a claim for lack of standing (*if* one is filed at all) before ruling on the claimant's motion to dismiss the complaint, but it has no bearing on the government's deadline for responding to the motion to dismiss—and it has no function at all where no motion to strike has been filed.

The government cites to the Advisory Committee Notes to Supplemental Rules G(6) and G(8) in support of the proposition that "a purpose of providing a potential claimant with a motion to dismiss is procedural to 'accelerate' the time for standing discovery; once the United States commences standing discovery, the motion to dismiss must not be responded to or considered until standing discovery is complete, including a determination on a potential motion to strike for lack of standing." Gov't Mot. at 13.  But that is not what the Advisory Committee Notes say; to the contrary, they confirm that under the Supplemental Rules, the government must respond to a claimant's motion to dismiss 21 days after the claimant responds to the government's special interrogatories.  The Advisory Committee Note to Supplemental Rule G(6) states:

> The claimant can accelerate the time to serve subdivision (6) interrogatories by serving a motion to dismiss—the interrogatories must be served within 20 days[5] after the motion is served. Integration is further accomplished by deferring the government's obligation to respond to a motion to dismiss until 20 days after the claimant moving to dismiss has answered the interrogatories.

---

[5] As is noted elsewhere in the Advisory Committee Notes, certain 20-day deadlines, including this one, were changed to 21 days in 2009.

Supp. R. G advisory committee note to subdivision (6) (2006). And the Advisory Committee Note to Supplemental Rule G(8) explains that it is merely a "reminder" that "reflect[s]" the requirement in "a motion to dismiss the action cannot be addressed until the court has decided any government motion to strike the claim or answer." Supp. R. G advisory committee note to subdivision (8) (2006). Of course, there is no pending government motion to strike Infiniweb's claim, and in any event, as noted before, Rule G(8) dictates the sequence in which courts must consider motions to dismiss and motions to strike when both have been filed, but it does not defer the government's deadline for opposing a motion to dismiss.

In short, there is no support for the government's contention that "the United States need not respond to a motion to dismiss until standing discovery and related motion practice is completed." Gov't Mot. at 11. Upon receiving Infiniweb's responses to its special interrogatories, the government was required to respond to Infiniweb's motion to dismiss within 21 days. That time has long since passed.

## II.    Infiniweb's Motion to Dismiss Is Ripe Because Infiniweb Has Established Statutory Standing

The government's cross-motion also argues that Infiniweb's motion is unripe because Infiniweb has not yet established statutory standing. This position is unfounded; Infiniweb filed verified complaint setting forth a colorable interest in the property. Nothing more is required at this stage of the proceeding.

In the D.C. Circuit, standing in civil asset forfeiture cases "'must be supported . . . with the manner and degree of evidence required at [each] successive stage[ ] of the litigation.' At the pleading stage, a claimant need only allege a colorable interest in the property." *United States v. Seventeen Thousand Nine Hundred Dollars ($17,900.00) in United States Currency*, 859 F.3d 1085, 1090 (D.C. Cir. 2017) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992));

*see also United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) ("At the motion to dismiss stage, a claimant's unequivocal assertion of an ownership interest in the property is sufficient by itself to establish standing."). Infiniweb easily met that requirement when it filed a verified claim stating that the Defendant Assets are "revenues belonging to Infiniweb, generated through the provision of Infiniweb's gaming and wagering services" and providing additional information about Infiniweb and its operations. ECF No. 23.

The government cites *United States v. $417,143.78, more or less, in U.S. Currency*, 682 F. App'x 17 (2d Cir. 2017), in support of the government's statement that "Rule G(8)(a) [sic[6]] provides that the potential claimant must establish standing to move to dismiss." Gov't Mot. at 6. But that unpublished, out-of-circuit opinion concerned, in relevant part, a potential claimant who moved to dismiss the government's forfeiture claim but had initially failed to file a claim, and then belatedly filed only an unverified claim. *$417,143.78*, 682 F. App'x at 18. The case stands for the uncontroversial proposition that where "Claimants concede that they did not file timely verified claims," those claimants "therefore lack statutory standing to contest the forfeiture" by filing a motion to dismiss. *Id.* at 19. That is not the case here; Infiniweb has long-since filed its verified claim establishing statutory standing. *See* ECF No. 23.

## CONCLUSION

The government's failure to contest Infiniweb's motion to dismiss on its merits, and its decision to instead file a "cross-motion to dismiss" Infiniweb's motion to dismiss on erroneous procedural grounds, constitute a default. If the government intended to oppose Infiniweb's motion to dismiss, it was required to file an opposition brief by June 14, 2026, which, accounting for the

---

[6] Supplemental Rule G(8)(a) relates to motions to suppress; Rule G(8)(b) relates to motions to dismiss.

extension and stays referenced above, is 21 days after Infiniweb's January 16, 2026 service of its special interrogatory responses. That deadline has come and gone.

In light of the government's failure to timely oppose Infiniweb's motion to dismiss the complaint, the Court should grant Infiniweb's motion as conceded, consistent with Local Rule 7(b).  *See* LCvR 7(b) ("[A]n opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded."); *United States v. Certain Real Prop. in Waterboro*, 812 F. Supp. 259, 260 (D. Me. 1991) (holding that the government's failure to timely respond to claimant's motion to dismiss constituted a waiver of objection to the motion and therefore granting claimant's motion to dismiss).  In the alternative, the Court should grant Infiniweb's motion to dismiss for the substantive reasons set forth in the memorandum of points and authorities that accompanied the motion.  *See* ECF No. 28-1.

For the foregoing reasons, Infiniweb respectfully requests that the Court grant its motions

to dismiss, suppress, and strike (ECF No. 28) and deny the government's cross-motion to dismiss

Infiniweb's motion to dismiss (ECF Nos. 47, 50).

Respectfully submitted,

/s/ Andrew C. Adams
Andrew C. Adams (*pro hac vice*)
Drew C. Harris (*pro hac vice*)
Steptoe LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 957-3081
acadams@steptoe.com
dcharris@steptoe.com

Steven H. Levin (DC Bar No. 985290)
Steptoe LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8169
slevin@steptoe.com

*Attorneys for Claimant Infiniweb Technology Inc.*

Dated: July 22, 2026

-10-