**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>             Plaintiff,<br>v.<br>APPROXIMATELY 225,364,961 USDT,<br>             Defendant *in rem*. | Case No. 1:25-cv-01907-AHA |
| CLAIMANTS 1-118,<br>             Claimants. | **CLAIMANTS 1-118'S LIMITED RESPONSE TO DR. LISA KANG'S MOTION FOR EXTENSION OF TIME TO FILE VERIFIED CLAIM [ECF NO. 74]** |

1

Claimants 1-118 do not oppose Dr. Lisa Kang's motion seeking an extension of time to file a claim in this action, but respectfully request that, to the extent Dr. Kang's Motion is granted, it does not prejudice existing claimants or delay this action. Claimants further seek to clarify the record, as the Government has not given Claimants special treatment.

**I. THE GOVERNMENT HAS NOT GIVEN THE FILED CLAIMANTS SPECIAL TREATMENT.**

Dr. Kang states that she acted after concluding that victims who filed claims in this action were receiving "materially different treatment." ECF No. 74 at 1. Dr. Kang's motion is incorrect on this point, because the parties ' procedural paths are different: Claimants 1-118 filed verified claims in this action, while Dr. Kang pursued administrative remission. But the record does not show that the Government gave the filed Claimants favorable treatment, a priority payment, or a merits advantage. And the Government's own filings show the exact opposite: it has moved to strike Claimants' claims, arguing that Claimants "voluntarily authorized and delivered" the fraud-induced transfers, thereby divesting themselves of legal title and leaving them without Article III or statutory standing. ECF No. 44 ¶¶ 8, 12. It also called a judicial claim "the wrong avenue to recovery." *Id.* ¶ 7. Claimants dispute those premises and have explained that the motion barely engages the verified claims and never cites or quotes them. ECF No. 72 at 8-9. The Court need not resolve that dispute here. The relevant point is that the Government seeks to exclude Claimants from this action; it has not favored them.

The procedural history likewise refutes any inference of preference. Claimants moved to transfer on November 7, 2025. As their transfer reply explains, the Government's opposition was due December 8. The Government did not respond to Claimants' January 22 and February 5 notices of non-opposition. It filed its opposition on February 20—74 days late—without

explaining the delay or seeking leave. ECF No. 71 at 3-5. The Government filed its motion to strike that same day. *Id.* at 3-4. The filed Claimants have thus received adversarial litigation coupled with substantial delay, not special treatment.

Dr. Kang's own motion reports the Government's assurance that victims who filed claims would receive "no special treatment," including priority payments. ECF No. 74 at 2. The record is consistent with that assurance: filing claims produced opposition, a motion to strike, and delay—not preferential treatment.

## II. THE PENDING TRANSFER MOTION SHOULD REMAIN FIRST IN SEQUENCE.

The transfer motion is fully briefed. Claimants previously explained, in response to Dr. Kang's CVRA motion, that the Court should decide forum before victim status, tracing, remission, standing, allocation, or settlement-process issues. ECF No. 65 at 1-5. That filing also noted that Dr. Kang's earlier submission described her as "from" California, a fact that supports rather than undermines transfer. *Id.* at 1. Her present motion does not address the pending transfer motion or that sequencing issue.

Dr. Kang's request does not require a different order of decision. If this action is transferred, the transferee court can address whether Dr. Kang may file a verified claim (if that question remains open post-transfer) and can manage any resulting claim together with the Government's standing motion and the other victim-process issues. Claimants' transfer reply already requests transfer "without prejudice to the transferee court resolving the Government's standing motion and any remaining victim-process issues." ECF No. 71 at 20. The same reservation can encompass Dr. Kang's motion and any resulting claim.

3

In other words, Claimants are not asking the Court to deny Dr. Kang relief or to prejudge her asserted interests, they are only asking that her motion not change the existing order of decision. And if the Court resolves Dr. Kang's motion before transfer, Claimants request only that the ruling not rest on a premise that the Government favored the filed Claimants and that it be without prejudice to the pending transfer motion.

**CONCLUSION**

Claimants do not oppose Dr. Kang's requested extension and take no position on whether she has established good cause. They respectfully request that the Court decide the pending transfer motion first and leave ECF No. 74 and any resulting claim for the transferee court. Alternatively, any ruling on ECF No. 74 should be without prejudice to transfer and should not attribute special treatment to Claimants.

Dated: July 22, 2026                                Respectfully submitted,

**By: /s/ Michael Burshteyn**                       **GREENBERG TRAURIG, LLP**

**GREENBERG TRAURIG, LLP**                          Nathan J. Muyskens (D.C. Bar No. 45821)

Michael Burshteyn (admitted pro hac vice)           Michael A. Pusateri (D.C. Bar No. 1005463)

101 Second Street, Suite 2200                       2101 L Street, N.W., Suite 1000

San Francisco, CA 94105                             Washington, D.C. 20037

Telephone: 415.655.1300                             Telephone: 202.533.2354

Michael.Burshteyn@gtlaw.com                         Nathan.Muyskens@gtlaw.com

                                                    pusaterim@gtlaw.com

**BOIES SCHILLER FLEXNER LLP**                      **THE CRYPTO LAWYERS, PLLC**

Dan G. Boyle (admitted pro hac vice)                Rafael Yakobi (admitted pro hac vice)

2029 Century Park East, Suite 1520                  Agustin M. Barbara (admitted pro hac vice)

Los Angeles, CA 90067                               Telephone: 619.317.0722

Telephone: 213.629.9040                             rafael@thecryptolawyers.com

dboyle@bsfllp.com                                   agustin@thecryptolawyers.com

**Attorneys for Claimants 1-118**

5