**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

     Plaintiff,

    v.

APPROXIMATELY 225,364,961 USDT

    Defendant, *in rem*.

Civil Action No. 25-cv-1907-AHA

**MOTION FOR EMERGENCY PRELIMINARY INJUNCTION;**

**TO BIFURCATE ACTION AND ADVANCE TRIAL ON THE MERITS**

**AS TO WALLET 0X82E; AND IN THE ALTERNATIVE FOR DISMISSAL**

**OF THE FORFEITURE AS TO WALLET 0X82E**

## I. INTRODUCTION

Claimant Nivedita Kaul, appearing pro se, respectfully moves this Court on an emergency basis for three tiers of relief, each directed exclusively at Wallet 0x82e (0x82e1d4ddd636857ebcf6a0e74b9b0929c158d7fb) – a specific, identifiable subset of the approximately 225,364,961 USDT named as the defendant in rem in this action – and not at the balance of the forfeiture proceeding or the interests of any other claimant. Claimant has filed a Verified Claim and Answer asserting her specific interest in Wallet 0x82e.

The urgency of the relief sought arises from the following sequence of events. On August 11, 2023, the Ankara West 1st Criminal Judgeship of Peace of the Republic of Turkey issued a judicial seizure order – Decision No. 2023/5986 – placing Wallet 0x82e under Turkish judicial custody. Tether confirmed in writing to Turkish authorities on October 11, 2023, that it had frozen

Wallet 0x82e in compliance with that order (Ticket #263780). The United States did not obtain its Warrant for Arrest In Rem until on or about May 1, 2025, and did not file its Verified Complaint for Forfeiture In Rem until June 18, 2025 after both of those dates. Since then, the tokens originally held in Wallet 0x82e have been replaced with newly issued tokens now in government custody, an event that interrupted the pending Turkish proceeding and is addressed further in the accompanying Memorandum of Points and Authorities. The government has separately represented its intent to move to strike Claimant's Verified Claim, and co-claimant Infiniweb Technology Inc. has filed a competing claim, with the government and Infiniweb reportedly engaged in settlement discussions.

Claimant accordingly seeks, in the order presented in this Motion: (1) an emergency preliminary injunction under Federal Rule of Civil Procedure 65(a) and LCvR 65.1 preserving the status quo as to Wallet 0x82e pending final adjudication of her claim; (2) bifurcation of her claim from the remainder of this multi-claimant action and advancement of trial on the merits as to Wallet 0x82e under Federal Rules of Civil Procedure 42(b), 65(a)(2), and 54(b); and (3) in the alternative, dismissal of the forfeiture as to Wallet 0x82e under Federal Rule of Civil Procedure 12(b)(1) and Supplemental Rule G(8)(b) for want of this Court's jurisdiction over the res, conditioned on appointment of a receiver limited to custodial preservation of the reissued substitute pending resolution of the Turkish and United Kingdom recovery proceedings. The legal grounds for each tier of relief are set forth in the accompanying Memorandum of Points and Authorities, supported by the accompanying Declaration of Nivedita Kaul and exhibits thereto. Proposed forms of order for each tier are filed herewith.

## II. MOTION FOR EMERGENCY PRELIMINARY INJUNCTION (FED. R. CIV. P. 65(a); LCvR 65.1)

Claimant Nivedita Kaul, appearing pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 65(a) and Local Civil Rule 65.1 for an emergency preliminary injunction restraining Plaintiff United States of America, the United States Marshals Service, and all persons acting in concert with or under the direction of any of them, from:

(1) settling, disposing of, transferring, remitting, burning, reminting, or otherwise altering, dissipating, or encumbering the res in or derived from Wallet 0x82e – including any USDT or other digital assets traceable to that wallet, whether held by the United States Marshals Service or Tether Limited – pending final adjudication of Claimant's priority of title; and

(2) proceeding with any discretionary administrative remission, equitable sharing, or other distribution of the res attributable to Wallet 0x82e pending adjudication of Claimant's verified claim.

The following factual basis supports the emergency nature of this request.

