# EXHIBIT I



**Nivie Kaul <nivie@digitaldefendersgroup.org>**

## RE: Conferral Re: [EXTERNAL] 25-cv-1907 US v. 225,364,961 USDT: Infiniweb Claim (ECF 23) — Public-Record Memorandum

1 message

---

**Blaylock Jr, Rick (USADC)** <Rick.Blaylock.Jr@usdoj.gov>       Tue, Jul 21, 2026 at 3:57 PM
To: Nivie Kaul <nivie@digitaldefendersgroup.org>
Cc: "Aftab, Jafer (USADC)" <Jafer.Aftab@usdoj.gov>

Ms. Kaul,

Understood, and thank you for reaching out. We are opposed.

Rick Blaylock
Assistant United States Attorney
Asset Forfeiture Coordinator
United States Attorney's Office
District of Columbia

Desk: (202) 252-6765

Cell: (202) 803-1627

---

**From:** Nivie Kaul <nivie@digitaldefendersgroup.org>
**Sent:** Tuesday, July 21, 2026 4:41 PM
**To:** Blaylock Jr, Rick (USADC) <Rick.Blaylock.Jr@usdoj.gov>
**Cc:** Aftab, Jafer (USADC) <Jafer.Aftab@usdoj.gov>
**Subject:** Conferral Re: [EXTERNAL] 25-cv-1907 US v. 225,364,961 USDT: Infiniweb Claim (ECF 23) — Public-Record Memorandum

Mr. Blaylock,

I am writing pursuant to LCvR 7(m) to confer before filing an emergency motion and a nondispositive motion in the above-captioned action.

I intend to file: (1) a motion for an emergency preliminary injunction; (2) a motion to bifurcate and advance trial; and (3) in the alternative, a motion to dismiss the forfeiture as to Wallet 0x82e. The motion is based on the Turkish judicial seizure of Wallet 0x82e predating the United States' in rem process, the subsequent burn-and-remint of the original tokens, and the urgency created by the Court's upcoming status conference/hearing.

I am aware of the government's position, which you communicated on July 9, 2026, that you intend to move to strike my verified claim and that my funds are not traceable to this case. I am proceeding with this conferral notwithstanding that position, as the rules require.

I am willing to discuss whether the areas of disagreement can be narrowed. Please let me know by Wednesday, July 22, 2026, before 3:00 PM ET if you would like to discuss.

Respectfully,

Case 1:25-cv-01907-AHA   Document 79-11   Filed 07/23/26   Page 3 of 4

Nivedita Kaul
Claimant, Pro Se

nivie@digitaldefendersgroup.org | Ph. 724-413-8167

Founder | Digital Defenders Group (DDG), a U.S. 501(c)(3) Nonprofit, EIN 99-1820914
*LL.M. Human Rights Law | LL.M. Business Law, IP & Compliance*

Forensic Investigations | Investigative Intelligence | Tax Forensics & Relief | Litigation Support | Fraud Victim Advocacy

LinkedIn | DDG Site | DDG LinkedIn | DDG X

🛡️  **Fund the Fight for Victims of Cyber Fraud. Donate to DDG.**

The information contained in this email is intended solely for informational purposes and does not constitute legal advice. No attorney-client relationship is formed by the sending, receipt, or review of this email. Recipients should consult with their own legal counsel for advice regarding any specific legal matter. The transmission of this email does not imply or create an attorney-client relationship between the sender and the recipient.

This email contains proprietary information, which is confidential and legally privileged. It is for the intended recipient only. Investigative findings, intelligence, and case-related information shared by DDG remain proprietary work product and may not be disclosed to third parties without prior written authorization from DDG. If you are not the intended recipient, you must not peruse, use, or disseminate this email or its attachments. If you have received this in error, please notify us immediately and delete this email.

