**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

      Plaintiff,

    v.

APPROXIMATELY 225,364,961 USDT

      Defendant, *in rem*.

Civil Action No. 25-cv-1907-AHA

**[PROPOSED] ORDER GRANTING EMERGENCY PRELIMINARY INJUNCTION**

Upon consideration of Claimant Nivedita Kaul's Motion for Emergency Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(a) and Local Civil Rule 65.1, the accompanying Memorandum of Points and Authorities, the Declaration of Nivedita Kaul and the exhibits thereto, any opposition and reply thereto, and the entire record in this matter, and for good cause shown, it is hereby ORDERED that the Motion is GRANTED.

The record reflects that the wallet identified as 0x82e1d4ddd636857ebcf6a0e74b9b0929c158d7fb ("Wallet 0x82e") was placed under the judicial custody of the Republic of Turkey pursuant to Decision No. 2023/5986, issued by the Ankara West 1st Criminal Judgeship of Peace on August 11, 2023, and that Tether Limited confirmed compliance with that seizure order in writing on October 11, 2023 — both preceding the Warrant for Arrest In Rem obtained on or about May 1, 2025, and the Verified Complaint filed on June 18, 2025, identifying "Approximately 225,364,961 USDT" as the defendant property in this action. The record further reflects that the original USDT tokens held in Wallet 0x82e were subsequently burned and replacement tokens reissued into the custody of the United States Marshals Service.

For the reasons set forth in the Memorandum of Points and Authorities, the Court finds that Claimant has demonstrated a likelihood of success on the merits of her claim of priority of title to Wallet 0x82e; that she would suffer irreparable harm from any settlement, distribution, or further alteration of the res before her claim is adjudicated; and that the balance of the equities and the public interest favor preservation of the status quo.

IT IS FURTHER ORDERED that, pending final adjudication of Claimant's priority of title to Wallet 0x82e:

1. The United States, the United States Marshals Service, and all persons acting in concert or participation with them are RESTRAINED from settling, disposing of, transferring, converting, remitting, burning, reminting, reissuing, or otherwise altering, dissipating, or encumbering the res in or derived from Wallet 0x82e, including any USDT or other digital assets traceable thereto, whether held by the United States Marshals Service or Tether Limited;

2. The United States and all persons acting in concert or participation with them are RESTRAINED from commencing or continuing any discretionary administrative remission, equitable sharing, transfer to any general victim fund or government-administered distribution mechanism, or other distribution or disposition of the res attributable to Wallet 0x82e;

3. Pursuant to Federal Rule of Civil Procedure 65(c), no security shall be required of Claimant as a condition of this injunction; and

4. This preliminary injunction shall remain in effect until final adjudication of Claimant's claim to Wallet 0x82e or further order of this Court.

SO ORDERED.


Date: _____


_____

UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action No. 25-cv-1907-AHA |
| APPROXIMATELY 225,364,961 USDT | |
| Defendant, *in rem*. | |

**[PROPOSED] ORDER GRANTING BIFURCATION, ADVANCEMENT OF TRIAL ON THE MERITS, AND RULE 54(b) JUDGMENT AS TO WALLET 0X82E**

Upon consideration of Claimant Nivedita Kaul's Motion to Bifurcate and Advance Trial on the Merits as to Wallet 0x82e pursuant to Federal Rules of Civil Procedure 42(b), 65(a)(2), and 54(b), the accompanying Memorandum of Points and Authorities, any opposition and reply thereto, and the entire record in this matter, and for good cause shown, it is hereby ORDERED that the Motion is GRANTED.

The record reflects that Claimant filed a Verified Claim and Answer asserting her specific interest in the wallet identified as 0x82e1d4ddd636857ebcf6a0e74b9b0929c158d7fb ("Wallet 0x82e"), a discrete and identifiable subset of the defendant property in this multi-claimant action, and that her claim rests on the Republic of Turkey's prior judicial seizure of that wallet rather than on the tracing disputes that bear on the remaining defendant property and claimants.

IT IS FURTHER ORDERED that:

1. Pursuant to Federal Rule of Civil Procedure 42(b), Claimant's claim to Wallet 0x82e is BIFURCATED and severed for separate trial from the balance of this action;

2. Pursuant to Federal Rule of Civil Procedure 65(a)(2), trial on the merits of Claimant's bifurcated claim is ADVANCED and consolidated with the hearing on Claimant's Motion for Emergency Preliminary Injunction, which shall be held on _____, 2026, at _____; and

3. Upon adjudication of Claimant's bifurcated claim, the Court will make the express determination required by Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and will direct entry of partial final judgment as to Wallet 0x82e.

