# EXHIBIT F

# EXHIBIT F

## TABLE OF CONTRADICTORY STATEMENTS IN DOC. 91 AND THE RECORD

Claimant submits this table as a demonstrative aid. It compiles statements from the Government's Motion to Strike (Doc. 91), its exhibits and proposed order (Doc. 91-12), the Verified Complaint (Doc. 1), the official transcript of the July 23, 2026 hearing, and this Court's Protective Order (Doc. 88). **Every quotation is verbatim from the cited document; all emphasis is added.** Page references to Doc. 91 use its own page numbers. The table is offered to show that the quoted statements appear where cited and cannot all be accurate; it is offered for no other purpose.

| No. | The Government states | The record states | Why both cannot stand |
|---|---|---|---|
| 1 | "The United States Secret Service ("USSS") **began this investigation on January 9, 2023**." Doc. 91 at 2; see also id. at 3 ("ten days after this investigation started"). | "**In November 2023**, the USSS San Francisco Field Office initiated an investigation." Verified Complaint, Doc. 1, para. 50. | Both are the Government's own filed statements; both cannot be accurate. The January date is the foundation of the assertion that the investigation predates Claimant's January 18, 2023 report. |
| 2 | "The USSS undertook tracing using established accounting methods and advised Kaul that her property **did not trace** to the defendant property." Doc. 91 at 16. | Exhibit 7 to Doc. 91 records that a December 21, 2022 transfer of 200,000 USDT "**included 55,988.74 USDT in proceeds traceable to your fraud**," and limits its finding to the "current balance in this wallet address." Doc. 91, Ex. 7. | The exhibit filed in support of "no trace" documents a successful partial trace with an expressly limited scope. |
| 3 | "advised Kaul that her property **did not trace** to the defendant property." Doc. 91 at 16. | "her loss **may be traceable** to an action in the District of Colorado." Doc. 91 at 10. | The same loss is described as untraceable where that supports striking the claim, and as traceable where it redirects Claimant to another forum. |
| 4 | "the United States left open the possibility to **invite** Ms. Kaul to the | "**Kaul claims she was excluded** from settlement negotiations." - presented in the | The Introduction concedes that Claimant was not a participant in the |

| No. | The Government states | The record states | Why both cannot stand |
|---|---|---|---|
| | tentative agreement **once approved** by the Deputy Attorney General. Based on scandalous misrepresentations by Ms. Kaul to this Court and the public, **that door is now closed**." Doc. 91 at 1. | "Record Correction" as a statement requiring correction. Doc. 91 at 11. | negotiation and is now excluded; the Record Correction treats the same fact as a misrepresentation. |
| 5 | "**A judicial claim** and petition for remission **each independently provide Kaul with an adequate remedy at law**." Doc. 91 at 19. | "this Court should **strike Kaul's Verified Claim**, Answer, and Emergency Motion for a Preliminary Injunction . . . ." Doc. 91 at 20. | The motion asks the Court to eliminate one of the two remedies it describes as adequate. |
| 6 | "Kaul . . . may still be **compensated through remission**." Doc. 91 at 15; see also id. at 1, 18-19. | Government counsel at the July 23, 2026 hearing: the settlement "is **not agreeing to compensate any specific victim any specific amount of money**" (Tr. 40:14-16); remission "starts at the end of the case . . . **once there is an order of forfeiture, that's when remission begins**" (Tr. 55:15-19). Doc. 84. | By the Government's own description, remission promises no specific person any specific amount, is discretionary, and begins only after the property is forfeited. That is not an adequate remedy at law. |
| 7 | "It appears Kaul is **representing another interest**, as an “international lawyer,” in a United States District Court, without an identified American bar license." Doc. 91 at 11. | "Kaul-and her mother and **anyone else she may represent**-may still be compensated through remission through individual petitions." Doc. 91 at 15; see also id. at 1 ("others whom she may represent through remission"). | Representation of others is characterized as unauthorized practice when before this Court, and simultaneously proposed as Claimant's path in the Government's own administrative process. |
| 8 | "The putative preliminary injunction, **as Rule 12(f) proscribes of responsive pleadings**, is redundant, immaterial, impertinent, | Rule 12(f) reaches only matter "**from a pleading**"; a motion is not a pleading. Fed. R. Civ. P. 7(a), 12(f). Doc. 91 itself then invokes "[t]he **analogous** provision." Doc. 91 at 20. | The sentence names the rule’s limitation - responsive pleadings - while applying the rule to a motion, and "analogous" |

