**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,
Plaintiff,
v.
APPROXIMATELY 225,364,961 USDT
Defendant, in rem.

Civil Action No. 25-cv-01907-AHA

**STATUS REPORT OF CLAIMANT NIVEDITA KAUL**

**TO THE HONORABLE COURT:**

Claimant Nivedita Kaul respectfully submits this status report pursuant to the Court's Minute Order of August 7, 2026. Citations follow Doc. 89: "Doc." refers to the docket and "Tr." to the certified transcript of the July 23, 2026 hearing.

## I. WHY THIS REPORT IS FILED SEPARATELY

1. The August 7 Order directs "the parties" to file a joint status report. Claimant is a party of record: her Verified Claim (Doc. 53) and Answer (Doc. 54) are on file and have not been stricken (Tr. 54:3-5). She is not a party to the settlement discussions among the parties self-described in Doc. 85 as the "2025 Parties," and Doc. 85 states that "the proposed settlement framework would not address the motions filed by" Claimant (Doc. 85 at 2). Not being included in the settlement, she files individually, consistent with the Court's direction for the prior round of reports that a party outside the joint group "can file your own status report" (Tr. 60:8-9; see Minute Order of July 24,

2026). Claimant's report under the July 24 Order was entered on the docket (Docs. 89, 90) after the August 7 Order was issued; its positions are cross-referenced below rather than repeated.

## II. STATUS SINCE THE COURT'S AUGUST 7 ORDER

2. *Settlement.* Claimant has had no contact from any of the 2025 Parties about the settlement, has not been shown its terms, and has not been asked her position on them. The Government has since informed the Court that it had "left open the possibility to invite Ms. Kaul to the tentative agreement once approved by the Deputy Attorney General," but that "that door is now closed" (Doc. 91 at 4). Claimant's position is unchanged from Doc. 89 sections II and V and is not repeated here: her claim is a secured, specific-property claim to one of the seven token groups, Token Group G (Wallet 0x82e), and it cannot be resolved by a process from which she is excluded.

3. *The 2025 Parties' Joint Status Report.* Doc. 96, filed today, states that "the 2025 Parties are not seeking a stay of either of these motions, which would not be resolved by the pending agreement in principle" (Doc. 96 at 2). The Government joined that statement (Doc. 96 at 3). Claimant agrees: her claim to Wallet 0x82e (Token Group G) stands apart from the 2025 Parties' settlement. The consequence follows from their own characterization. If the settlement would not resolve Claimant's claim, it should be bifurcated from the settlement disposition and decided on its own schedule, as Doc. 79 requests under Federal Rules of Civil Procedure 42(b), 65(a)(2), and 54(b). Bifurcation within this case - not severance or transfer - keeps the res before this Court and preserves its jurisdiction over the competing claims to the same property. Doc. 96 also states that the 2025 Parties "requested that the Court stay motion practice between the 2025 Parties" and that "the Court issued the requested stay" (Doc. 96 at 1). Doc. 85 asked the Court to hold four specified motions in abeyance (Docs. 28, 29, 44, 50) (Doc. 85 at 2) and told the Court that "in the interim"

the Government “will continue to address any motion practice by all non-settling parties" (Doc. 85 at 1); it did not request a stay of the entire case. The Court's August 7 Minute Order went further than what was requested. The 2025 Parties' characterization does not control the scope of the stay or its effect on Claimant's motions.

4. *Service of sealed materials accompanying Doc. 91.* Doc. 91 was filed with two companion documents under seal, Docs. 92 and 93, and also references a sealed Exhibit 13, which the Government describes as "the tentative settlement ... attached under seal" for "the sole purpose of proving DDG's assertion about the settlement false" (Doc. 91 at 17). The Government asks the Court to rely on a sealed document that has not been served on Claimant. None of these sealed materials has been served on Claimant. On August 28, 2026, Claimant conferred with the Government counsel regarding compelling service of Docs. 92 and 93, stating that she would file. The response, in full, was: "The government is opposed." One week has passed since Doc. 94 was filed on the same day, and no service of any sealed material has been effected; no motion to seal has been filed under LCvR 5.1(h)(1) and Doc. 88; and no cure has been attempted. Under Fed. R. Civ. P. 5(b)(2)(E), electronic service "is not effective if the filer or sender learns that it did not reach the person to be served." The Government was informed that the sealed papers did not reach her; service is not effective, and the same exchange confirms the LCvR 5.4(d)(2) point: Claimant had no electronic service of the sealed filings; the Government filed no certificate of paper service.

5. *Motions pending.* Three motions are pending, none with a schedule:

(a) Claimant's emergency motion as to Wallet 0x82e (Doc. 79, filed July 23, 2026). No opposition to Doc. 79 has been filed (the Government's Doc. 91 moves to strike it rather than oppose it), and no briefing schedule has been set. Doc. 79 also sought leave to take limited discovery (Doc. 79 at 9, ¶ 5).

