**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,
Plaintiff,
v.
APPROXIMATELY 225,364,961 USDT
Defendant, in rem.

Civil Action No. 25-cv-01907-AHA

**CLAIMANT'S NOTICE OF NON-OPPOSITION [DOCS. 79 AND 94] AND REQUEST TO TREAT MOTIONS AS CONCEDED PURSUANT TO LOCAL CIVIL RULE 7(b)**

Claimant Nivedita Kaul gives notice that the Government has not filed oppositions to two pending motions [Docs. 79 and 94] within the time prescribed by Local Civil Rule 7(b). Claimant requests that the Court treat those motions as conceded or, in the alternative, set them for immediate ruling without further briefing.

## I. THE GOVERNMENT HAS NOT OPPOSED DOC. 79

On July 23, 2026, Claimant filed her Emergency Motion for Preliminary Injunction; to Bifurcate Action and Advance Trial on the Merits as to Wallet 0x82e; and in the Alternative for Dismissal of the Forfeiture as to Wallet 0x82e [Doc. 79]. The motion was served on all parties of record through the CM/ECF system. Local Civil Rule 7(b) provides that "[w]ithin 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion." No additional time applies to service by electronic means. Fed. R. Civ. P. 6(d). 14 days from July 23, 2026 was August 6, 2026.

No order has directed a different time for opposition under Local Civil Rule 7(b), and no briefing schedule has been set (see Doc. 97 ¶ 5(a)).

No document styled as an opposition to Doc. 79 has been filed. On August 14, 2026, 1 week after the Court entered its stay and 8 days after the opposition deadline, the Government filed a Motion to Strike [Doc. 91], seeking to strike Claimant's Verified Claim [Doc. 53], Answer [Doc. 54], and Emergency Motion [Doc. 79]. Doc. 91 moves to strike Doc. 79 rather than oppose it (see Doc. 97 ¶ 5(a)), and it was filed after the August 6, 2026 deadline in any event. The Government has not sought an extension of that deadline under Section 6 of the Standing Order or Fed. R. Civ. P. 6(b)(1)(B).

The Court's August 7, 2026 Minute Order staying the case was entered the day after the Government's opposition deadline expired. The stay cannot retroactively excuse a deadline that had already passed. Moreover, the 2025 Parties stated in their Joint Status Report [Doc. 96, filed September 4, 2026] that they "are not seeking a stay of either of these motions, which would not be resolved by the pending agreement in principle" (Doc. 96 at 2), referring to Doc. 79 and Doc. 91. The Government joined that statement (Doc. 96 at 2). The Government filed Doc. 91 during the stay without seeking leave. The Government's filings and conduct are inconsistent with any position that the stay suspends motion practice concerning Claimant.

## II. THE GOVERNMENT HAS NOT OPPOSED DOC. 94

On August 28, 2026, Claimant filed her Motion to Defer Ruling on the Government's Motion to Strike [Doc. 91]; to Compel Service of Sealed Filings [Docs. 92 and 93]; to Strike or Disregard Specified Exhibits; for an Extension of Time; and for Protective Relief [Doc. 94]. The motion was served on all parties of record through the CM/ECF system. Under Local Civil Rule 7(b), 14 days from August 28, 2026, was September 11, 2026.

As of the date of this Notice, September 15, 2026, no opposition to any part of Doc. 94 appears on the docket. During the LCvR 7(m) conferral on August 28, 2026, AUSA Blaylock stated in writing that "[t]he government is opposed." A statement in conferral is not a filed opposition. Local Civil Rule 7(b) provides that "[i]f such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." The Government has not filed one and has not sought an extension.

Doc. 94 seeks: (1) deferral of ruling on Doc. 91 until the Government serves the sealed filings [Docs. 92, 93, and Exhibit 13]; (2) an extension of time for Claimant to oppose Doc. 91; (3) striking or disregarding specified exhibits; and (4) protective relief for victim-identifying information. The Government has not contested any of those requests on the docket. The Government has also not served Docs. 92, 93, or Exhibit 13 in the 18 days since Doc. 94 was filed, nor has it filed a motion to seal as required by the Court's Protective Order [Doc. 88], Local Civil Rule 5.1(h)(1), and the Standing Order [Doc. 4].

## III. THE GOVERNMENT HAS NOT COMPLIED WITH THE COURT'S STANDING ORDER AND LOCAL CIVIL RULE 5.1(h)(1)

**A. Service of the Sealed Filings.** Docs. 92 and 93 were filed under seal and are docketed as available only to authorized persons. Exhibit 13 is described in Doc. 91 as "attached under seal" (Doc. 91 at 17). None of these materials has been served on Claimant. Because the sealed filings do not reach Claimant through CM/ECF, electronic filing did not effect service of them. Fed. R. Civ. P. 5(b)(2)(E) (electronic service "is not effective if the filer or sender learns that it did not reach the person to be served"); LCvR 5.4(d)(2). The Government was informed on August 28, 2026 that the sealed filings had not reached Claimant (Doc. 97 ¶ 4). The Government's certificate of service for Doc. 91 records a courtesy email of Doc. 91 to Claimant; it records no

service of Docs. 92, 93, or Exhibit 13 by any means (Doc. 91 at 24). To the extent Section 2.C of the Standing Order applies, it provides that "[p]arties with counsel must serve documents upon pro se parties in paper form," and no paper service of the sealed filings has been made.

