**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Civil Action No. 25-cv-1907**

UNITED STATES OF AMERICA,

Plaintiff,

v.

APPROXIMATELY 225,364,961 USDT

Defendant *in rem*.

_______________________________________/

**VICTIM DR. LISA KANG'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF**
**MOTION FOR EXTENSION OF TIME TO FILE A VERIFIED CLAIM**

As supplemental authority supporting the Motion for Extension of Time to File a Verified Claim [ECF Nos. 74, 75] filed by Dr. Lisa Kang ("Dr. Kang"), which seeks a determination from this Court that "good cause" exists under Supplemental Rule G(5)(a)(ii) to extend the deadline for Dr. Kang to file her claim to the assets seized by the government and the subject of this forfeiture *in rem* action, Dr. Kang directs the Court to the September 30, 2026 Order entered by the U.S. District Court in *United States of America v. Approximately 127,271 Bitcoin (BTC) Previously Stored At The Virtual Currency Addresses Listed In Attachment A, And All Proceeds Traceable Thereto*, U.S. District Court - Eastern District of New York, Case No. 1:25-cv-5745. In that Order, the District Court granted several motions for extensions or to file claims out of time that had been filed by victims with claims to assets seized by the U.S. government that were the subject of the forfeiture *in rem* action before the Court. As the District Court there determined, both "excusable neglect" and "good cause" justify the late-filed claims.

The following is the text of the docket entry published by the Eastern District of New York:

> ORDER: The 52, 56, 66, 68, 73, 84, 85, 106, 111, 124, 127, 132, 159, 160, 169, 188, 211, 218, 223, 249, 305, 354, 357, 367, 370, and 490 motions for extensions or to file claims out of time are granted, because claimants have demonstrated both

"excusable neglect" and "good cause" to justify their late-filed claims. *See United States v. Real Prop. & Premises Located at 26421 Riverrock Way, Santa Clarita, California 91350-3995*, No. 15-CV-6762 (ARR), 2025 WL 1291658, at *4 (E.D.N.Y. May 5, 2025) (noting these two potential standards for motions to file untimely claims, and that "excusable neglect" is stricter).

The determination of whether a party's neglect is "excusable" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including (1) "the danger of prejudice," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The parties agree that the claimants acted in good faith (factor four), and granting claimants' motions will not prejudice the government (factor one) or delay these proceedings (factor two) because the government has not yet moved to strike the 29 or 30 claims filed by the Fritz and Baxter claimants, who are similarly situated to virtually all of the claimants whose motions the Court now grants. As to the third factor, claimants have reasonably explained that they filed their claims as soon as they became aware of their potential interests in this action. *See*, *e.g.*, Chairnoff Claimants' Mot. (Dkt. #56); O'Neill Claimants' Mot. (Dkt. #66); Pennington & Driscoll Claimants' Mot. (Dkt. #68). Those potential interests were not apparent on the face of the government's complaint; claimants were not notified of their potential interests by the government; and the length of time claimants took to identify their interests is not so great as to indicate lack of diligence. While the conclusion is closer with respect to the later-filed motions, the Court finds excusable neglect as to all claimants because the remaining Pioneer factors favor that conclusion. But it is unlikely to find that future claims filed by putative claimants will meet the "excusable neglect" or "good cause" standards, considering that nearly a year has now passed since the government filed this case.

As an exercise of its "inherent authority to manage [its] docket[] with a view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016), the Court determines that the government's arguments that claimants lack an interest in the contested property that entitles them to contest the forfeiture are better adjudicated through motions to strike these claims than through litigation on extension motions. *See* Gov't Opp'n 6-8 (Dkt. #126). The government's legal arguments present complex questions that the Court will already have to decide in this action with respect to similarly situated claimants who timely filed their claims. Given that the claimants seeking extensions have adequately justified the timing of their filings, efficiency will be served by analyzing the legal issues surrounding the similar claims all at once.

Claimants' 216, 236, 252, 261, 350, 399, 406, 414, 501 cross-claims are no longer held in abeyance. The government is directed to file a status report by 10/14/2026 disclosing its projected deadline to respond to the above claimants' claims.

Ordered by Judge Rachel P. Kovner on 9/30/2026. (AFK) (Entered: 09/30/2026)

That Order of the Eastern District of New York is directly relevant to Dr. Kang's Motion for Extension of Time to File a Verified Claim here.

Respectfully submitted,

**SILVER MILLER**
*/s/ David C. Silver* .
David C. Silver, Esq.
5411 North University Drive - Suite 203
Coral Springs, FL 33067
Phone: (954) 516-6000
Email: DSilver@SilverMillerLaw.com

- and -

**MDF LAW PLLC**
Marc Fitapelli, Esq.*
**pro hac vice* granted (05/26/2026)
28 Liberty Street, 30th
New York, NY 10005
Phone: (212) 203-9300
Email: Marc@mdf-law.com

*Counsel for Victim Dr. Lisa Kang*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this 1st day of October 2026 by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participant(s): **All Counsel and Parties of Record**.

*/s/ David C. Silver*
DAVID C. SILVER