**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>APPROXIMATELY 225,364,961 USDT<br>Defendant, *in rem*. | Civil Action No. 25-cv-01907-AHA |

**CLAIMANT NIVEDITA KAUL'S MOTION FOR LEAVE TO FILE AMENDED VERIFIED CLAIM AND MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

Motion ....1
LCvR 7(m) Statement ....2
Background ....2
Argument ....4
I. Rule 15(a)(2) and the Rule G(8)(c) Advisory Committee Note Favor Leave ....4
II. There Is No Undue Delay, Bad Faith or Dilatory Motive ....5
III. The Amendment Causes No Undue Prejudice ....6
IV. The Amendment Is Not Futile ....7
V. The Amendment Complies with LCvR 15.1 and Standing Order § 2. B ....11
VI. ECF 91 Should Be Denied as Moot Insofar as It Is Directed to ECF 53 and ECF 54 ....12
Relief Requested ....13
Exhibit Index ....14
Certificate of Service ....14

**MOTION**

Claimant Nivedita Kaul, appearing pro se, moves under Federal Rules of Civil Procedure 15(a)(2) and 15(d), Supplemental Rule G(1), Local Civil Rules 7(i) and 15.1, and the Minute Order of September 30, 2026, for leave to file the Amended Verified Claim attached as Exhibit 1. That order directs: "Claimant Kaul shall file her motion for leave to amend her claim by

October 14, 2026." Claimant asks the Court to grant leave; deem the amended claim filed as of the date of its order; confirm that her Answer (ECF 54) stands and set a date for any motion for leave to amend it; and deny the Government's motion to strike (ECF 91) as moot insofar as it is directed to her Verified Claim (ECF 53) and Answer (ECF 54). If leave is denied in any part, Claimant asks the Court to grant leave as to the remainder and to set a date for her opposition to ECF 91 before deciding it. Because the case is stayed, she also asks the Court to set the time for any opposition and reply to this motion. A proposed order is attached. LCvR 7(c). Seeking leave waives, withdraws or narrows no objection, defense, motion or request stated in ECF 53, 54, 79, 89, 94, 97, 98 or 102, and is not consent to the United States' asserted custody or disposition of the Defendant Property. Ex. 1 ¶ 18; ECF 102 ¶ 2 at 2.

## LCvR 7(m) STATEMENT

On October 14, 2026, Claimant e-mailed counsel of record for Plaintiff United States, Claimant Infiniweb Technology Inc., Claimants 1-118 and Claimants 119-266, identifying this motion and asking whether each party consents, opposes or takes no position. Plaintiff United States and Claimant Infiniweb Technology Inc. oppose the motion. Claimants 1-118 and Claimants 119-266 take no position.

## BACKGROUND

Record citations are to ECF entries; "ECF N at P" refers to ECF-stamped page numbers.

The Government filed this action on June 18, 2025, against approximately 225,364,961 USDT in seven token groups, including Token Group G at Wallet 0x82e ("Group G"). ECF 1 ¶¶ 15, 230. ECF 91 describes August 22, 2025, counted from internet publication that began June 23, 2025, as the deadline "for a claim responsive to publication notice." ECF 91 at 4. ECF 91 does not assert that direct notice was sent to Claimant.

On March 17, 2026, through counsel, Claimant filed her Verified Claim to Group G. Among other things, it asserted her ownership interest in the assets of Wallet 0x82e; relied on the Turkish investigation opened on her complaint (No. 2023/6371), the August 11, 2023 judicial seizure of Wallet 0x82e by Decision No. 2023/5986, Tether's confirmation that the wallet was "now frozen," and the victim-first rule of Turkish Penal Code ("TCK") Article 55(1); pleaded her registration in the Victim Notification System and the absence of notice of this action; and reserved "all rights to assert her interest in the full pool of proceeds." ECF 53 ¶¶ 5-10, 23-25, 27-28. Her April 7, 2026 Answer objected that "[p]rinciples of international comity and the prior-jurisdiction doctrine bar Plaintiff from exercising jurisdiction over assets already subject to Turkish judicial custody" (Affirmative Defense 2; see also Affirmative Defense 3), pleaded the absence of the direct notice Rule G(4)(b) requires (Affirmative Defense 4), and gave Rule 44.1 notice of issues under Code of Criminal Procedure ("CMK") Articles 128 and 131 and TCK Article 55. ECF 54 at 33-34.

