**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>APPROXIMATELY 225,364.961 USDT,<br><br>Defendant *In Rem*. | Civ. No. 25-01907 (AHA) |

RESPONSE TO CLAIMANT'S MOTION FOR LEAVETO AMEND THEIR CLAIM

The United States opposes claimant's motion for leave to file amended claim. For the reasons already set forth in the motion to strike and here, the motion for leave to file should be denied.

PROCEDURAL HISTORY AND FACTS

On June 18, 2025, the United States filed a Verified Civil Forfeiture Complaint asserting civil forfeiture claims on the bases of violations of 18 U.S.C. §§ 1343 and 1956.

On August 8, 2025, the United States filed Notice of Publication evidencing publication of the Notice of Forfeiture on the federal government website www.forfeiture.gov from June 23, 2025, to July 22, 2025, 2025 for 30 consecutive days. See ECF Doc. 5-1. This notice created a statutory deadline for a claim responsive to publication notice by August 22, 2025.

On March 17, 2026, Kaul, with the assistance of counsel, filed a Verified Claim. *See* ECF Doc. 53.

On April 7, 2026, Kaul, with the assistance of counsel, filed an Answer. Kaul sought to

assert an affirmative defense as an innocent owner under 18 U.S.C. § 983(d). *See* ECF Doc. 54.

On May 11 and 15, 2026, counsel for Nivedita Kaul moved to withdraw as counsel for Nivedita Kaul. *See* ECF Docs. 58, 60. On May 18, 2026, in a Minute Order, this Honorable Court granted counsel's motion and terminated her as counsel for Nivedita Kaul.

Despite already appearing in the case through counsel, on July 23, 2026, Kaul filed *pro se* 152- pages fashioned as a Motion for Emergency Preliminary Injunction. *See* ECF Doc. 79.

On October 14, 2026, Kaul moved for leave to file an amended claim. *See* ECF Doc. 104.

On October 22, 2026 at 10:02 am Eastern Time, the Government received unsolicited information regarding Turkish proceedings including voluminous in Turkish. These documents appear to bear upon arguments central to Kaul's claim, representations, and motion for leave to file an amended claim. Shortly after receiving this information, counsel for the United States requested an extension from the parties. Only Kaul opposed.

On the same day, the United States moved for an extension of time to file an extension to Kaul's motion for leave to amend. At this time, the motion is still pending.

## I. POTENTIAL CLAIMANT FAILS TO SHOW GOOD CAUSE TO AMEND

This Court should deny Kaul's motion for leave to file an amended claim because Kaul did not act with the reasonable diligence, despite asserting that she has been keeping an eye on her property.[1] Kaul's insistence that she diligently tracked her interests is undermined by her lack of transparency and timely action, especially given she received actual notice of the investigation and proceeding. To the contrary, with the assistance of counsel, she filed a claim in March 2026, nine months after the United States initiated publication notice in June 2025. On March 17, 2026, following the August 22, 2025, deadline and after the United States had reached a resolution,

[1] The United States made a similar argument, still pending ruling, in ECF Doc. 79 at page 5.

Kaul then asserted her claim to the defendant property. Neither Kaul's original claim or proposed amendment explain this delay.

## II. THE AMENDMENT CAUSES MANIFEST PREJDUICE

Kaul seeks to detonate the entire process by removing the Defendant Property from this court's jurisdiction. The United States seized the property, and this court is exercising *in rem* jurisdiction of the property under its control, and there is certainty of a forfeiture resolution here. Kaul's proposal is anything but; she seeks to send the property to a country that never seized or obtained custody of the property. Such a proposal replaces the certainty the United States offers with indeterminate delay and prejudice to everyone involved. Furthermore, for the benefit of all victims, the United States has expended enormous resources to facilitate the petition process and compensation for hundreds of victims in Kaul's absence from these proceedings.

Further, Kaul's neglect is prejudicing all victims, potentially including herself, by forcing a judicial proceeding and upend an agreement where all other parties agree to seek remission and mitigation. This is an impediment to resolution, not in the best interest of justice. The proposed settlement does not harm Kaul or anyone else. Instead, it will allow Kaul and anyone Kaul may represent to file petitions for remission for recovery. However, Kaul's delayed initiation of this claim does threaten the resolution and others' timely vindication. Further, granting Kaul's motion will also prejudice over one hundred other victims who are still waiting to appear in the petition process—a process Kaul may join even if her motion to amend is denied. The United States and this court's handling of this forfeiture matter is in the best interest of justice, whereas Kaul's proposal is manifestly unjust to all involved.

## III. THERE IS UNDUE DELAY, DILATORY MOTIVE, AND BAD FAITH

Kaul's claim is unduly delayed because she filed her original Claim on March 17, 2026, blowing past the statutory deadline of August 22, 2025. While Kaul asserts that this motion was filed within the allotted time the Court provided, the Amendment still fails to acknowledge or explain that Kaul filed her initial Claim more than six months late. In her Motion, Kaul argues that Rule G "does not address pleadings amendments" and that under Supp. Rule 15(a)(2), "[t]he court should freely give leave where justice so requires." However, Supplemental Rule G(5)(a)(2) outlines how to timely file a claim. Even if Kaul was unable to comply with the prescribed rule, Kaul was still required to move for an extension and show good cause for this request. Kaul did neither.

