**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 225,364,961 USDT<br>Defendant, *in rem*. | Civil Action No. 25-cv-01907-AHA |

**CLAIMANT NIVEDITA KAUL'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR EXTENSION OF TIME (ECF 106)**

**I. The Government filed the response for which it requested more time**

1. Claimant Nivedita Kaul opposes ECF 106 under Standing Order Section 6.D. The Government requested fourteen additional days, through November 5, 2026, to respond to her court-directed motion for leave to amend. ECF 106 at 1-2. It then filed its substantive opposition on October 22, the existing deadline. ECF 107. Although docketed as a "RESPONSE re [106]," ECF 107 is captioned as a response to her motion for leave to amend and asks that leave be denied. ECF 107 at 1, 6. The Court should deny the extension as unnecessary or moot. If the Government seeks a supplemental submission instead, it must identify that request and its scope; ECF 106 should not operate as an undefined authorization for a second opposition.

2. The pending motion seeks leave to plead the direct and assigned interests set out in ECF 104. The Government and Infiniweb have filed their objections in ECF 107 and ECF 108; Claimant will answer them in her amendment replies. The extension question is narrower: what additional time remains necessary after those responses, and why? A credibility insinuation based on undisclosed material does not answer that question.

3. Rule 6(b)(1)(A) requires good cause for an extension requested before the deadline. The Government's completed response removes the task for which it requested additional time. If it now seeks supplementation, it must identify the proposed submission and explain why the existing briefing cannot resolve the amendment motion. An unspecified possibility of further adverse material does not explain the need for the fourteen days requested.

**II. Claimant offered verification; the Government omitted her condition and did not respond**

4. The Government's October 22 email sought fourteen days to review an unsolicited communication from an individual "purporting to be defense counsel in the Turkish proceeding." Exhibit A. At 10:39 a.m. Pacific, Claimant offered conditional non-opposition if the Government forwarded the complete communication that day, including headers, attachments, subsequent communications, and identification of the sender's claimed client. She also asked what new issue affected leave to amend, rather than the merits of the amended claim, and why fourteen days were required. Id.

5. Claimant expressly advised: "I have contacted my Turkish counsel, who is in contact with the prosecutor. We need the complete materials to verify the sender's assertions against the Turkish record and address any statements concerning me or my claim." Id. Her Turkish counsel was available to assist. The Government did not reply to that offer or provide the requested materials; they remain unprovided as of this filing. Claimant offered a practical route to verification, not an obstacle to it.

6. ECF 106 states only that "Claimant Kaul is opposed," omitting her disclosure condition and her reasons. ECF 106 at 2, Section VI. Standing Order Section 6.B(vi) requires the movant to report the reasons given for refusing consent. Claimant's email expressly asked the Government to "accurately state this position and its reasons in your motion." Exhibit A. The omission obscures

the decisive conferral fact: Claimant was willing not to oppose if she received the materials that day, and had Turkish counsel ready to check them against the prosecution record. Exhibit A. Nor does ECF 106 propose deadlines, "reached in consultation with the opposing party," for "opposition and reply papers," as Section 6.B(v) requires; it proposes only its own new date and says the extension "does not appear to affect other deadlines." ECF 106 at 2, Sections IV-V.

**III. Selective framing converts unverified assertions into a credibility attack**

7. The conferral email describes a person "purporting to be defense counsel"; ECF 106 describes "an attorney in Turkey who appears to be opposing counsel" in Istanbul 19th High Criminal Court Case No. 2024/277 E. Exhibit A; ECF 106 at 1. That shift frames a purported representative of a criminal defendant as an ordinary opposing lawyer while leaving his identity, client, and authority undisclosed. Claimant is the victim-complainant and witness in that criminal prosecution. An interested defense-side account is not an authenticated statement from the prosecutor or issuing court. The Government's request to speak to that sender does not explain its failure to respond to Claimant's offer of prosecutor-linked verification.

8. ECF 106 says that there appear to be inconsistencies concerning expert-panel findings, Claimant's losses, and the continuing prosecution, yet asks for time "to determine the veracity of these documents." ECF 106 at 2. It identifies no particular passage in those documents and no particular statement by Claimant that contradict each other. The Government is questioning her credibility before completing the verification it says is necessary, and without giving her the materials needed to answer. Credibility is tested through evidence and disclosure, not through an extension application.

