**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 225,364,961 USDT<br>Defendant, *in rem*. | Civil Action No. 25-cv-01907-AHA |

**CLAIMANT NIVEDITA KAUL'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL RESPONSE TO INFINIWEB'S MOTION TO DISMISS, SUPPRESS, AND STRIKE (ECF 28), AND FOR LIMITED MODIFICATION OF THE STAY**

1. Claimant Nivedita Kaul moves for leave to file the proposed supplemental response to Infiniweb Technology Inc.'s motion to dismiss, suppress, and strike (ECF 28), submitted herewith, and for a limited modification of the August 7, 2026 stay to receive that response and the responses described below. "ECF" identifies docket entries; page citations identify ECF-stamped pages. The proposed response accompanies this motion. The accompanying signed Declaration of John (Jay) Cartwright under 28 U.S.C. § 1746 ("Cartwright Decl.") authenticates and attaches as Exhibit A the public (redacted) Report of Findings on Infiniweb Technology Inc., dated October 25, 2026 (the "Report"), cited by its printed page numbers. The declaration also authenticates and attaches as Exhibit B the September 25, 2026 company search of Infiniweb in the British Virgin Islands registry, which includes its register of members, redacted as the declaration describes, and as Exhibit C the entity profile and list of directors that the declarant obtained from that registry on March 16, 2026. The conferral communications are identified and quoted in paragraph 9 and are not attached. The proposed order accompanies this motion.

2. The proposed response supplies material, newly assembled evidence concerning the moving claimant, not a repetition of the Government's forfeiture briefing. The Report compares

Infiniweb's representations with BVI corporate records, Philippine regulatory and trademark records, and documented September-October 2026 platform testing. Authenticated by its author's declaration under penalty of perjury, it documents the corporate-record gap concerning Zeng, the recording of the brands' trademarks in another company's name, a completed anonymous agent-funded wagering mechanism, and the contradictions between those records and the business narrative Infiniweb invokes to establish its property interest. The records indicate that the platform Infiniweb names is set up for customers in mainland China and asks its agents not to download China's official anti-fraud app, and in 2021 a Chinese court convicted three people who had supplied bank accounts used to move funds for the Baobo Sports app and other online gambling platforms. Report at 8-9, 56-57. The registry records also show that Infiniweb was recorded as "In Penalty - Non filing of Beneficial Ownership" from January 2 to June 30, 2026, the period in which it sought protection of its ownership information (ECF 37) and served its special-interrogatory responses (ECF 47-1 para. 1), and that its register of members, filed on June 30, 2026, is the first in the registry's transaction history. Report at 8, 13, 30; Cartwright Decl., Exs. B-C. Those findings bear directly on the requested return of the assets.

3. Infiniweb's motion is not a facial challenge without consequences for competing interests. It asks that the other 92 percent of the defendant property be "immediately returned to Infiniweb's wallets." ECF 28-1 at 30. Group G contains 87,464,642.259005 USDT and is specifically claimed by Claimant (ECF 53; ECF 104-1). A request to deliver that property to a competing claimant directly implicates her asserted interest in the Defendant Property, and she seeks leave to oppose that disposition in her own right.

4. Infiniweb filed ECF 28 on November 7, 2025, when Claimant was not a claimant of record. She filed her verified claim on March 17, 2026 (ECF 53), after the oppositions to ECF 28 had

been filed (ECF 31; ECF 47) and while all deadlines were stayed for settlement negotiations among the parties then before the Court (Minute Orders of Feb. 21 and Mar. 16, 2026). She was not a participant in that briefing. Infiniweb's reply was filed on July 22, 2026, the day before the hearing (ECF 76). The core of the new evidence did not exist when that reply was filed: the September 25, 2026 BVI registry search, which produced Infiniweb's June 30, 2026 register of members and its articles, and the platform captures and tests of September 14 to October 21, 2026 (Report at 27-32, 35-56, 98-99; Cartwright Decl. paras. 7, 10-13 & Exs. B-C). The Report is dated October 25, 2026, and its author executed the accompanying declaration on October 26, 2026. Claimant also relies on the Turkish source records already filed, particularly the certified criminal seizure order and the Tether correspondence (ECF 79-5 to 79-7), and on the Grand Bazaar Network Analysis filed with her amended-claim motion (ECF 104-3). The Grand Bazaar Network Analysis supplies the filed Turkish-law explanation of executed custody, victim ownership, mandatory victim-return priority, preservation duties, and the continuing effect of the restraint through conversion or reissue. The accompanying Turkish judicial and Tether records supply the underlying acts.

5. Claimant has pressed Infiniweb's identity and operations since spring 2026, months before the Report's completion. Her docketed declaration records a May 11, 2026 whistleblower-complaint acknowledgment (ECF 79-2 para. 45 & Ex. G, ECF 79-9), a June 17, 2026 conflict notice (id. para. 46 & Ex. H, ECF 79-10), and a July 9, 2026 Public-Source Memorandum, transmitted by email and confirmed as received the same day (id. paras. 47-48 & Exs. I, J, ECF 79-11, 79-12), concerning Infiniweb and its verifier. The October Report supplies a substantially developed corporate and operational record. Seeking leave promptly upon completion of that work reflects the diligence that these circumstances require.