Wallet 0x82e was placed under the judicial custody of the Republic of Turkey pursuant to Decision No. 2023/5986, issued by the Ankara West 1st Criminal Judgeship of Peace on August 11, 2023. Tether Limited confirmed compliance with that judicial seizure order in writing to Turkish authorities on October 11, 2023 (Ticket #263780). The Turkish judicial seizure and Tether's confirmed compliance both predated the United States' Warrant for Arrest In Rem, obtained on or about May 1, 2025, and its Verified Complaint, filed June 18, 2025, targeting "Approximately 225,364,961 USDT" – the res that encompasses the funds attributable to Wallet 0x82e.

The record also reflects that, notwithstanding the pre-existing Turkish judicial seizure, the original USDT tokens held in Wallet 0x82e were burned and newly minted tokens were reissued to the custody of the United States Marshals Service. That event interrupted the Turkish criminal proceeding and altered the blockchain evidence that had been placed under Turkish judicial custody.

The record further reflects that co-claimant Infiniweb Technology Inc. has filed a competing claim asserting an interest in the defendant assets, and that the government and Infiniweb have reported active settlement discussions concerning the defendant property.

These facts are set forth in full, together with the governing legal standard and authority under Federal Rule of Civil Procedure 65(a) and this Circuit's due-process and forfeiture-injunction precedent, in the accompanying Memorandum of Points and Authorities. On that record, Claimant respectfully requests that this Court issue a preliminary injunction in the form of the accompanying [Proposed] Order Granting Emergency Preliminary Injunction, preserving the res and maintaining the status quo pending adjudication of Claimant's priority of title to Wallet 0x82e.

A [Proposed] Order Granting Emergency Preliminary Injunction is submitted herewith.

## III. MOTION TO BIFURCATE AND ADVANCE TRIAL ON THE MERITS AS TO WALLET 0X82E (FED. R. CIV. P. 42(b), 65(a)(2), 54(b))

Claimant Nivedita Kaul, appearing pro se, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 42(b), for an order bifurcating her claim to the specific defendant property designated as Wallet 0x82e from the remainder of this action, which involves numerous additional claimants asserting interests in the balance of the approximately 225,364,961 USDT identified as the defendant in rem. Claimant further moves, pursuant to Federal Rule of Civil Procedure 65(a)(2), for an order advancing trial on the merits of her bifurcated claim with the

hearing on her accompanying motion for preliminary injunction. Upon adjudication of her bifurcated claim, Claimant requests entry of partial final judgment as to Wallet 0x82e pursuant to Federal Rule of Civil Procedure 54(b).

Claimant's claim to Wallet 0x82e is factually and procedurally distinct from the claims of the other claimants in this action. Claimant's Verified Claim and Answer are addressed specifically to Wallet 0x82e, and her claim rests on the Republic of Turkey's prior judicial seizure of that wallet – Decision No. 2023/5986 of the Ankara West 1st Criminal Judgeship of Peace, dated August 11, 2023, and Tether's confirmed compliance with that seizure order on October 11, 2023 – rather than on the tracing disputes that bear on the remaining wallets and claimants in this multi-claimant action.

Bifurcating and advancing Claimant's claim avoids subjecting her to the delay inherent in resolving a multi-claimant forfeiture action while the discrete, potentially case-dispositive jurisdictional question specific to Wallet 0x82e remains unresolved. Advancing trial on the merits with the preliminary-injunction hearing under Rule 65(a)(2) is appropriate because the same record supports both requests, and doing so conserves judicial resources without requiring a second evidentiary presentation. The legal standard governing bifurcation and advancement under Rule 42(b) and Rule 65(a)(2), and its application to the facts of this case, are set forth in the accompanying Memorandum of Points and Authorities.

Upon a judgment in Claimant's favor on her bifurcated claim, entry of partial final judgment under Rule 54(b) will permit Claimant to enforce any order for return or release of Wallet 0x82e without awaiting resolution of the remaining multi-claimant proceedings.

This motion is supported by the accompanying Memorandum of Points and Authorities and the [Proposed] Order Granting Bifurcation, Advancement of Trial on the Merits, and Rule 54(b) Judgment as to Wallet 0x82e, both filed herewith.