On Thu, Jul 9, 2026 at 3:44 PM Blaylock Jr, Rick (USADC) <Rick.Blaylock.Jr@usdoj.gov> wrote:

> Confirming that we received your email, Ms. Kaul. We appreciate you reaching out.
>
> Coincidentally, I was planning to contact you today. Our colleagues at the U.S. Attorney's Office for Colorado filed a case that is traceable to your loss. Unfortunately, I don't have a case number, but they should be reaching out to you shortly about a petition for remission. In case they don't, the asset forfeiture chief in that office is Tonya Andrews: Tonya.Andrews@usdoj.gov.
>
> On that note, after consulting with our case agents, and the agents you spoke with previously, our position is that your funds are not traceable to this case (25-cv-1907). As a result, we intend to move to strike your claim. You may withdraw it voluntarily, and doing so would not prevent you from filing a petition for remission in our case. I'm happy to explain the remission process, and you may also consult with Tonya Andrews to make sure what I am telling you is correct. We do not intend to file imminently, but I want to make you aware that this is our position. Notwithstanding, we still intend to compensate victims.
>
> Rick Blaylock
> Assistant United States Attorney
> Asset Forfeiture Coordinator
> United States Attorney's Office
> District of Columbia
>
> Desk: (202) 252-6765
>
> Cell: (202) 803-1627
>
> ---
>
> **From:** Nivie Kaul <nivie@digitaldefendersgroup.org>
> **Sent:** Thursday, July 9, 2026 6:25 PM
> **To:** Blaylock Jr, Rick (USADC) <Rick.Blaylock.Jr@usdoj.gov>

**Cc:** Aftab, Jafer (USADC) <Jafer.Aftab@usdoj.gov>
**Subject:** [EXTERNAL] 25-cv-1907 US v. 225,364,961 USDT: Infiniweb Claim (ECF 23) — Public-Record Memorandum

Dear Mr. Blaylock and Mr. Aftab,

I write in my capacity as a verified claimant in 25-cv-1907 US v. 225,364,961 USDT action (ECF No. 53).

As the government reportedly prepares to present a tiered settlement proposal to the Money Laundering, Narcotics and Forfeiture Section, I am providing the following research memorandum for the government's immediate attention.

See attached: Kaul - 25-cv-1907 US v. 225M USDT Infiniweb Claim - Public Source Memorandum.pdf

The memorandum is compiled exclusively from public and official sources: filings on the docket of this action; company records issued by the Accounting and Corporate Regulatory Authority of Singapore (ACRA); the online Business Registration database of the Kingdom of Cambodia; records of the Securities and Exchange Commission of the Republic of the Philippines; a record of the House of Representatives of the Republic of the Philippines; and publicly available social-media postings preserved by capture and archive.

The material concerns the individual who executed the verification of Infiniweb Technology Inc.'s claim (ECF No. 23 at 4) and corporate and recruitment records that appear, on the face of the public registries, to be connected to that individual. Each statement is attributed to its source, and each registry document carries an official authentication or registration number by which the government can independently obtain and verify its own copy.

These records bear directly on the credibility of Infiniweb's verified claim and the completeness of its responses to the government's special interrogatories (ECF No. 47). I make no allegation of unlawful conduct by any person or entity; the memorandum records what the public sources state, and refrains from conclusions. The government may draw its own conclusions regarding the legitimacy of Infiniweb's claim to innocent-owner status under 18 U.S.C. § 983(d).

This memorandum reflects a preliminary review of publicly available records. Additional proprietary intelligence, witness materials, and registry records are being preserved for use in these proceedings and related referrals.

I am placing the government on notice of these facts before any settlement, distribution, or tiered proposal involving Infiniweb Technology Inc. is approved. The underlying capture files, archive links, and registry documents are available on request.

Respectfully submitted,

Nivedita Kaul
Verified Claimant (ECF No. 53), pro se

nivie@digitaldefendersgroup.org | Ph. 724-413-8167

Founder | Digital Defenders Group (DDG), a U.S. 501(c)(3) Nonprofit, EIN 99-1820914
*LL.M. Human Rights Law | LL.M. Business Law, IP & Compliance*

Forensic Investigations | Investigative Intelligence | Tax Forensics & Relief | Litigation Support | Fraud Victim Advocacy

LinkedIn | DDG Site | DDG LinkedIn | DDG X

🛡 **Fund the Fight for Victims of Cyber Fraud. Donate to DDG.**

The information contained in this email is intended solely for informational purposes and does not constitute legal advice. No attorney-client relationship is formed by the sending, receipt, or review of this email. Recipients should consult with their own legal counsel for advice regarding any specific legal matter. The transmission of this email does not imply or create an attorney-client relationship between the sender and the recipient.

This email contains proprietary information, which is confidential and legally privileged. It is for the intended recipient only. Investigative findings, intelligence, and case-related information shared by DDG remain proprietary work product and may not be disclosed to third parties without prior written authorization from DDG. If you are not the intended recipient, you must not peruse, use, or disseminate this email or its attachments. If you have received this in error, please notify us immediately and delete this email.