SO ORDERED.

Date: _____

_____
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action No. 25-cv-1907-AHA |
| APPROXIMATELY 225,364,961 USDT | |
| Defendant, *in rem*. | |

**[PROPOSED] ORDER GRANTING ALTERNATIVE DISMISSAL OF THE**

**FORFEITURE AS TO WALLET 0X82E AND APPOINTING RECEIVER FOR**

**PRESERVATION**

Upon consideration of Claimant Nivedita Kaul's alternative Motion to Dismiss the Forfeiture as to Wallet 0x82e pursuant to Federal Rule of Civil Procedure 12(b)(1) and Rule G(8)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the accompanying Memorandum of Points and Authorities, any opposition and reply thereto, and the entire record in this matter, and for good cause shown, it is hereby ORDERED that the Motion is GRANTED.

The record reflects that the wallet identified as 0x82e1d4ddd636857ebcf6a0e74b9b0929c158d7fb ("Wallet 0x82e") was placed under the judicial custody of the Republic of Turkey pursuant to Decision No. 2023/5986, issued by the Ankara West 1st Criminal Judgeship of Peace on August 11, 2023, and that Tether Limited confirmed compliance with that seizure order in writing on October 11, 2023 — both preceding the Warrant for Arrest In Rem obtained on or about May 1, 2025, and the Verified Complaint filed on June 18, 2025, directed at the same res. The record

further reflects that the original USDT tokens held in Wallet 0x82e were subsequently burned and replacement tokens reissued into the custody of the United States Marshals Service.

IT IS FURTHER ORDERED that:

1. The forfeiture action is DISMISSED as to Wallet 0x82e, including the reissued substitute res traceable thereto, for want of subject-matter jurisdiction over that res;

2. This dismissal is conditioned upon the appointment of a receiver, who shall be a neutral third party unaffiliated with any party to this action;

3. Within fourteen (14) days of the date of this Order, the parties shall jointly — or, if unable to agree, separately — submit to the Court the names and qualifications of one or more proposed neutral receivers, and the Court will appoint the receiver by further order;

4. The receiver's authority shall be strictly and exclusively limited to the custodial preservation of the reissued substitute res currently held by the United States government, pending resolution of the Turkish criminal recovery proceedings and the parallel United Kingdom recovery proceedings. The receiver shall have no authority to adjudicate victim claims, process remission applications, or distribute the res in any manner, nor to transfer or commingle the res with any general victim fund, government-administered remission pool, equitable sharing program, or other asset-forfeiture distribution mechanism;

5. The receiver shall hold the reissued substitute res in its current form, without conversion or liquidation, pending resolution of the Turkish and United Kingdom recovery proceedings referenced above; and

6. Pending appointment of the receiver and transfer of the res to the receiver's custody, the United States and the United States Marshals Service shall preserve the reissued substitute res without alteration, transfer, encumbrance, or other disposition.

SO ORDERED.

Date: _____

_____
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

APPROXIMATELY 225,364,961 USDT

      Defendant, *in rem*.

Civil Action No. 25-cv-1907-AHA

**[PROPOSED] ORDER APPOINTING RECEIVER PENDENTE LITE
AS TO WALLET 0X82E**

Upon consideration of Claimant Nivedita Kaul's Motion, the accompanying Memorandum of Points and Authorities, any opposition and reply thereto, and the entire record in this matter, and the Court having granted bifurcation and advancement of trial on the merits as to the wallet identified as 0x82e1d4ddd636857ebcf6a0e74b9b0929c158d7fb ("Wallet 0x82e"), and for good cause shown, it is hereby ORDERED that a receiver shall be appointed to hold the res attributable to Wallet 0x82e pendente lite.

The record reflects that Claimant has filed a Verified Claim asserting a prior judicial interest in Wallet 0x82e arising from the Republic of Turkey's seizure of that wallet pursuant to Decision No. 2023/5986, issued by the Ankara West 1st Criminal Judgeship of Peace on August 11, 2023; that the original USDT tokens held in Wallet 0x82e have already been burned once and replacement tokens reissued; and that preservation of the reissued substitute res in neutral custody pending final adjudication of Claimant's bifurcated claim is warranted.