| No. | The Government states | The record states | Why both cannot stand |
|---|---|---|---|
| | and scandalous." Doc. 91 at 19. | | concedes the rule does not directly apply. |
| 9 | Parenthetical describing Supp. R. G(8)(c)(ii): "holding that the United States's motion to strike must be reached first regarding standing and if successful, there is **no need to reach a potential claimant's motion who lacks standing**." Doc. 91 at 18-19. | The rule: the motion "must be decided before any motion by the claimant **to dismiss the action**." Supp. R. G(8)(c)(ii)(A). | The paraphrase omits "to dismiss the action" - the words that confine the sequencing rule to only one category of motion. |
| 10 | "this Court should strike Kaul's **Verified Claim, Answer, and Emergency Motion for a Preliminary Injunction** . . . ." Doc. 91 at 20. | The proposed order: "**the documents filed by Nivedita Kaul** are hereby struck from the record." Doc. 91-12. | The proposed order strikes every document Claimant has filed - including the Status Report [Doc. 89] that the Court required - relief the motion itself does not request. |
| 11 | "so that she may be **treated justly like all other potential claimants** to file a petition for remission." Doc. 91 at 18. | The Court, July 23, 2026: "**inclined to deny the government's motion to strike**" the other claimants' claims - "they have got standing to be in front of me at this stage" (Tr. 42:9-15); Claimant "**would have equal right as any of the claimants** to participate in that process" (Tr. 46:4-7). Doc. 84. | The other claimants remain claimants and settlement participants; only Claimant would be removed to the remission queue. That is not like treatment. |
| 12 | Government counsel at the hearing: "we would need to do **more discovery on standing, and so specifically special interrogatories**." Tr. 34:20-22, Doc. 84. | Doc. 91 seeks to strike Claimant's claim on the papers, before any discovery, relying in part on sealed material not served on her. Doc. 91 at 14, 16-18; Docs. 92-93. | The process the Government told the Court that standing questions require is the process this motion would deny to Claimant. |

| No. | The Government states | The record states | Why both cannot stand |
|---|---|---|---|
| 13 | "That District Attorney's Office **notified USSS on January 19, 2023**, who contacted Kaul on the same day." Doc. 91 at 4. Claimant wrote on June 6, 2023 to "ensure that **my claim is staked for restitution** from those funds." Doc. 91 at 7. | Supp. R. G(4)(b): the Government "**must send notice** of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government." Doc. 91 argues untimeliness solely from publication and nowhere asserts that direct notice was sent to Claimant. Doc. 91 at 1-2, 17-18. | The exhibits offered against Claimant's credibility establish that she was a known potential claimant, with a claim staked in writing to the Government, two years before the Complaint. The motion is silent on the direct-notice obligation those facts triggered. |
| 14 | "**For the sole purpose of proving DDG's assertion about the settlement false**, the tentative settlement . . . is **attached under seal**. See Ex. 13 (under seal)." Doc. 91 at 14. | Protective Order, Doc. 88, sec. 15: "this Order **does not, by itself, authorize the filing of any document under seal**"; LCvR 5.1(h)(1) (sealed filing "shall be accompanied by a motion to seal"); Certification of Service listing the "Motion . . . the Proposed Order, and exhibits" and describing service on Claimant as a "**courtesy copy**" - omitting Docs. 92-93. Doc. 91 at 21. | The motion relies on sealed material filed without the required motion to seal, one week after the Court's explicit reminder, and never served on the party against whom it is offered. Evidence kept secret from its target cannot prove anything against her; evidence that proves something must be served. |
| 15 | Exhibit 10 is captioned "**Statement by Jan Santiago, DDG.**" Doc. 91 at 13. | The Government's own separately filed attachment is captioned "**Statement by Tao Liao, DDG,**" and the post it reproduces is authored by Tao Liao. Doc. 91-10 at 1. | The memorandum's caption and the Government's own filed attachment disagree about who made the statement. A filing styled as a "Record Correction" misattributes the authorship of its own exhibit. |
| 16 | Exhibit 5 is captioned "**USSS Response to Kaul on January 30, 2023.**" Doc. 91-5 at 1. | The e-mail Exhibit 5 reproduces is dated "**Wednesday, February 22, 2023 7:19 PM.**" Doc. 91-5 at 1. | A second exhibit caption that misdescribes its own contents (see Row 15). |