(b) The Government's motion to strike Claimant's Verified Claim, Answer, and emergency motion (Doc. 91), filed August 14, 2026, one week into the stay, with two companion filings under seal (Docs. 92 and 93). No response deadline has been set. The 2025 Parties state that they are "not seeking a stay of either of these motions" (Doc. 96 at 2). If Doc. 91 is not stayed, Claimant's Doc. 79 - which seeks bifurcation and preliminary injunctive relief as to Wallet 0x82e - must proceed on a reciprocal schedule.

(c) Claimant's motion to defer ruling on Doc. 91, to compel service of Docs. 92 and 93, to strike or disregard specified exhibits, for an extension of time, and for protective relief (Doc. 94, filed August 28, 2026). The Government stated in writing on August 28 that it opposes that relief, and Doc. 94 was filed on the fourteenth day after service of Doc. 91 and includes a timely request for an extension of Claimant's time to oppose it (Doc. 94, Prayer ¶ 2). No opposition has been filed.

6. *The record on custody of the defendant property.* At the hearing, the Court asked when and how the defendant property was brought into this District, and whether the Marshals held the wallet or the key phrases; the Government undertook to supplement the record on those questions (Tr. 27:19-20; 28:12-15). Nothing has been filed. Claimant's transaction map of the reissued property (Doc. 89, Exhibit A and Appendix) and her request in Doc. 89 section VI remain before the Court. The Government's "Record Correction" in Doc. 91 relies on Exhibit 1, a January 9, 2023 USSS voluntary freeze request, to establish that the investigation began on that date (Doc. 91 at 5). That request concerned Token Group A, a different address, and Tether declined it the next day (Doc. 91 at 5). It names two addresses; the visible one is Token Group A, and the second is redacted (Doc. 94, Prayer ¶ 7). The Verified Complaint describes a separate November 20, 2023 request to Tether covering the subject addresses (Doc. 1 ¶ 172) but does not mention the Turkish judicial

seizure order (Decision No. 2023/5986, August 11, 2023) or Tether's October 11, 2023 confirmation of compliance with it, which Claimant has documented in Docs. 53, 79, and 89. The complaint further describes each token group's tokens as "burned and reissued pursuant to their seizure" (Doc. 1 ¶¶ 209, 213, 216, 220, 224, 227, 230) but does not state when the burn and reissue occurred, by whose instruction, or to what addresses. Claimant accordingly asks that the Government's supplement state, for each of the seven subject addresses: (a) when the address was first frozen, what legal or procedural basis authorized the freeze, and which person, agency, prosecutor, court, exchange, or other entity requested or initiated it, including whether it was based on a voluntary request or a judicial order; (b) when the original tokens were burned and reissued, by whose instruction, and to what addresses, and what the Government knew about Decision No. 2023/5986 and Tether's October 11, 2023 confirmation of compliance with it before the burn and reissue was directed or requested; and (c) the chain of custody from Tether to the U.S. Marshals Service to FBI custody, including who controlled each wallet at each stage.

## III. THE STAY, CLAIMANT'S DEADLINES AND NOTICE UNDER RULES 15(a) AND 44.1

7. As noted in ¶3, Doc. 85 represented that the Government would continue to address non-settling party motion practice, and Doc. 96 now states that the 2025 Parties "are not seeking a stay of either" Doc. 79 or Doc. 91 (Doc. 96 at 2). Doc. 96 does not mention Doc. 94. Claimant does not agree that the stay can suspend the 2025 Parties' motions at their request while a motion against her proceeds on a record she has not been permitted to see. Either all three motions concerning Claimant are scheduled, with Docs. 92 and 93 served before her time to oppose Doc. 91 runs, or none proceeds against her while the stay stands.

8. *Notice under Rules 15 and 44.1.* Claimant gave notice in Doc. 94 of her intent to seek leave under Rule 15(a)(2) to amend Docs. 53 and 54, and Doc. 54 already gave notice under Rule 44.1 of the issues of Turkish law. Each is maintained. The Advisory Committee Note to Supplemental Rule G(8)(c) directs that a court should strike a claim only if satisfied that an opportunity to cure should not be afforded under Rule 15. Claimant asks that the Court set a date by which she may file that motion under Rule 15(a)(2) and Local Civil Rule 7(i), before any decision on Doc. 91.