**B. Motions to Seal.** Section 5.D of the Standing Order requires that "[a]ny party that files a motion to seal must also submit a redacted version of the document it proposes to seal." Section 5.E provides that "[a] party may not file a document under seal by relying solely on designation under a protective order" and must include "analysis of the relevant Hubbard factors." The docket entry for Doc. 88 reminds the parties that Local Civil Rule 5.1(h)(1) "requires any party that wishes to file a document under seal to file an accompanying motion to seal." The Government has not filed a motion to seal for Docs. 92, 93, or Exhibit 13, has not submitted a redacted version, and has not provided a Hubbard analysis.

## IV. THE GOVERNMENT'S PATTERN OF MISSED DEADLINES

This is not an isolated lapse. At the July 23, 2026 motion hearing, the Court observed that "there have been a number of blown deadlines in this case, not exclusive to one party" (Tr. 7:9-11) and that "the government has missed a number of deadlines" (Tr. 7:13-14). The Court’s instruction was direct: "So just meet your deadlines and don’t make me come back to this." (Tr. 7:21-22). At the same hearing, the Court treated the Government’s unfiled reply in support of its motion to strike Claimants 1-118 as forfeited: "I don’t have a reply from the government, so I’m going to consider that to have been forfeited." (Tr. 29:19-21). Claimants 1-118 previously invoked Local Civil Rule 7(b) both when the Government filed its opposition 74 days late (Doc. 71 at 3, 5) and when it failed to oppose at all (Docs. 40, 42). The Government’s failure to timely oppose Claimant’s motions is part of a documented pattern.

## V. APPLICABLE RULES

Local Civil Rule 7(b) provides: "Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." The D.C. Circuit has affirmed enforcement of Local Civil Rule 7(b) without prior notice to the defaulting party: "[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule." Twelve John Does v. Dist. of Columbia, 117 F.3d 571, 577 (D.C. Cir. 1997); see also Fox v. Am. Airlines, Inc., 389 F.3d 1291, 1295 (D.C. Cir. 2004); see also Doc. 71 at 5.

## VI. THE PROCEDURAL ASYMMETRY

The Government has created a one-way ratchet. It filed a dispositive motion [Doc. 91] during a stay without seeking leave. It has not timely opposed Claimant’s emergency motion [Doc. 79], whose opposition deadline expired before the stay was entered. It has not timely opposed Claimant’s interim motion [Doc. 94]. It has not served the sealed materials on which its own motion relies. It has not filed a motion to seal as the Court’s Protective Order, Local Civil Rule 5.1(h)(1), and the Standing Order require. It has not sought an extension of any deadline. The Government’s own filings and conduct are inconsistent with any position that the stay suspends motion practice concerning Claimant (Doc. 91; Doc. 96 at 2).

If the stay suspends motion practice, Doc. 91 was filed without authorization and Claimant’s position that it should be held in abeyance (Doc. 94, Prayer ¶ 1; Doc. 97 ¶ 7) stands. If the stay does not suspend motion practice, then the Government’s failure to timely oppose Docs. 79 and 94 is a default under Local Civil Rule 7(b). Either way, the record does not support advancing a dispositive motion against a pro se claimant while the claimant’s pending motions stand unopposed.

## VII. CONCLUSION

The Government has not opposed Claimant's Emergency Motion [Doc. 79] and Interim Motion [Doc. 94] and has failed to comply with the Court's Standing Order and Local Civil Rule 5.1(h)(1) concerning sealed filings. Having been given ample opportunity and resources to timely defend its position, the Government has elected not to do so. The Court should find Docs. 79 and 94 conceded under Local Civil Rule 7(b), or in the alternative set them for immediate ruling without further briefing. Claimant maintains all positions and requests stated in Docs. 79, 94, and 97.

Dated: September 15, 2026

Respectfully submitted,

/s/ Nivedita Kaul

Nivedita Kaul, Claimant, Pro Se
5001 Ramon Road, Building 3 #1005
Palm Springs, CA 92264
Tel: +1 724 413 8167
nivie@digitaldefendersgroup.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 15, 2026, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel and parties of record.

Dated: September 15, 2026

Respectfully submitted,

/s/ Nivedita Kaul

Nivedita Kaul, Claimant, Pro Se
5001 Ramon Road, Building 3 #1005
Palm Springs, CA 92264
Tel: +1 724 413 8167
nivie@digitaldefendersgroup.org