At the July 23, 2026 hearing, the transcript of which is ECF 84 ("Tr."), the Court referred to "one claimant who I think has a filed claim here that's not been stricken." Tr. 54:4-5. On August 7, the Court stayed the case "pending further order of the court." Minute Order of Aug. 7, 2026.

On August 14, 2026, the Government moved to strike ECF 53, 54 and 79. It described the Turkish seizure order as "an inchoate order which never matured into a judgment or a perfected lien," treated Claimant as a general or unsecured creditor, argued untimeliness and lack of a specific interest under Rule G(5)(a)(i)(A)-(B), and invoked Rule 12(f) against ECF 79. ECF 91 at 19-23. Claimant gave notice of this motion on August 28, ECF 94 at 26-27, and asked the Court to set a date for it before any decision on ECF 91, ECF 97 ¶ 8 at 6. The Government, Claimant

Infiniweb Technology Inc. ("Infiniweb"), Claimants 1-118 and Claimants 119-266 (the "2025 Parties"), having reported that their settlement framework "would not address the motions filed by" Claimant, ECF 85 at 2, have since twice stated that they are "not seeking a stay" of the pending motions concerning Claimant, "which would not be resolved by the pending agreement in principle." ECF 96 at 2; ECF 101 at 2. On September 30, 2026, noting that ECF 94 "indicates that Claimant Kaul intends to amend her claim," the Court directed her to file this motion by October 14, 2026. Minute Order of Sept. 30, 2026.

## ARGUMENT

### I. Rule 15(a)(2) and the Rule G(8)(c) Advisory Committee Note Favor Leave

Rule G "does not address pleadings amendments. Civil Rule 15 applies, in light of the circumstances of a forfeiture action." Supp. R. G advisory committee's note to 2006 adoption (subdivision (1)); see Supp. R. G(1). Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." That "mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). Leave should be given absent a reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Id. "[I]t is an abuse of discretion to deny leave to amend unless there is sufficient reason." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam). Generally, "the non-movant bears the burden of persuasion that a motion to amend should be denied." Easter v. District of Columbia, 128 F. Supp. 3d 173, 177 (D.D.C. 2015).

The same principle governs a motion to strike a claim: "As with other pleadings, the court should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects under Rule 15." Supp. R. G advisory committee's note to 2006 adoption

(subdivision (8)(c)). ECF 91 moves under Rule G(8)(c)(i)(A), the provision that note addresses, as well as (B), and invokes the pleading requirements of Rule G(5)(a)(i)(A)-(B). ECF 91 at 20-21, 23. Claimant does not concede any defect in ECF 53; the amended claim restates and supplements it. Ex. 1, preamble. A court in this District has directed an amended claim rather than striking one. United States v. All Assets Held at Bank Julius Baer & Co., 228 F. Supp. 3d 118, 126-28 (D.D.C. 2017) (excusing a failure to answer that "has not at all prejudiced the United States" and directing an amended claim "to bring claimants' second claim into full compliance with Supplemental Rule G(5)(a)(i)(C)"); see also United States v. $125,938.62, 370 F.3d 1325, 1330 (11th Cir. 2004) (per curiam) (district court "abused its discretion in disallowing the Second Amended Verified Claim").

**II. There Is No Undue Delay, Bad Faith or Dilatory Motive**

This motion is filed within the time the Court set. Minute Order of Sept. 30, 2026. Claimant gave notice of it two weeks after ECF 91 was filed, ECF 94 at 26-27, and asked the Court to schedule it, ECF 97 ¶ 8 at 6. ECF 91 was the Government's first motion directed at ECF 53, which had been on file since March 17, 2026. Whether delay is undue "should generally take into account the actions of other parties and the possibility of any resulting prejudice." Atchinson v. District of Columbia, 73 F.3d 418, 426 (D.C. Cir. 1996). In Atchinson, by contrast, the movant "did not move to amend until nearly two years after filing his complaint — on the eve of trial, when discovery was complete." Id. at 427. Claimant moves less than seven months after filing ECF 53, with no scheduling order, discovery deadline or trial date set.