Further, Kaul's consistent lack of transparency suggests she is acting in bad faith. In an email to Secret Service on January 18, 2023, Kaul approximated that her loss consisted of $2.5 million, including her mother's retirement account loss. In her original Claim, Kaul did not mention representation of any other interests. By Kaul's own admission, detailed in the Amendment's Victim Interests: Anonymized Summary filed on October 14, 2026, Kaul and the Digital Defenders Group began assisting each of the 159 assignors before she filed her original Claim.[2] ECF Doc 104 at 57. Therefore, Kaul did not truthfully identify her interest in the defendant property.

Kaul also appears to devise her own rules for transparently stating these interests. In the Amendment, Kaul states that the "Claimant does not concede that any claim deadline bars the assigned interests; the amended claim pleads the facts bearing on them." ECF Doc 104 at 10.

Further obfuscating what prompted Kaul's assumption of these other interests is her assertion

---

[2] ECF Doc. 104-1, pg. 57 of 73.

that her assistance to the assignors predated the Government's Complaint. Kaul wrote that the "Claimant's victim-recovery efforts through DDG predate the Government's June 2025 forfeiture action." ECF Doc 104 at 39. Kaul also asserts that "The assignments are a response to the state-created crisis produced by the Government's displacement of that recovery pathway." ECF Doc 104 at 40. Still, Kaul does not provide specific dates she was assigned the interests. Kaul appears to represent others' interests as a self-proclaimed "international lawyer" without an identified Turkish or American bar license.[3] Further, Kaul has incorrectly cited complete Turkish proceedings despite her reference to an inchoate order that never matured into a judgement or perfected lien to the defendant property.[4]

## IV. THE AMENDMENT IS FUTILE

Attempting to attack in rem jurisdiction, Kaul incorrectly claims that this Court cannot fashion a remedy because it does not have jurisdiction to begin with. However, Kaul is procedurally barred from so doing because, with counsel, she filed an answer instead of a motion to dismiss and expressly waived a challenge to in rem jurisdiction by failing to deny in rem jurisdiction in her Answer. *See* ECF Doc. 54, p. 2; *see also* 2006 Advisory Committee Notes to Supplemental Rule G(5) citing to United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141 (3d Cir. 2003).

---

[3] *See* Ex. 6, ECF Doc. 91 at page 11.

[4] The United States received information on October 22, 2026, to supplement this authority. The voluminous documents appear to show information regarding the proceedings in Turkey that include findings of a court-appointed expert panel, Claimant Kaul's asserted losses, and the ongoing nature of the proceeding. It appears there are inconsistencies between these documents and Kaul's characterization of the Turkish proceeding. Because these documents are foreign in language, are from official Turkish proceedings, and require translation, confirmation, coordination between the Department of Justice Office of International Affairs, and potentially a mutual legal assistance treaty, the United States could not include this information same day.

Not only does Kaul's Proposed Amended Claim fail to remedy her original claim's procedural issues, it underscores Kaul's deceitful representation of her interests. When the enactment of CAFRA eliminated the cost bond requirement, it then required absolute financial transparency. To minimize the risk of false claims, claimants are strictly required to promptly identify the specific property claimed and state their interest in such property under oath. *See United States v. $487,825.00 in U.S. Currency,* 484 F.2d 662, 665-66 (3d Cir. 2007); *and see* 18 U.S.C. § 983(a)(4)(A); Fed. R. Civ. P., Supp. R. G(5)(a)(i)(A)-(B). Here, Kaul failed on both accounts and produced a falsified claim.

Because Kaul does not have a perfected interest, she cannot have standing. As set forth in the United States' Motion to Strike, the law of this Circuit has long recognized that a general unsecured creditor lacks constitutional and statutory standing. *See United States v. BCCI Holdings (Luxembourg)*, 46 F.3d 1185, 1191 (D.C. Cir. 1995).[5]

While the government acknowledges the loss by Kaul or any victim is tragic, granting her leave would be an impediment to the administration of justice.

CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny the claimant's motion for leave to file an amended claim.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By: /s/ Rick Blaylock
Rick Blaylock
TX Bar No. 24103294
Assistant United States Attorney

[5] The United States made this argument in ECF Doc. 91 at 16-18.

United States Attorney's Office
District of Columbia
601 D Street, NW
Washington, DC 20530
(202) 252-6765
Rick.Blaylock.Jr@usdoj.gov

/s/ Jafer Aftab
Jafer Aftab
N.J. Bar No. 050341997
Assistant United States Attorney
United States Attorney's Office
District of Columbia
601 D Street, NW
Washington, DC 20530
(202) 252-6714
Jafer.Aftab@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2026, I electronically filed the foregoing Consent Motion, together with the proposed order, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Rick Blaylock, Jr.
Rick Blaylock, Jr.
TX Bar No. 24103294
Assistant United States Attorney
Asset Forfeiture Coordinator
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20001
(202) 252-6765
rick.blaylock.jr@usdoj.gov