9. The adverse framing has already entered the merits briefing. ECF 107 at 5 n.4 repeats the asserted inconsistencies while acknowledging that translation, confirmation, and coordination

remain necessary. Nor is the requested period tied to the verification the Government itself describes. ECF 107 states that the documents “require translation, confirmation, coordination between the Department of Justice Office of International Affairs, and potentially a mutual legal assistance treaty.” ECF 107 at 5 n.4. That process cannot be completed by November 5, 2026. Verification through the competent Turkish authorities, disclosure, and a fair opportunity to answer respect both the criminal process and the victims whose property it protects. Infiniweb invokes the "additional deficiencies identified earlier today in the Government's Motion for Extension of Time (ECF No. 106)." ECF 108 at 6. The Court should not treat those characterizations as established facts supporting denial of leave. ECF 106 says an eighty-three-page English translation was received, while ECF 107 invokes a need for translation. ECF 106 at 1; ECF 107 at 5 n.4. Any request for further time must specify the review still required and the proposed submission, rather than leave Claimant answering accusations she cannot inspect.

**IV. Prosecution, perfected custody, and separate recovery measures must not be conflated**

10. The ongoing Turkish criminal prosecution was not first disclosed on October 22. Claimant's original verified claim, filed March 17, 2026, identified the Turkish criminal seizure decisions, Group G, Tether's confirmation to the Turkish prosecutor, and Claimant's sworn examination before that prosecutor. ECF 53, paragraphs 6-11. At the July 23 hearing, in the Government's presence, Claimant stated: "We're still prosecuting them. And the assets were kept in Tether's custody as evidence." ECF 84, Tr. 50:6-7. ECF 106 identifies no intervening verification effort with the Turkish prosecutor or issuing court. Its new event is an unsolicited communication, not discovery that the prosecution remains ongoing.

11. The Grand Bazaar Network Analysis (ECF 104-3; page citations are to its internal pagination) distinguishes the ongoing criminal prosecution from the perfected judicial custody imposed by

Decision No. 2023/5986 D.Is. It addresses that criminal seizure decision on its own terms and explains that it is complete and operative. Grand Bazaar Network Analysis, Sections 2 and 14, pp. 4, 30. ECF 107 nevertheless repeats the characterization of an "inchoate order that never matured into a judgement or perfected lien," while citing the new material in support. ECF 107 at 5 & n.4. The Government cannot use the prosecution's continuing status as a substitute for addressing the existing criminal seizure decision. ECF 106 identifies no decision lifting that restraint.

12. The same analysis sets out victim ownership and victim-first return, not a requirement to await conviction. CMK Article 131 authorizes return to the victim-owner without awaiting final criminal judgment; TCK Article 55(1) places return before State confiscation. Grand Bazaar Network Analysis, Sections 9, 10(7)-(9), and 13, pp. 21, 24-25, 28-29. For Group G, the prosecution expressly requests that the determined balance "BE PAID TO THE VICTIMS" first and only the residue be confiscated. Id., Section 10(9), p. 25 (quoting Indictment p. 389). The absence of a final criminal judgment does not answer that victim-first framework.

13. Nor are all amounts a single, interchangeable damages figure. The proposed amended claim distinguishes the USD 8.7 million loss, the enforcement title, accrued interest and other recovery heads, and the separate assigned interests. ECF 104-1, paragraphs 15, 88-92. It expressly reserves losses and damages without a stated cap and preserves claims for their proper forums. Id., paragraphs 15, 158. The Grand Bazaar Network Analysis likewise distinguishes the recorded criminal-file loss from the separate enforcement instrument and further computation. Section 13, p. 29; Section 14, p. 30. The Government should identify the amount, date, currency, scope, and legal measure of any claimed contradiction. A reserved or developing recovery calculation does not establish misrepresentation, negate perfected custody, or explain why leave to amend must be delayed.

14. The Court should deny ECF 106 as unnecessary or moot. Alternatively, any additional time should be limited to an expressly identified supplemental submission and conditioned on immediate production of the complete email and headers; the signed letter, Turkish source documents, English translation, and all attachments; subsequent communications; and the sender's identity and claimed client; and the identity of anyone else to whom the materials have been provided. The Government should identify each alleged contradiction and its relevance to leave to amend, and Claimant's replies in support of ECF 104, including her replies to ECF 107 and ECF 108, should be due fourteen days after full disclosure or any supplemental submission, whichever is later. No adverse ruling should rest on undisclosed materials. This opposition does not separately brief ECF 91 or replace the requested access relief in ECF 94 and ECF 98/99. ECF 107 and ECF 108 will be answered in the amendment replies.