6. The pending-motion record makes the supplement useful. The United States itself argued that Infiniweb had only partially answered special interrogatories and that its meaningful relationship to the property required examination (ECF 47 at 7, 10-14; ECF 47-1 para. 1). Infiniweb's reply sought to have the Government's lack of substantive opposition treated as a concession, while acknowledging that no motion to compel or strike had been filed against it (ECF 76 at 4, 8). The Government also cross-moved to strike, dismiss without prejudice, or defer Infiniweb's motion (ECF 47; ECF 50), which the Court's orders describe as the Government's "cross-motion to dismiss potential Claimant Infiniweb's motion to dismiss." Minute Order of July 7, 2026. Since then, every party that briefed ECF 28 other than Infiniweb, namely the Government (ECF 47) and Claimants 1-118 (ECF 31), has reported "an agreement in principle" with Infiniweb, and the case is stayed pending "approval and execution of the settlement." Minute Order of Aug. 7, 2026. Claimant is the only claimant of record who is not a party to that agreement. See ECF 96 at 2 (Claimant "is not one of the 2025 Parties"). Absent leave, no party outside it will have been heard on Infiniweb's request for the property.

7. ECF 28 has already been briefed, and the August 7, 2026 stay remains operative. Claimant therefore seeks leave and an express, narrow modification of the stay to file the proposed response in her own claim. That request proceeds on its own footing, consistent with the September 30 direction to move for leave to amend and the October 15 briefing order concerning ECF 104.

8. The Court has discretion to permit additional briefing that assists decision and does not unfairly prejudice any party. Cf. Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. de C.V., 247 F. Supp. 3d 76, 93-94 (D.D.C. 2017) (asking whether the proposed filing "would be helpful to the resolution of the pending motion" and whether the movant "would be

unduly prejudiced were leave to be granted") (quoting Glass v. LaHood, 786 F. Supp. 2d 189, 231 (D.D.C. 2011)). Both favor leave. Infiniweb itself put matters outside the Complaint before the Court: its description of its business and of Baobo.com (ECF 28-1 at 11 & n.1) and eleven exhibits (ECF 28-3 to 28-13). If such matters are not excluded, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Claimant is a party, and the Report is pertinent material. To the extent leave requires enlarging the time to oppose, Fed. R. Civ. P. 6(b)(1)(B) permits it for excusable neglect, and each equitable factor favors Claimant: no prejudice to Infiniweb, which may respond; no delay to proceedings stayed since August 7, 2026; reasons outside her control, since she was not a claimant when ECF 28 was filed and the core evidence post-dates the reply; and good faith. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). The narrow modification of the stay rests on the same inherent power that supports the stay itself, which "must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). To accommodate Infiniweb's express conferral request and eliminate prejudice, Claimant proposes that Infiniweb and the United States may each respond within seven days after the order granting leave. Claimant requests no automatic further reply. Factual questions concerning standing, suppression, and entitlement to distribution call for the procedure applicable to each requested form of relief.

9. Claimant conferred under Local Civil Rule 7(m) on October 22-23, 2026 (Claimant’s conferral email of Oct. 22, 2026; Andrew C. Adams’s response of Oct. 22, 2026; Rick Blaylock, Jr.’s response of Oct. 23, 2026). Claimant circulated her intention to seek leave to respond to ECF 28 and asked whether the recipients consented, opposed, or took no position. Infiniweb responded: "Infiniweb objects. Should the court allow the filing over our objection, we would

ask that Infiniweb have a week for reply." On October 23, the United States responded: "I'm unsure if this was already filed, but the government opposes due to timeliness." The motion is therefore opposed by Infiniweb and the United States. The thread contains no substantive reason for Infiniweb's objection. The Government's only stated ground, timeliness, is answered in paragraphs 4, 5 and 8: the Government itself asked that ECF 28 be deferred (ECF 47; ECF 50), and the case has been stayed since the settling parties reported their agreement in principle.

10. The proposed order grants the specified briefing only. It does not decide ECF 28 or ECF 104, order discovery or an evidentiary hearing, or authorize any disposition of defendant property. Those issues remain for the appropriate merits or case-management determination.

WHEREFORE Claimant respectfully requests that the Court grant leave to file the attached supplemental response, together with the signed Cartwright Declaration and its Exhibits A-C, modify the August 7, 2026 stay solely to receive that response and the seven-day responses of Infiniweb and the United States, and grant the proposed order.

Dated: October 26, 2026

Respectfully submitted,
/s/ Nivedita Kaul
Nivedita Kaul, Claimant, Pro Se
5001 Ramon Road, Building 3 #1005
Palm Springs, CA 92264
Tel: +1 724 413 8167
nivie@digitaldefendersgroup.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 26, 2026, I filed the foregoing motion, the proposed supplemental response, the signed Cartwright Declaration with its Exhibits A-C, and the proposed order through the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Nivedita Kaul
Nivedita Kaul, Claimant, Pro Se