## IV. IN THE ALTERNATIVE, MOTION TO DISMISS THE FORFEITURE AS TO WALLET 0X82E (FED. R. CIV. P. 12(b)(1); SUPP. R. G(8)(b))

In the alternative to the preliminary injunction and bifurcation relief requested above – and without waiver of either – Claimant Nivedita Kaul moves, pro se, under Federal Rule of Civil Procedure 12(b)(1) and Supplemental Rule G(8)(b) to dismiss this forfeiture action for want of subject-matter jurisdiction over the res consisting of the digital assets associated with Wallet 0x82e, including any substitute or reissued res traceable thereto currently held by the United States government.

The ground for this alternative motion is that the Republic of Turkey acquired custodial and judicial seizure jurisdiction over the assets in Wallet 0x82e no later than August 11, 2023, when the Ankara West 1st Criminal Judgeship of Peace issued Decision No. 2023/5986 ordering the seizure of those assets, and Tether Limited confirmed its compliance with that order on October 11, 2023. The United States did not obtain its Warrant for Arrest In Rem until on or about May 1, 2025, and did not file its Verified Complaint until June 18, 2025 – after both of those dates. Claimant submits that because Turkey had already acquired jurisdiction over this specific res before any United States in rem process attached, this Court lacks subject-matter jurisdiction over the forfeiture as to Wallet 0x82e. The full legal argument and authority supporting this ground – including the prior-exclusive-jurisdiction doctrine and its application here – are set forth in the accompanying Memorandum of Points and Authorities.

Claimant respectfully requests that any dismissal be conditioned on the appointment of a neutral receiver. The receiver's authority shall be strictly and exclusively limited to the custodial preservation of the reissued substitute res currently held by the United States government, pending resolution of the Turkish criminal recovery proceedings and the parallel United Kingdom recovery proceedings in which Claimant participates. The receiver shall have no authority to adjudicate general victim claims, process remission applications, or distribute the res in any manner. This condition is intended to ensure that the assets are safeguarded for the benefit of the proper adjudicative forum without prejudging the outcome of either foreign proceeding.

The proposed form of relief is submitted concurrently as the [Proposed] Order Granting Alternative Dismissal of the Forfeiture as to Wallet 0x82e and Appointing Receiver for Preservation.

## V. LCvR 7(m) CONFERRAL STATEMENT

Pursuant to Local Civil Rule 7(m), Claimant Nivedita Kaul, proceeding pro se, conferred with counsel for the United States – Assistant United States Attorney Rick Blaylock, Asset Forfeiture Coordinator, U.S. Attorney's Office for the District of Columbia – regarding the relief sought in this emergency motion. The United States opposes the relief sought. AUSA Blaylock informed Claimant in writing that the government's position is that Claimant's funds "are not traceable to this case (25-cv-1907)" and that the government intends to move to strike Claimant's verified claim. The complete conferral record is set forth in the separately filed Certificate of Conference.

## VI. CONCLUSION

For the foregoing reasons, Claimant Nivedita Kaul respectfully requests that this Court enter an Order:

1. Granting an emergency preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) and LCvR 65.1, restraining the United States and all persons acting in concert with it from settling, disposing of, transferring, converting, remitting, burning, reissuing, or otherwise altering the res in Wallet 0x82e (including any substitute or successor asset traceable thereto), and from commencing or continuing any discretionary administrative remission, equitable sharing, transfer to any general victim fund or government-administered distribution mechanism, or other disposition of that res, pending final adjudication of Claimant's priority and ownership interests, with security waived under Rule 65(c);

2. Bifurcating Claimant's claim to Wallet 0x82e from the balance of this action pursuant to Federal Rule of Civil Procedure 42(b), advancing trial on the merits as to Wallet 0x82e with the preliminary-injunction hearing pursuant to Federal Rule of Civil Procedure 65(a)(2), and entering partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) upon adjudication of Claimant's claim and a determination that there is no just reason for delay;