IT IS FURTHER ORDERED that:

1. Within fourteen (14) days of the date of this Order, the parties shall jointly, or, if unable to agree, separately, submit to the Court the names and qualifications of one or more proposed

neutral receivers, each of whom shall be unaffiliated with any party to this action, and the Court will appoint the receiver by further order;

2. The receiver's authority shall be strictly and exclusively limited to the custodial preservation of the reissued substitute res currently held by the United States government, pending final adjudication of Claimant's bifurcated claim to Wallet 0x82e. The receiver shall have no authority to adjudicate victim claims, process remission applications, or distribute the res in any manner, nor to transfer or commingle the res with any general victim fund, government-administered remission pool, equitable sharing program, or other asset-forfeiture distribution mechanism;

3. The receiver shall hold the reissued substitute res in its current form, without conversion or liquidation, pending final adjudication of Claimant's bifurcated claim; and

4. Pending appointment of the receiver and transfer of the res to the receiver's custody, the United States and the United States Marshals Service shall preserve the reissued substitute res without alteration, transfer, encumbrance, or other disposition.

SO ORDERED.


Date: _____


_____
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

      Plaintiff,

    v.

APPROXIMATELY 225,364,961 USDT

      Defendant, *in rem*.

Civil Action No. 25-cv-1907-AHA

**[PROPOSED] ORDER PERMITTING LIMITED DISCOVERY**
**AS TO WALLET 0X82E**

Upon consideration of Claimant Nivedita Kaul's Motion, the accompanying Memorandum of Points and Authorities, any opposition and reply thereto, and the entire record in this matter, and for good cause shown, it is hereby ORDERED that the Motion is GRANTED as to limited discovery.

IT IS FURTHER ORDERED that:

1. Claimant is granted leave to take limited discovery, pursuant to Rule G(8)(c)(ii)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and Federal Rules of Civil Procedure 26 and 34, confined to: (a) the custody, control, and chain of custody of Wallet 0x82e and of the reissued substitute res; (b) documents and communications between the United States, including its agencies, and Tether Limited concerning the Turkish seizure of Wallet 0x82e, the compliance confirmation of October 11, 2023, the freeze of November 20, 2023, and the burn and reissue of the original tokens; and (c) the government's knowledge of Decision No. 2023/5986 prior to the burn and reissue;

2. Such discovery shall be completed within sixty (60) days of the date of this Order, or on such other schedule as the Court may set;

3. Adjudication of any motion to strike Claimant's Verified Claim shall be deferred pending completion of that discovery; and

4. This Order does not open general merits discovery, which shall proceed as otherwise ordered by the Court.

SO ORDERED.


Date: _____


_____
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

APPROXIMATELY 225,364,961 USDT

      Defendant, *in rem*.

Civil Action No. 25-cv-1907-AHA

**[PROPOSED] ORDER IMPOSING SPOLIATION SANCTIONS
AS TO WALLET 0X82E**

Upon consideration of Claimant Nivedita Kaul's Motion, the accompanying Memorandum of Points and Authorities, any opposition and reply thereto, and the entire record in this matter, and for good cause shown, it is hereby ORDERED that the Motion is GRANTED as to spoliation sanctions.

The record reflects that the wallet identified as 0x82e1d4ddd636857ebcf6a0e74b9b0929c158d7fb ("Wallet 0x82e") was under the judicial custody of the Republic of Turkey pursuant to Decision No. 2023/5986, issued by the Ankara West 1st Criminal Judgeship of Peace on August 11, 2023; that the original USDT tokens held in Wallet 0x82e were thereafter burned and replacement tokens reissued without United States judicial authorization, no warrant having issued until on or about May 1, 2025; and that the destruction of the original tokens eliminated on-chain evidence material to the questions of nexus and priority as to Wallet 0x82e.

IT IS FURTHER ORDERED that:

1. An adverse inference shall be drawn against the United States on the questions of substantial connection under 18 U.S.C. § 983(c)(3) and priority of custody as to Wallet 0x82e, being the questions to which the destroyed original tokens were material;

2. The United States is PRECLUDED from offering tracing theories, analyses, or work product dependent on the destroyed original tokens in support of the forfeiture as to Wallet 0x82e;

3. The United States shall bear the burden of establishing forfeitability as to Wallet 0x82e by evidence independent of the destroyed original res; and

4. Should the United States fail to carry its burden under 18 U.S.C. § 983(c) as to Wallet 0x82e by such independent evidence, forfeiture as to Wallet 0x82e shall be DENIED.