**IV. PROPOSED NEXT STEPS**

9. Claimant proposes the following sequence. It tracks the relief requested in Docs. 79 and 94 and adds nothing on the merits:

(a) a ruling on Doc. 94, in particular on service of Docs. 92, 93, and Exhibit 13 (Fed. R. Civ. P. 5(a)(1)(D); LCvR 5.4(d)(2); Standing Order section 2.C), on their sealing status (LCvR 5.1(h)(1); Doc. 88), and on identification of the redacted address in Exhibit 1 to Doc. 91 (Doc. 94, Prayer ¶ 7);

(b) bifurcation of Wallet 0x82e (Token Group G) from the settlement disposition, as requested in Doc. 79 under Rules 42(b), 65(a)(2), and 54(b), and as supported by the 2025 Parties' own statement that Claimant's motions "would not be resolved by the pending agreement in principle" (Doc. 96 at 2) - keeping the res within this Court and this case;

(c) Claimant's opposition to Doc. 91, and her motion for leave to amend under Rule 15(a)(2), due thirty days after complete service of Docs. 91 through 93 (Doc. 94, Prayer ¶ 2);

(d) decision of Doc. 91 on the pleadings after briefing is complete, and not on the present record;

(e) the Government's supplement on custody (¶ 6 above), including the freeze history of each subject address, to be filed before any settlement, consent judgment, or motion for approval is presented to the Court; and

(f) a schedule for the preliminary-injunction and bifurcation relief in Doc. 79, which Doc. 96 confirms the 2025 Parties do not seek to stay (Doc. 96 at 2; Doc. 94, Prayer ¶ 3), with the dismissal relief in Doc. 79 to follow decision of Doc. 91 as Supplemental Rule G(8)(c)(ii)(A) requires.

10. *Preservation and notice pending those steps.* The Court observed that the settling parties "are going to also have to figure out how to deal with the other prospective or current parties before the Court as it relates to their settlement," and that it must "make sure that I'm respecting everybody's rights who is before the Court as well" (Tr. 59:21-60:1); it asked what would happen in this proceeding to a claimant outside the settlement when a settlement is presented (Tr. 56:15-19). Claimants 1-118 have answered that question for their own claims: "a court-approved settlement cannot dispose of Claimants' filed claims without their consent" (Doc. 65 at 8, citing Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland, 478 U.S. 501, 529 (1986), and Texas v. New Mexico, 602 U.S. 943, 954 (2024)). Claimant asks for her filed claim no more than the settling claimants asked for theirs. The 2025 Parties told the Court they would update it "in any event no later than 60 days" from August 6, 2026 (Doc. 85 at 2), and the Government has described a post-approval transfer process that "typically takes 60 days" (Tr. 55:7-8); Claimant makes this request now so that it is in place before any approval filing. She respectfully requests that, pending decision of Docs. 79 and 91:

(a) Wallet 0x82e (Token Group G) be bifurcated from the settlement disposition and, pending decision of Claimant's claim, no portion of Token Group G be moved, distributed,

remitted, transferred, burned, reminted, or otherwise altered absent further order of the Court - which asks nothing beyond the Government's own account that the funds "would be forfeited, and then we would go through the remission process" (Tr. 54:7-10); and

(b) any proposed settlement, consent judgment, or order of forfeiture that would dispose of Token Group G, including any portion filed under seal, be served on Claimant when it is presented to the Court, and not be entered until Claimant has been heard on it, with any such order expressly preserving her filed claim to Token Group G unless and until that claim is adjudicated.

In the alternative to (a), Claimant renews her proposal (Doc. 89 section V) that the Court accept the Government's undertaking on the record to the same effect, with the preliminary-injunction relief in Doc. 79 held in abeyance while that undertaking stands.

11. *Status conference; public access.* If it would assist the Court to set the sequence in ¶ 9 by order, Claimant respectfully suggests a short status conference by video at the Court's convenience (Tr. 60:22-24; 61:9-11), and is available on any date, including the weeks of September 14 and 21, 2026. Consistent with the Minute Order of August 4, 2026, Claimant will request a public access line for any specific hearing set on these matters and asks that the request be considered for any hearing at which settlement approval or the disposition of the defendant property is addressed (Doc. 89 section XI ¶ 6).

12. Claimant's other positions stated in Doc. 89, including §§ VII through IX, are maintained and are not repeated here. Claimant will file the next report within thirty days as ordered.

Dated: September 4, 2026

Respectfully submitted,

/s/ Nivedita Kaul

Nivedita Kaul, Claimant, Pro Se

5001 Ramon Road, Building 3 #1005
Palm Springs, CA 92264
Tel: +1 724 413 8167
nivie@digitaldefendersgroup.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 4, 2026, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel and parties of record.

Dated: September 4, 2026

Respectfully submitted,

/s/ Nivedita Kaul
Nivedita Kaul, Claimant, Pro Se
5001 Ramon Road, Building 3 #1005
Palm Springs, CA 92264
Tel: +1 724 413 8167
nivie@digitaldefendersgroup.org