This is Claimant's first request to amend; no amendment has previously been allowed. See Foman, 371 U.S. at 182. ECF 53 was filed through counsel, whose motion to withdraw the Court granted on May 18, 2026. Minute Order of May 18, 2026. The foreign-law opinion that

answers ECF 91's characterization of the Turkish decision was signed on October 12, 2026, within the time the Court set. Ex. 3 at 33. The amendment's purpose is that the Court consider "the claim as it will stand" when it decides ECF 91. ECF 102 ¶ 3 at 3. That is not a dilatory motive.

**III. The Amendment Causes No Undue Prejudice**

Prejudice is assessed by weighing "the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted." Smith v. Café Asia, 598 F. Supp. 2d 45, 49 (D.D.C. 2009) (internal quotation marks omitted). Each factor favors leave.

The case has been stayed since August 7, 2026. No scheduling order, trial date or discovery deadline concerning Claimant has been entered, and forfeiture actions in rem are exempt from LCvR 16.3 and from Rules 16(b) and 26(f). LCvR 16.3(b)(2); Fed. R. Civ. P. 16(b)(1). The Government has had notice of the Turkish-law issues since March 17, 2026, ECF 53 ¶¶ 5-10, 27-28; Rule 44.1 notice since April 7, 2026, ECF 54 at 34; and notice of this amendment since August 28, 2026, ECF 94 at 26-27. It may raise any objection to the amended claim by motion "[a]t any time before trial." Supp. R. G(8)(c)(i). Nor are the other 2025 Parties unduly prejudiced: their agreement in principle remains "under consideration" and "subject to approval," ECF 101 at 1, and they have told the Court that it would not resolve the motions concerning Claimant, id. at 2. If leave were denied, ECF 91 would be decided without the Turkish record and foreign-law analysis that the amended claim pleads in response to grounds ECF 91 first raised on August 14, 2026, nearly five months after ECF 53 was filed.

**IV. The Amendment Is Not Futile**

An amendment is futile if "the proposed claim would not survive a motion to dismiss." James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996). For a forfeiture claim, "[i]f the claim shows facts that would support claim standing, those facts can be tested by a motion for summary judgment." Supp. R. G advisory committee's note to 2006 adoption (subdivision (8)(c)). "At the pleading stage, a claimant need only allege a colorable interest in the property." United States v. $17,900.00 in U.S. Currency, 859 F.3d 1085, 1090 (D.C. Cir. 2017) (Article III standing) (emphasis omitted).

Specific property. The amended claim pleads two independent interests in Group G, each pleaded in ECF 53 and each sufficient on its own: (a) ownership of the assets taken from Claimant by the charged fraud and their identified proceeds; and (b) the interest protected by the perfected judicial custody of Group G under Decision No. 2023/5986, issued on August 11, 2023 and executed through Tether, which confirmed that the wallet was "now frozen" in response to the prosecutor's October 11, 2023 execution request. ECF 53 pleaded that custody as a prior perfected judicial lien, and the amended claim pleads it in the alternative as such a lien. Ex. 1 ¶¶ 6, 14, 64-75; ECF 79-5 to 79-7. Both interests are reinforced by the successive Turkish judicial restraints in Investigation No. 2023/6371, beginning February 28, 2023, and by the victim-return priority of CMK Article 131(2) and TCK Article 55(1), which the Turkish prosecution has invoked for Group G by asking the trial court to order that the balance determined for the victims be paid to them from that wallet before any confiscation. Ex. 1 ¶¶ 14, 76-79. Each is pleaded as an interest within 18 U.S.C. § 983(d)(6)(A), which includes an "ownership interest" and a "lien," not the "general unsecured interest" excluded by § 983(d)(6)(B)(i). Ex. 1 ¶¶ 6, 75, 143. The Turkish payment order is pleaded for the amount of the loss and, in the alternative, as the

enforcement title that ECF 53 pleaded the custody secures; it is not the source of Claimant's ownership interest in Group G. Id. ¶¶ 15, 143. If any one ground is sufficient, the claim is sufficient. Fed. R. Civ. P. 8(d)(2).