Dated: October 23, 2026

Respectfully submitted,

/s/ Nivedita Kaul
Nivedita Kaul, Claimant, Pro Se
5001 Ramon Road, Building 3 #1005
Palm Springs, CA 92264
Tel: +1 724 413 8167
nivie@digitaldefendersgroup.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 23, 2026, I filed the foregoing opposition, Exhibit A, and the proposed orders through the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Nivedita Kaul
Nivedita Kaul, Claimant, Pro Se

# EXHIBIT A

October 22, 2026 conferral email

Nivedita Kaul to AUSA Rick Blaylock, 10:39 a.m. Pacific

Includes the Government's 7:38 a.m. Pacific extension request

Nivie Kaul <nivie@digitaldefendersgroup.org>

# Re: 25cv1907, US v 225 Million USDT: Request for Extension

1 message

**Nivie Kaul** <nivie@digitaldefendersgroup.org> Thu, Oct 22, 2026 at 10:39 AM
To: "Blaylock Jr, Rick (USADC)" <Rick.Blaylock.Jr@usdoj.gov>
Cc: "Aftab, Jafer (USADC)" <Jafer.Aftab@usdoj.gov>, dboyle@bsfllp.com, rafael@thecryptolawyers.com, mike@burshteynpolin.com, agustin@thecryptolawyers.com, pusaterim@gtlaw.com, dthornburgh@awkolaw.com, cklotz@awkolaw.com, mgoldenberg@nighgoldenberg.com, "Harris, Drew" <dcharris@steptoe.com>, "Levin, Steve" <slevin@steptoe.com>, "Adams, Andrew" <acadams@steptoe.com>, "In, Jessica (USADC) [Contractor]" <Jessica.In@usdoj.gov>, "Blendonohy, Alida (USADC)" <Alida.Blendonohy2@usdoj.gov>

Mr. Blaylock,

I am willing not to oppose the requested fourteen-day extension, provided you forward to me today the complete communication from the individual purporting to be defense counsel in the Turkish proceeding, including the full email headers, all attachments, and any subsequent communications, and identify the client he purports to represent. You may forward those materials directly to me.

The pending motion seeks leave to amend my claim. The Government has already taken a position on the Turkish orders in ECF 91. Please identify what new issue this communication raises that bears on whether leave to amend should be granted, rather than on the merits of the amended claim, and why it requires fourteen additional days to respond. Assertions by a Turkish defendant's representative do not alter the Turkish court's orders.

I have contacted my Turkish counsel, who is in contact with the prosecutor. We need the complete materials to verify the sender's assertions against the Turkish record and address any statements concerning me or my claim.

My non-opposition is conditioned on actual receipt of those materials today. Until then, my position remains opposed. Please accurately state this position and its reasons in your motion, as required by Standing Order § 6.B(vi).

Nivedita Kaul
Claimant, pro se

Founder | Digital Defenders Group (DDG), a U.S. 501(c)(3) Nonprofit, EIN 99-1820914
*LL.M. Human Rights Law* | *LL.M. Business Law, IP & Compliance*
Forensic Investigations | Investigative Intelligence | Tax Forensics & Relief | Litigation Support | Fraud Victim Advocacy
LinkedIn | DDG Site | DDG LinkedIn | DDG X

**Fund the Fight for Victims of Cyber Fraud. Donate to DDG.**

This communication is provided for informational and educational purposes only and does not constitute formal legal, financial, or tax advice or create a tax preparer relationship between DDG and the recipient. The tax examples and estimates provided are illustrative, and individual results will vary based on specific financial circumstances, IRS regulations, and the unique facts of each case. A formal engagement agreement is required before DDG's forensic support commences and before V2V Advisors begins any tax preparation or filing. DDG's case management and forensic analysis are provided in support of V2V's independent filing determination.

The information contained in this email is intended solely for informational purposes and does not constitute legal advice. No attorney-client relationship is formed by the sending, receipt, or review of this email. Recipients should consult with their own legal counsel for advice regarding any specific legal matter. The transmission of this email does not imply or create an attorney-client relationship between the sender and the recipient.

This email contains proprietary information, which is confidential and legally privileged. It is for the intended recipient only. Investigative findings, intelligence, and case-related information shared by DDG remain proprietary work product and may not be disclosed to third parties without prior written authorization from DDG. If you are not the intended recipient, you must not peruse, use, or disseminate this email or its attachments. If you have received this in error, please notify us immediately and delete this email.

On Thu, Oct 22, 2026 at 7:38 AM Blaylock Jr, Rick (USADC) <Rick.Blaylock.Jr@usdoj.gov> wrote:

> Good morning,
>
> We received information from an individual purporting to be defense counsel in the Turkish proceeding. We received this unprompted email at 10:02 ET this morning—about 30 minutes ago. Given that our deadline to file a response is today, and this information is relevant to Ms. Kaul's motion and responses by Infiniweb and the Government, we will move the court to extend the deadline by 14 days to review and consult with them. Can you please advise us on your position, please?
>
> Rick Blaylock
> Assistant United States Attorney
> Asset Forfeiture Coordinator
> United States Attorney's Office
> District of Columbia
>
> Desk: (202) 252-6765
>
> Cell: (202) 803-1627