3. In the alternative, dismissing the forfeiture as to Wallet 0x82e pursuant to Federal Rule of Civil Procedure 12(b)(1) and Supplemental Rule G(8)(b) for want of subject-matter jurisdiction over the res, conditioned upon the appointment of a neutral receiver with authority strictly limited to custodial preservation of the reissued substitute assets pending resolution of Claimant's Turkish proceedings and the parallel United Kingdom recovery proceedings, with no authority to adjudicate victim claims, process remission applications, distribute the res, or transfer or commingle the res with any general victim fund, government-administered remission pool, equitable sharing program, or other asset-forfeiture distribution mechanism;

4. Granting the further and ancillary relief set forth in Section VIII of the accompanying Memorandum of Points and Authorities, including appointment of a neutral receiver to hold the

res pendente lite should bifurcation and advancement be granted; spoliation sanctions and suppression of the fruits of the warrantless November 2023 freeze should the Court decline to dismiss or bifurcate; denial or deferral of any motion to strike Claimant's verified claim or to transfer venue;

5. Pending the hearing on this Motion; leave to take limited discovery pursuant to Supplemental Rule G(8)(c)(ii)(B) and Federal Rules of Civil Procedure 26 and 34, confined to the custody and chain of custody of Wallet 0x82e and the reissued substitute res, the government's communications with Tether Limited concerning the October 11, 2023 compliance confirmation, the November 20, 2023 freeze, and the burn and reissue of the original tokens, and the government's knowledge of Decision No. 2023/5986 prior to that burn and reissue, with adjudication of any motion to strike deferred pending completion of that discovery;

6. An order requiring the government to respond to Claimant's June 17, 2026 conflict notice;

7. A finding that Claimant's exclusion from settlement negotiations violated the Crime Victims' Rights Act, 18 U.S.C. § 3771;

8. Deferral of ruling on Infiniweb's motion to dismiss pending the hearing on this Motion; and

9. Leave to supplement the record with expert legal opinions on the laws of Turkey and the United Kingdom pursuant to Fed. R. Civ. P. 44.1 and supplemental translated Turkish judicial records within 21 days of the filing of this Motion; together with such other and further relief as the Court deems just and proper.

Dated: July 23, 2026                    Respectfully submitted,

/s/ Nivedita Kaul

Nivedita Kaul

Claimant, Pro Se

5001 Ramon Road, Building 3 #1005

Palm Springs, CA 92264

Tel: +1 724 413 8167

nivie@digitaldefendersgroup.org

-10-

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action No. 25-cv-1907-AHA |
| APPROXIMATELY 225,364,961 USDT | |
| Defendant, *in rem*. | |

**CERTIFICATE OF CONFERENCE PURSUANT TO LCvR 7(m)**

Pursuant to Local Civil Rule LCvR 7(m), the undersigned Claimant, Nivedita Kaul, proceeding pro se, certifies that she conferred with counsel for the United States, AUSA Rick Blaylock, Asset Forfeiture Coordinator, U.S. Attorney's Office for the District of Columbia, regarding the relief sought in Claimant's Motion for Emergency Preliminary Injunction; to Bifurcate Action and Advance Trial on the Merits as to Wallet 0x82e; and in the Alternative for Dismissal of the Forfeiture as to Wallet 0x82e.

On July 21, 2026, AUSA Blaylock informed Claimant in writing that the government OPPOSES the relief sought in the Motion. As stated on July 9, 2026, the government's position is that Claimant's funds "are not traceable to this case (25-cv-1907)" and that the government intends to move to strike Claimant's verified claim, while offering that Claimant may withdraw her claim voluntarily without prejudice to filing a petition for remission.

Dated: July 23, 2026

Respectfully submitted,

-11-

-12-

/s/ Nivedita Kaul

Nivedita Kaul, Claimant, Pro Se

5001 Ramon Road, Building 3 #1005

Palm Springs, CA 92264

Tel: +1 724 413 8167

nivie@digitaldefendersgroup.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was electronically filed with the Clerk

of Court on this 23rd day of July 2026 by using the CM/ECF system, which will send a notice

of electronic filing to the following CM/ECF participant(s): All Counsel and Parties of Record.

/s/ Nivedita Kaul

Nivedita Kaul, Claimant, Pro Se

5001 Ramon Road, Building 3 #1005

Palm Springs, CA 92264

Tel: +1 724 413 8167

nivie@digitaldefendersgroup.org

-13-