SO ORDERED.


Date: _____


_____
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action No. 25-cv-1907-AHA |
| APPROXIMATELY 225,364,961 USDT | |
| Defendant, *in rem*. | |

**[PROPOSED] ORDER SUPPRESSING THE FRUITS OF THE
NOVEMBER 2023 WARRANTLESS FREEZE**

Upon consideration of Claimant Nivedita Kaul's Motion, the accompanying Memorandum of Points and Authorities, any opposition and reply thereto, and the entire record in this matter, and for good cause shown, it is hereby ORDERED that the Motion is GRANTED as to suppression.

The record reflects that the freeze of the wallet identified as 0x82e1d4ddd636857ebcf6a0e74b9b0929c158d7fb ("Wallet 0x82e") effected on or about November 20, 2023 constituted state action subject to the Fourth Amendment; that no judicial authorization issued until the Warrant for Arrest In Rem obtained on or about May 1, 2025; and that the exclusionary rule applies in civil forfeiture proceedings. One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693 (1965).

IT IS FURTHER ORDERED that:

1. The following are SUPPRESSED and shall not be received in evidence in support of the forfeiture as to Wallet 0x82e: (a) the records of the November 20, 2023 freeze and of the government's control of Wallet 0x82e; (b) the custody chain records of the reissued substitute

tokens; and (c) tracing analyses and work product derived from the government's control of Wallet 0x82e between November 20, 2023 and on or about May 1, 2025;

2. The United States may seek to establish, as to any specific item of evidence, that it derives from a source independent of the warrantless freeze or is sufficiently attenuated from it, and shall bear the burden on any such showing.

SO ORDERED.

Date: _____

_____
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

APPROXIMATELY 225,364,961 USDT

        Defendant, *in rem*.

Civil Action No. 25-cv-1907-AHA

**[PROPOSED] ORDER REQUIRING RESPONSE TO CONFLICT NOTICE AND**
**AFFORDING CLAIMANT'S RIGHTS UNDER 18 U.S.C. § 3771**

Upon consideration of Claimant Nivedita Kaul's Motion, the accompanying Memorandum of Points and Authorities, any opposition and reply thereto, and the entire record in this matter, and for good cause shown, it is hereby ORDERED that:

1. Within fourteen (14) days of the date of this Order, the United States shall respond in writing to Claimant's conflict notice of June 17, 2026, and shall disclose to the Court whether, and to what extent, it has investigated the asserted non-waivable conflicts of counsel for Claimants 1-118;

2. Claimant shall be afforded the rights of a crime victim under 18 U.S.C. § 3771 in connection with any proceedings concerning the disposition of the res attributable to Wallet 0x82e, including the reasonable right to confer with the attorney for the government, the right to be reasonably heard, and the right to reasonable, accurate, and timely notice of any proposed settlement, remission, or other disposition of that res; and

3. No settlement, consent judgment, or stipulated disposition of the res attributable to Wallet 0x82e shall be presented for approval without prior notice to Claimant and an opportunity for Claimant to be heard.

SO ORDERED.


Date: _____


_____
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

APPROXIMATELY 225,364,961 USDT

      Defendant, *in rem*.

Civil Action No. 25-cv-1907-AHA

**[PROPOSED] ORDER GRANTING LEAVE TO SUPPLEMENT THE RECORD**

Upon consideration of Claimant Nivedita Kaul's Motion, the accompanying Memorandum of Points and Authorities, any opposition and reply thereto, and the entire record in this matter, and for good cause shown, it is hereby ORDERED that:

1. Claimant is GRANTED leave, pursuant to Federal Rule of Civil Procedure 44.1, to file expert legal opinions on the laws of the Republic of Türkiye and of the United Kingdom bearing on the Turkish judicial seizure of Wallet 0x82e, and on the parallel United Kingdom recovery proceedings;

2. Claimant is GRANTED leave to file supplemental certified translations, with apostille where applicable, of records from the Turkish judicial proceedings, including the indictment and the seizure record; and

3. Such supplemental materials shall be filed within twenty-one (21) days of the filing of Claimant's Motion, or within such further time as the Court may allow.

SO ORDERED.

Date: _____

_____
UNITED STATES DISTRICT JUDGE