Foreign law. ECF 91 calls the Turkish seizure order "inchoate" but cites no Turkish statute, decision or other source of Turkish law. ECF 91 at 19-20. In determining foreign law, the Court "may consider any relevant material or source." Fed. R. Civ. P. 44.1. The Grand Bazaar Network Analysis explains that "'Inchoate', 'matured' and 'perfected lien' belong to secured-credit and judgment-enforcement law, not to the categories in which Turkish law classifies a criminal-procedure seizure"; that the final judgment "ends the seizure by ordering return or confiscation; it does not create it, and return need not await it"; that Turkish criminal procedure "does not treat the injured victim as a creditor of the offender's estate at large"; and that the decision "is complete and operative," "can be released only by a decision of a competent Turkish authority . . . or on final disposition," and "is not inchoate in Turkish law." Ex. 3 at 23, 24, 30. The decision is "perfected judicial custody" in the sense the opinion defines: "a custody measure that has been issued by the competent judge and executed, on the prosecutor's request, through the holder of the asset." Id. at 23; see Ex. 1 ¶¶ 14, 67. The classification of that interest under § 983(d)(6) is for this Court, Ex. 3 at 26, and ECF 91 offers no foreign-law material on which to decide it against Claimant at the pleading stage.

Tracing. For its tracing point, ECF 91 relies on a June 6, 2023 Secret Service e-mail, ECF 91 at 12-13, 19; ECF 91-7, about an address that the amended claim pleads is not one of the seven subject addresses, Ex. 1 ¶ 28. The amended claim pleads the network relationships that the Verified Complaint itself alleges, id. ¶¶ 12-13, and that Decision No. 2023/5986 seized Group G among wallets "themselves in the nature of items of the offence," on a recital that persons acting

within the organization held "the virtual-currency assets subject to the offence — obtained from the incidents that are the subject of the victims' representatives' complaints — in wallets held with the company Tether." Id. ¶¶ 65-66; ECF 79-5 at 2.

Timeliness. The amended claim pleads that the Government knew Claimant's identity and her registration in its Victim Notification System, that Rule G(4)(b)(i) required direct notice to any person who "reasonably appears to be a potential claimant on the facts known to the government," and that none was sent. Ex. 1 ¶¶ 30-31. ECF 53 pleaded the same facts, ECF 53 ¶¶ 23-24, and ECF 91 does not address them. To the extent any claim deadline is held to have run, the amended claim pleads those facts, the absence of prejudice and Claimant's continuous pursuit of the property as good cause for the Court to set "a different time." Supp. R. G(5)(a)(ii); Ex. 1 ¶ 32; see United States v. $83,686.00, 498 F. Supp. 2d 21, 24-25 (D.D.C. 2007) (declining to treat a late verified statement as a bar); United States v. All Assets Held at Bank Julius Baer & Co., 664 F. Supp. 2d 97, 102 (D.D.C. 2009) (factors include "any requests by the claimant to amend the pleadings" and "whether prejudice to the United States will result"). These tracing and timeliness questions are disputed questions of fact and foreign law, not grounds to deny leave. See Smith, 598 F. Supp. 2d at 49 (whether "the disputed facts will or will not show" what is alleged "is not to be resolved at this stage"). This motion does not ask the Court to decide timeliness or to set a different time under Rule G(5)(a)(ii); the amended claim pleads the relevant facts, Ex. 1 ¶¶ 30-33, and Claimant will address them in response to any motion directed to the Amended Verified Claim.

Relation back. An amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); see Mayle v. Felix, 545 U.S. 644, 664 (2005) (claims

"tied to a common core of operative facts"). The amended claim concerns the same fraud, Turkish investigation, seizure, wallet and Defendant Property as ECF 53, which asserted Claimant's ownership interest and reserved "all rights to assert her interest in the full pool of proceeds." ECF 53 ¶¶ 5-10, 25, 27-28. As to Claimant's own interest in Group G, the amended claim takes ECF 53's filing date and raises no timeliness question of its own; the assigned interests are addressed below.

Assigned interests. Section 983(d)(6)(A) includes a "valid assignment of an ownership interest." Each assigned interest is the assignor's own pre-existing ownership interest in property taken from that assignor by the charged fraud, asserted as it stood in the assignor's hands at the time of the offense. Ex. 1 ¶ 144. Claimant asserts each assigned interest in her own name as its holder, not as representative of the assignors or of any organization. Id. ¶¶ 8, 88-92, 157. Schedule A summarizes the 159 assigned interests, and the complete assignment register, identifying each assigned interest, its assignor and its loss amount, will be submitted under seal. Id. ¶¶ 9, 88. Claimant does not concede that any claim deadline bars the assigned interests; the amended claim pleads the facts bearing on them. Id. ¶ 33.

Supplemental matter. To the extent the amendment sets out any transaction, occurrence or event that happened after March 17, 2026, including the July 23, 2026 hearing, ECF 91 and the Court's September 30, 2026 order, Claimant asks leave under Rule 15(d). Such leave should be "freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." Hall v. CIA, 437 F.3d 94, 101 (D.C. Cir. 2006) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1504, at 186-87 (2d ed. 1990)). Those conditions are met for the reasons in Parts II and III.

Reserved matters. Matters that the amended claim reserves for separate motions or other forums are not submitted for decision in this action. Ex. 1 ¶¶ 156, 158.

Severability. The assigned interests are severable from Claimant's direct interest. See Ex. 1, preamble. If the Court declines leave as to any of them, or as to any other part of the amendment, Claimant asks that leave be granted as to the remainder, including her direct interest in Group G, Ex. 1 ¶¶ 10-11, 14-15, 64-86, and that she be permitted to file a conforming Amended Verified Claim, with a redline against ECF 53, within 14 days.

**V. The Amendment Complies with LCvR 15.1 and Standing Order § 2.B**

Exhibit 1 is the proposed pleading, signed under penalty of perjury as Rule G(5)(a)(i)(C) requires. LCvR 7(i), 15.1. Its Exhibits A and B are Decisions Nos. 2023/2001 D.Is. and 2023/5985 D.Is., each with an English translation. Exhibit 2 is a redline comparing it to ECF 53, the operative claim. Standing Order § 2.B, ECF 4 at 2. Exhibit 3, the Grand Bazaar Network Analysis, identifies its Turkish sources by title and pinpoint and does not annex records protected under Turkish law; it quotes them only to the extent needed for the questions it addresses. Ex. 3 at 2, 30-31.

Schedule A to Exhibit 1 is a public summary of the assigned interests: the number of assignors, their aggregate reported loss and its distribution by loss band, and their countries of residence. Ex. 1 ¶¶ 9, 88. It withholds each assignor's identity, contact details and individual loss amount, for the reasons it states. Claimant will submit the complete assignment register, which identifies each assignor and each individual loss amount, under seal, with a motion under LCvR 5.1(h)(1) that addresses Standing Order §§ 5.D and 5.E, within 30 days after the Court grants leave, or at such other time as the Court directs. Ex. 1 ¶ 9; ECF 4 at 4. She will serve the register on counsel of record for Plaintiff, Infiniweb, Claimants 1-118 and Claimants 119-266, marked

"CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," subject to any limits on disclosure the Court orders. ECF 88 ¶¶ 4-5. Nothing is filed under seal with this motion. The expense and proprietary-work registers described in the amended claim are maintained for presentation in the appropriate proceeding and are not filed with it. Ex. 1 ¶ 145.

The Court's order is directed to the claim, and no amended answer is tendered with this motion. ECF 54 is not superseded: it remains Claimant's Answer to the Verified Complaint, and the objections and Rule 44.1 notice stated in it remain preserved. Ex. 1 ¶ 18; ECF 54 at 33-34. Claimant asks the Court to set a date for any motion for leave to amend the Answer, which will attach the proposed amended answer and a redline against ECF 54. LCvR 15.1; Standing Order § 2.B; see ECF 102 ¶ 1 at 2.

**VI. ECF 91 Should Be Denied as Moot Insofar as It Is Directed to ECF 53 and ECF 54**

Rule G(8)(c)(ii)(A) requires a motion to strike to be decided "before any motion by the claimant to dismiss the action." This motion is not a motion to dismiss. Cf. ECF 91 at 21-22. "When a petition is amended by leave of the court the cause proceeds on the amended petition." Washer v. Bullitt County, 110 U.S. 558, 562 (1884). Once leave is granted, "all pending motions pertaining to the prior operative complaint may be denied without prejudice as moot." Easter, 128 F. Supp. 3d at 179. ECF 91 should be so denied as to ECF 53. ECF 54 is not superseded, see Part V, but ECF 91 seeks to strike it on the same standing grounds it directs at ECF 53. ECF 91 at 19-21, 23. Those grounds are directed at a claim that will no longer be operative, so the request as to ECF 54 is moot as well. If the Court instead applies ECF 91 to the amended claim, see United States v. Funds From Prudential Sec., 300 F. Supp. 2d 99, 103 n.9 (D.D.C. 2004) (applying motion to strike to amended verified claim), or denies leave in any part, Claimant asks

that it set a date for her opposition to ECF 91 before deciding it, as ECF 94 requests. ECF 91's separate request as to ECF 79 remains subject to ECF 94 and ECF 99.

## RELIEF REQUESTED

Claimant respectfully requests that the Court:

1. Grant leave under Federal Rules of Civil Procedure 15(a)(2) and 15(d) to file the Amended Verified Claim (Exhibit 1);

2. Deem Exhibit 1 filed and served as the Amended Verified Claim on the date of the Court's order, LCvR 7(i), with its Schedule A filed on the public docket, and direct the Clerk to docket it; and permit Claimant to submit the complete assignment register under seal, with a motion under LCvR 5.1(h)(1), within 30 days after the Court's order or at such other time as the Court directs;

3. Confirm that ECF 54 remains Claimant's Answer to the Verified Complaint, and permit Claimant to file any motion for leave to amend it, attaching the proposed amended answer and a redline against ECF 54, within 21 days after the Amended Verified Claim is deemed filed;

4. Deny ECF 91 as moot insofar as it is directed to ECF 53 and ECF 54, without prejudice to any properly filed motion directed to the Amended Verified Claim;

5. If the Court declines leave as to any part of the amendment, grant leave as to the remainder and permit Claimant to file a conforming Amended Verified Claim, with a redline against ECF 53, within 14 days;

6. If the Court applies ECF 91 to the Amended Verified Claim or denies leave in any part, set a date for Claimant's opposition to ECF 91 before deciding it, as ECF 94 requests;

7. Direct that, notwithstanding the August 7, 2026 stay, any opposition to this motion be filed within 14 days after service and any reply within 7 days after service of the opposition, LCvR 7(b), (d); and

8. Grant such further relief as is just.

**EXHIBIT INDEX**

Exhibit 1. [Proposed] Amended Verified Claim of Nivedita Kaul, signed and verified under penalty of perjury, with Schedule A (public summary of the assigned interests) and its Exhibit A (Decision No. 2023/2001 D.Is. with English translation), and Exhibit B (Decision No. 2023/5985 D.Is. with English translation).

Exhibit 2. Redline comparing Exhibit 1 with the Verified Claim, ECF 53 (Standing Order § 2.B, ECF 4 at 2).

Exhibit 3. Av. Sami Yavuz (Istanbul Bar Association Reg. No. 80156), Review of Turkish Case-File Materials and Analysis of Their Legal Consequences (October 12, 2026) (Fed. R. Civ. P. 44.1).

Dated: October 14, 2026

Respectfully submitted,
/s/ Nivedita Kaul
Nivedita Kaul, Claimant, Pro Se
5001 Ramon Road, Building 3 #1005
Palm Springs, CA 92264
Tel: +1 724 413 8167
nivie@digitaldefendersgroup.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 14, 2026, I filed the foregoing motion, its exhibits and the proposed order through the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Nivedita Kaul
Nivedita Kaul, Claimant, Pro Se